IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATHLEEN A. MARTIN,<br>   Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., et al.<br>   Defendants. | CIVIL ACTION No.: 05CV11716-MLW |

### MOTION OF THE PLAINTIFF, KATHLEEN A. MARTIN, TO REMAND THIS ACTION TO THE ESSEX COUNTY SUPERIOR COURT OF MASSACHUSETTS

Now comes the plaintiff, Kathleen A. Martin, M.D., (hereinafter, "Martin"), and hereby moves, pursuant to 28 USC § 1447(c), that this Court remand the present action to the Essex County Superior Court of Massachusetts, because the plaintiff and a co-defendant, Dr. Peter Millett, are both residents of Massachusetts. Consequently, there is incomplete diversity and this Court lacks subject matter jurisdiction pursuant to 28 USC § 1332.

As grounds for this Motion, the plaintiff respectfully submits that the defendant, Merck & Co., Inc., (hereinafter "Merck"), has not met, and cannot meet, its burden of establishing complete diversity of citizenship under 28 USC § 1332. Removal was, therefore, improper, under 28 USC § 144 1(b) and § 1446. The Notice of Removal, filed by Merck on or about August 17, 2005, contends that complete diversity of citizenship exists among and between the parties. However, that contention is based entirely upon Merck's inaccurate and unsupported assertion that the non-diverse defendant, Dr. Peter Millett, was fraudulently joined as a party to this action.

Merck's Notice of Removal incorrectly states the extent of the claims set forth in the Complaint against Dr. Peter Millett and it mischaracterizes the nature of those allegations and

claims, which demonstrate the legitimate basis for the plaintiff's claims against the non-diverse defendant, Dr. Peter Millett.

In view of the fact that the burden of proving fraudulent joinder "is a heavy one", the fact that all factual allegations in the plaintiff's Complaint must be accepted by this Court "in the light most favorable to the plaintiff" and the fact that "any contested issues of fact and any ambiguities of state law must be resolved" in favor of the plaintiff, *see*, Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003), the plaintiff submits that the defendant, Merck, cannot meet its burden of establishing fraudulent joinder. Consequently, she maintains that this Court lacks subject matter jurisdiction, due to incomplete diversity.

As further grounds for this Motion, the plaintiff submits the enclosed Memorandum of Reasons for Granting the Motion, pursuant to Local Rule 7.1 (b) (1).

WHEREFORE, the plaintiff, Kathleen A. Martin, respectfully requests that this Court allow the plaintiff's Motion to Remand, and enter an Order remanding this action to the Essex County Superior Court of Massachusetts.

Respectfully submitted,
Plaintiff,
By her attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110
Tel. (617) 428-0266
Fax (617) 428-0276

## CERTIFICATE UNDER LOCAL RULE 7.1, MOTION PRACTICE

I, Andrew J. Tine, hereby certify that a conversation took place on Friday, August 26, 2005 concerning the removal of this matter and plaintiff's grounds for joining defendant Dr. Millett. Further, I sent an email to Attorney Dillon on August 29th following up on that conversation to confirm that plaintiff would not assent to a motion to stay or removal.

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served the foregoing upon the below counsel of record via U.S. Mail, postage prepaid, this 29th day of August 2005.

James J. Dillon, Esq.
Foley Hoag
155 Seaport Blvd.
Boston, MA 02210

Maria Mazur, Esq.
Martin, Magnuson, MacCarthey & Kenney
101 Merrimac Street
Boston, MA 02114-4716