IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN A. MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> MERCK & CO., INC., et al. <br><br> Defendants. | CIVIL ACTION No. 05-11716-MLW |

## MEMORANDUM IN SUPPORT OF MOTION
## BY DEFENDANT MERCK & CO., INC.
## TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION
## BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.* (MDL-1657), the MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX® (the "VIOXX® cases"). *See* Transfer Order, attached hereto as Exhibit 1.

This case is one of many that have been filed recently in both federal and state courts around the country concerning VIOXX®. Merck will provide notice to the JPML, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action. Merck expects the Panel to issue a Conditional Transfer Order for this case shortly thereafter.

Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie the MDL statute, 28 U.S.C. § 1407. Absent a stay, this Court would have to waste time supervising pretrial proceedings and making rulings in a case over which it will likely soon lose

jurisdiction — and will probably never see again.  Moreover, without a stay, Merck would be significantly and unfairly prejudiced because it would have to duplicate discovery in jurisdictions around the country.

**BACKGROUND**

**A.    MDL-1657**

On February 16, 2005 the MDL Panel issued a transfer order establishing MDL Proceeding No. 1657, *In re VIOXX Prods. Liab. Litig.*  The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. *See* Transfer Order, Exhibit 1.  In the Transfer Order, the Panel expressly held that the VIOXX® product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 2.

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions."  *Id.* at 1 n.1.  The MDL Panel has been issuing conditional transfer orders transferring additional related cases to Judge Fallon.  The first conditional transfer order was issued on March 4 and listed 139 cases,

the second conditional transfer order was issued on March 10 and listed 74 cases, and subsequent

transfer orders have been issued more or less weekly thereafter.

Merck intends to provide written notice to the MDL Panel of this "tag-along" action in a

letter to the MDL Panel.  Merck expects a conditional transfer order to be issued by the MDL

Panel in this action no later than two weeks thereafter.  Assuming the Plaintiff does not object

within the 15-day period contained within the MDL rules, the transfer order will be filed in

Judge Fallon's court upon expiration of the Plaintiff's period to object, and the case will be

transferred for coordinated pretrial proceedings.[1]

### B.    The Instant Action

On or about April 19, 2005, the Plaintiff commenced this action against Merck by filing a

Complaint in the Essex County Superior Court.  The case was assigned the docket number 05-

0641.  On July 18, 2005, Merck was served with a copy of the Plaintiff's Complaint, and on

August 5, 2005, Merck answered the Complaint.  On August 18, 2005, the Defendant removed

the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  There is no

dispute that this case involves the same factual inquiries that the Panel notes were present in the

VIOXX® cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern

District of Louisiana.  Specifically, it is clear from the face of the Complaint that this case, like

the other VIOXX® cases, focuses on the increased health risks allegedly caused by the ingestion

of VIOXX®, an anti-inflammatory drug, and whether Merck knew of these increased risks and

failed to disclose them to the medical community and consumers.   For example, the Plaintiff

alleges that "Merck concealed the serious cardiovascular risks associated with VIOXX® because

---

[1]     There is a separate procedure by which the Plaintiff may file an objection (and supporting materials) with
the MDL Panel, should it choose to oppose the transfer.  The Panel will then set down the objection for
consideration at its next hearing session.  Given the overlapping factual issues this case appears to have with those
already in the MDL proceedings, however, any opposition the Plaintiff might raise would almost certainly be futile.

a successful launch of VIOXX® was viewed as critical for Merck and safety concerns over

hypertension, edema, and/or cardiovascular events would have drastically impacted positioning

in the market…."  Complaint ¶ 20.

## ARGUMENT

## I.    THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL.

Guided by the "policies of justice and efficiency," this Court should exercise its

discretion to stay all further proceedings here pending the Panel's action. *Boudreaux v.

Metropolitan Life Ins. Co.,* No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

The power to stay is well established and particularly apt here.  It is "incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S 248, 254

(1936).  Where the Panel has already decided that coordination is appropriate and has designated

a venue for the coordinated proceedings, a stay is appropriate pending conditional transfer to

those proceedings.  *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D.

N.M. 2004); *Mathern v. Wyeth*, No. 04-CV-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25,

2004); *Knearem v. Bayer Corp.*, No. 02-CV-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May

7, 2002); *Jackson v. Johnson & Johnson, Inc.*, No. 01-CV-2113-DA, 2001 WL 34048067, at *6

(W.D. Tenn. Apr. 3, 2001).

Guiding a court's exercise of its prerogative to stay a case, pending the Panel's decision

on transfer of an individual action, are (1) considerations of judicial economy and (2) avoidance

of conflicting rulings.  *Mathern*, 2004 WL 1922028, at *1.  As Merck argues below, both of

these factors favor granting a stay of this action.  The overwhelming majority of courts to have

considered the issue have agreed: literally hundreds of VIOXX® cases have been stayed by

courts around the country, including the District of Massachusetts, pending MDL coordination. *See Lach v. Merck & Co., Inc.*, No. 05-CV-10583-PBS (D. Mass. Apr. 25, 2005).

These decisions in other VIOXX® cases make clear the necessity of a stay here. For example, in *Denny*, the Southern District of Texas court stayed all proceedings over the plaintiffs' objection, holding that "[t]he power to stay all proceedings is well established and particularly apt here." Judge Kent observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims." *Denny v. Merck & Co., Inc.*, No. G-04-526 (S.D. Tex. Dec. 6, 2004), *see* Fowler Decl. ¶ 2, Exhibit A, at 2. *See also Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La. Jan. 5, 2005) (minute entry), *see* Fowler Decl. ¶ 3, Exhibit B (staying an action because of "the great likelihood that an MDL will be established and this and other related cases transferred."). These concerns are just as pertinent in this action.

**A.     Judicial Economy Mandates a Stay.**

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continue to go forward on a parallel track with MDL-1657. Moreover, if this Court were not to issue a stay, it would be making rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n*, 2002 WL 31114069, at *2. *See also Fontanilles v. Merck & Co., Inc.*, No. 04-CV-22799-HUCK (S.D. Fla. Dec. 14, 2004), *see* Fowler Decl. ¶ 4, Exhibit C, at 2 ("Judicial consistency, economy and uniformity among

similar VIOXX cases would be served by deferring resolution of the remand issue at this time");
*Falick v. Merck & Co., Inc.*, No. 04-CV-3006 (E.D. La. Jan. 3, 2005), *see* Fowler Decl. ¶ 5,
Exhibit D, at 2 ("Considering the multitude of cases currently stayed due to the pending MDL
coordination, the Court finds that staying the proceedings will serve the interests of judicial
economy.").  The Court should not expend its limited resources "familiarizing itself with the
intricacies of a case that would be heard [for pre-trial purposes] by another judge."  *See Rivers v.
Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Indeed, Judge Fallon has already
issued orders anticipating the transfer of cases like this that will immediately apply upon transfer
of the case to his court.  *See, e.g., In re VIOXX® Prods. Liab. Litig.*, Pretrial Order #1, attached
hereto as Exhibit 2, at 1-2 ("This order . . . will also apply to any 'tag-along actions' later filed
in, removed to, or transferred to, this Court.").

     The Court should also not hold additional status conferences or issue additional discovery
orders, because "any efforts on behalf of this Court concerning case management will most
likely have to be replicated by the judge that is assigned to handle the consolidated litigation."
*Rivers*, 980 F. Supp. at 1360-61.  Moreover, MDL courts regularly decide *Daubert* and
dispositive motions before they return a case to the original transferor court.  *See, e.g., In re
Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding the plaintiffs'
causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.*, 261 F.
Supp. 2d 603 (E.D. La. 2003) (granting the defendant pharmaceutical manufacturer's motion for
summary judgment).  In fact, it is unlikely that this Court will ever see this case again after its
transfer to MDL-1657.  A 2004 report from the Administrative Office of the United States
Courts reveals that fewer than 10% of the cases that have been resolved through MDL treatment

since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

In addition to the waste of judicial resources that would follow from proceeding with this action prior to the inevitable MDL transfer of this case, the necessarily duplicative discovery and motion practice would substantially prejudice Merck. *See American Seafood,* 1992 WL 102762, at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Plaintiffs across the country will surely notice the same set of Merck employees and former employees for deposition. Without a stay, Merck could well be required to produce these witnesses multiple times in different jurisdictions.

A stay will not unduly prejudice the Plaintiff in this action. First, the stay would work only a brief postponement in the initiation of discovery, an inconvenience to Ms. Martin that is relatively minimal when compared to the prejudice to Merck. *See Arthur-Magna*, 1991 WL 13725, at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay). Indeed, all of the parties — including the Plaintiff here — will benefit from the efficiencies of coordinated pretrial case management. Second, this action is not on the eve of trial. The Plaintiff served Merck in April, and discovery has not yet begun. A short delay in the proceedings at this point in this case, when the Plaintiff has expended limited resources to date, is minimally prejudicial to the Plaintiff, if at all. The Court should therefore stay all proceedings in this civil action, pending a determination on the transfer of this case to the MDL.

**B.     Without a Stay, There Is a Risk of Conflicting Rulings Between This Court and the MDL Court.**

To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this civil action and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL panel to coordinate these cases.  *See Mathern,* 2004 WL 1922028, at * 1 ("[A] stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings."); *Knearem*, 2002 WL 1173551, at * 1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings."); *Shannon v. Merck & Co., Inc.*, No. 03-CV-105-D-B (N.D. Miss. Nov. 29, 2004), *see* Fowler Decl., ¶ 6, Exhibit E ("Here the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred VIOXX cases, the policies of efficiency and consistency of pretrial rulings will be furthered by the this Court staying these proceedings.").  Accordingly, the Court should stay these proceedings to ensure the efficient and consistent resolution of pertinent legal issues before the MDL judge.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

MERCK & CO., INC.
By its attorneys:

/s/ Lucy Fowler
James J. Dillon (BBO# 124660)
Lucy Fowler (BBO# 647929)
Kalun Lee (BBO# 657489)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated:  August 30, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served on August 30, 2005 electronically upon:

Andrew J. Tine, Esq.
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110

and by U.S. mail upon:

John M. Dellea, Esq.
Ficksman & Conley, LLP
98 N. Washington Street
Boston, MA  02114

Maria L. Mazur, Esq.
Martin Magnuson McCarthy & Kenney
101 Merrimac Street, 7th Floor
Boston, MA  02114

/s/ Lucy Fowler

# EXHIBIT 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

## RELEASED FOR PUBLICATION

## DOCKET NO. 1657

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

* Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings, because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation


### Middle District of Alabama

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844


### Northern District of Alabama

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079


### Southern District of Alabama

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125


### Eastern District of Arkansas

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57


### Western District of Arkansas

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107


### Central District of California

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275


### Northern District of California

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521


### Middle District of Florida

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539

- A2 -

**MDL-1657 Schedule A (Continued)**

<u>Northern District of Florida</u>

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388

<u>Southern District of Florida</u>

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983

<u>Northern District of Georgia</u>

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231

<u>Northern District of Illinois</u>

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218

<u>Southern District of Illinois</u>

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836

<u>Southern District of Indiana</u>

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651

<u>District of Kansas</u>

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355

- A3 -

**MDL-1657 Schedule A (Continued)**

<u>Eastern District of Kentucky</u>

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452

<u>Eastern District of Louisiana</u>

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

<u>Middle District of Louisiana</u>

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804

<u>Western District of Louisiana</u>

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174

- A4 -

**MDL-1657 Schedule A (Continued)**

### District of Maryland

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604

### District of Massachusetts

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166

### District of Minnesota

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166
*Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754

### Northern District of Mississippi

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105

### Southern District of Mississippi

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866

### Eastern District of Missouri

*Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447

### Western District of Missouri

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952
*Russell Young, etc. v. Merck & Co.*, C.A. No. 6:04-5117

- A5 -

**MDL-1657 Schedule A (Continued)**

<u>District of New Jersey</u>

*Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178
*Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341

<u>Eastern District of New York</u>

*Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441
*William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949
*Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439
*Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606
*Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686
*Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485
*William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486

<u>Southern District of New York</u>

*Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082
*Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085
*Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297
*Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959
*Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248
*Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169

<u>Northern District of Ohio</u>

*Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209
*Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217
*Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 9
*Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245
*Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623

<u>Western District of Oklahoma</u>

*Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235

<u>Eastern District of Pennsylvania</u>

*Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713
*Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882
*Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900
*Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077
*Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130

- A6 -

**MDL-1657 Schedule A (Continued)**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263

### District of South Carolina

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083

### Eastern District of Texas

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509

### Northern District of Texas

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327

- A7 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of Texas</u> (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373

<u>Western District of Texas</u>

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731

<u>District of Utah</u>

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794

<u>District of Vermont</u>

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261

<u>Western District of Virginia</u>

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20

# EXHIBIT 2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 18 AM 10: 35

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|                              |   |                      |
|------------------------------|---|----------------------|
|                              | : | MDL NO  1657         |
| IN RE: VIOXX                 | : |                      |
| PRODUCTS LIABILITY LITIGATION| : | SECTION:  L          |
|                              | : |                      |
|                              | : | JUDGE FALLON         |
|                              | : | MAG  JUDGE KNOWLES   |
|                              | : |                      |

## THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER #1
### Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

1    APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A   This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and  will also apply to any "tag-along actions" later filed in, removed to, or

DATE OF ENTRY

FEB 1 8 2005

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

transferred to this Court

2      CONSOLIDATION---The civil actions listed on Schedule A  are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions  should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3      DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a m  in Judge Eldon E  Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana  Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation  The items listed in MCL 4th Sections 22 6,  22 61, 22 62, and 22 63 shall, to the extent applicable, constitute a tentative agenda for the conference.  Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions  If the parties have any suggestions as to any case management orders or additional agenda items,  these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4      POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by March 11, 2005 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings  The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known  The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants

5      APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation  Parties not represented by counsel may appear in person or through an authorized and responsible agent  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference  A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service

6      SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B  Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list  The parties shall present to the Court at the initial conference a list of attorneys and their office addresses and E-mail addresses

7.    EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8.    MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX Products Liability Litigation" and the identification "MDL No. 1657." When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to." The following is a sample of the pleading style:

In Re: VIOXX                                      MDL No. 1657
        Products Liability Litigation
                                                  SECTION: L

This Document Relates to:                         Judge Fallon
                                                  Mag. Judge Knowles

9.    FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

-4-

10      DOCKETING---When an action that properly belongs as a part of In Re: VIOXX Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

a       File a copy of this Order in the separate file for such action;

b       Make an appropriate entry on the master docket sheet;

c       Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

d       Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order

11      APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court  Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83 2 6E  and 83 2 7 are waived  Association of local counsel is not required

12      REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand

13      PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties  who possess

-5-

materials reasonably anticipated to be subject to discovery in this action  "Documents, data, and

tangible things" is to be interpreted broadly to include writings, records, files, correspondence,

reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail,

telephone message records or logs, computer and network activity logs, hard drives, backup data,

removable computer storage media such as tapes, discs and cards, printouts, document image

files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices,

bills, vouchers, checks statements, worksheets, summaries, compilations, computations,

charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process

photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings

and notes, studies or drafts of studies or other similar such material  Information that serves to

identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,

is also included in this definition   Until the parties reach an agreement on a preservation plan or

the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data

and tangible things containing information potentially relevant to the subject matter of this

litigation  Counsel is under an obligation to the Court to exercise all reasonable efforts to

identify and notify parties and nonparties, including employees of corporate or institutional

parties.

     14   ' FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the

Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the

Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the

extent needed in connection with a motion

15.    LIAISON COUNSEL---Prior to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5 2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement  Appointment of liaison counsel shall be subject to the approval of the Court  At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter

16.  PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee  Applications/nominations for the

-7-

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's

Clerk's Office on or before Monday, March 28, 2005   A copy must also be served upon counsel

named in the attached list on the day of filing. The main criteria for membership in the PSC will

be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work

cooperatively with others; and (c) professional experience in this type of litigation

Applications/nominations should succinctly address each of the above criteria as well as any

other relevant matters   No submissions longer than three (3) pages will be considered   The

Court will only consider attorneys who have filed a civil action in this litigation

    Objections may be made to the appointment of a proposed applicant/nominee

Nevertheless, the Court will entertain only written objections to any application/nomination.

These must be filed with the Clerk in an original and one copy on or before April 4, 2005   The

objections, if there be any, must be short, yet thorough, and must be supported by necessary

documentation. As with the application/nomination, any objection must be served on all counsel

appearing on the attached list on the day of filing

    The PSC will have the following responsibilities:

Discovery

    (1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of

            plaintiffs in all actions which are consolidated with the instant multi

            district litigation

    (2)    Develop and propose to the Court schedules for the commencement,

            execution, and completion  of all discovery on behalf of all plaintiffs

    (3)    Cause to be issued in the name of all plaintiffs the necessary discovery

requests, motions, and subpoenas pertaining to any witnesses and

documents needed to properly prepare for the pretrial of relevant issues

found in the pleadings of this litigation  Similar requests, notices, and

subpoenas may be caused to be issued by the PSC upon written request

by an individual attorney in order to assist him/her in the preparation of the

pretrial stages of his/her client's particular claims

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf

and for the benefit of all plaintiffs  No attorney for a plaintiff may be

excluded from attending the examination of witnesses and other

proceedings  Such attorney may suggest questions to be posed  to

deponents through the designated PSC members provided

that such questions are not repetitious

Hearings and Meetings

(1)    Call meetings of counsel for plaintiffs for any appropriate purpose,

including coordinating responses to questions of other parties or of the

Court  Initiate proposals, suggestions, schedules, or joint briefs, and any

other appropriate matter(s) pertaining to pretrial proceedings

(2)    Examine witnesses and introduce evidence at hearings on behalf of

plaintiffs

(3)    Act as spokesperson for all plaintiffs at pretrial proceedings and in

response to any inquiries by the Court, subject of course to the right of any

plaintiff's counsel to present non-repetitive individual or different

-9-

positions

Miscellaneous

(1) Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC

(2) Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party

(3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation

(4) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys

(5) Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who

-10-

will promptly distribute copies to the other plaintiffs' attorneys

(6)    Perform any task necessary and proper for the PSC to accomplish its
       responsibilities as defined by the Court's orders

(7)    Perform such other functions as may be expressly authorized by further
       orders of this Court.

(8)    Reimbursement for costs and/or fees for services will be set at a time and
       in a manner established by the Court after due notice to all counsel and
       after a hearing

17    COMMUNICATION WITH THE COURT---Unless otherwise ordered by this
Court, all substantive communications with the Court shall be in writing, with copies to opposing
counsel  Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel
and by and among defendant's counsel is essential for the orderly and expeditious resolution of
this litigation  The communication of information among and between plaintiffs' counsel and
among and between defendant's counsel shall not be deemed a waiver of the attorney-client
privilege or the protection afforded attorney's work product, and cooperative efforts contemplated
above shall in no way be used against any plaintiff by any defendant or against any defendant by
any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any
party or counsel to assert the attorney-client privilege or attorney work product doctrine

New Orleans, Louisiana, this _17_ day of _February_ 2005

                                    ELDON E FALLON
                                    UNITED STATES DISTRICT JUDGE

Attachments

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

                Plaintiff,

      v.

MERCK & CO., INC., et al.

                Defendants.

CIVIL ACTION No. 05-11716-MLW

**DECLARATION OF LUCY FOWLER**

I, Lucy Fowler, hereby depose and say:

1.      I am an attorney at the law firm Foley Hoag LLP and represent defendant Merck & Co., Inc. in this action. I am admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I have personal knowledge of the matters set forth in this Declaration and could and would competently testify to them if called as a witness.

2.      The document attached as Exhibit A is a true and accurate copy of an order issued on December 6, 2004 in *Denny v. Merck & Co., Inc.*, No. 3:04-CV-526 (S.D. Tex.).

3.      The document attached as Exhibit B is a true and accurate copy of a minute entry issued on January 5, 2005 in *Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La.).

4.      The document attached as Exhibit C is a true and accurate copy of an order issued on December 14, 2004 in *Fontanilles v. Merck & Co., Inc.*, No. 04-CV-22799-HUCK (S.D. Fla. Dec. 14, 2004).

5.      The document attached as Exhibit D is a true and accurate copy of an order issued on January 3, 2005 in *Falick v. Merck & Co., Inc.*, No. 04-CV-3006 (E.D. La.).

     6.     The document attached as Exhibit E is a true and accurate copy of an order issued on November 29, 2004 in *Shannon v. Merck & Co., Inc.*, No. 03-CV-105-D-B (N.D. Miss.).

     I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated:  August 30, 2005              /s/ Lucy Fowler
                                      Lucy Fowler

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 6 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JEFFREY L. DENNY, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § CIVIL ACTION NO. G-04-526 |
| | § |
| MERCH & CO., INC., et al., | § |
| | § |
| Defendants. | § |
| | § |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

This VIOXX claim has already generated a considerable amount of pretrial wrangling and procedural posturing. Plaintiffs Jeffrey and Molly Denny (collectively, "Plaintiffs") allege that Jeffrey Denny suffered personal injuries as a result of ingesting VIOXX. They filed suit in the 239th Judicial District Court in Brazoria County on May 29, 2003. Merck & Co., Inc. ("Merck") removed the case to this Court on September 11, 2003. This Court *sua sponte* transferred the case to the Tyler Division of the Eastern District of Texas on November 14, 2003. The Honorable Leonard Davis of the Eastern District of Texas remanded the case back to the Brazoria County state court. Merck removed the case back to this Court on August 31, 2004. Now before the Court is Merck's Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. For the following reasons, the Motion is GRANTED.

VIOXX is a painkiller often prescribed for arthritis patients. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market because of evidence indicating it created a higher risk

-1-

of heart attack and stroke. Since Merck announced the withdrawal, a veritable avalanche of VIOXX claims have been filed in federal district courts all over the country. Indeed, one cannot watch daytime television or read a newspaper without seeing lawyers advertising for VIOXX patients. Given the explosion in VIOXX litigation over the past couple of months, it is inevitable to this Court that the Judicial Panel on Multidistrict Litigation ("MDL") will eventually consolidate these claims.

Plaintiffs argue that a stay is inappropriate because 28 U.S.C. § 1407, the statute authorizing transfer to the MDL for consolidation, does not expressly grant federal district courts the power to stay proceedings prior to transfer. Plaintiffs may be correct, but that avails them nothing. The power to stay is well established and particularly apt here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). It would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims.

Accordingly, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby GRANTED. This case is administratively closed until the MDL issues its ruling.

IT IS SO ORDERED.

DONE this 3rd day of December 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

-2-

EXHIBIT B



MINUTE ENTRY
FALLON, J.
January 4, 2005

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEONCE DAVIS | * | CIVIL ACTION |
| VERSUS | * | NO. 04-2937 |
| MERCK & CO., INC. | * | SECTION "L"(2) |

Before the Court is the Motion of the Defendant to Stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation for transfer of this case, and numerous other cases with overlapping factual issues regarding the VIOXX® product liability cases, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation is scheduled to hear Merck's motion on January 27, 2005. Given the great likelihood that an MDL will be established and this and other related cases transferred, the Court hereby GRANTS the Motion of Defendant to Stay all proceedings in the matter.

Accordingly, IT IS ORDERED that this case be STAYED pending further action by the Judicial Panel on Multidistrict Litigation.



DATE OF ENTRY
JAN - 6 2005

Fee
Process
X  Dktd.
CtRmDep
Doc. No _10_

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 04-22799-CIV-HUCK



FILED by _____ D.C.

DEC 1 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

CLARA FONTANILLES, an individual, on
behalf of himself and all others similarly
situated,

                Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corp.,

                Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY

    THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand [DE#5], filed November 10, 2004 and upon Defendant's Motion to Stay All Proceedings [DE#3-1], filed November 8, 2004. Under different circumstances, the Court would resolve Plaintiffs' Motion to Remand first. However, the Court finds that several other cases in this district have been filed regarding claims similar to those alleged by the plaintiffs in the above-referenced case. *See Abraham v. Merck & Co., Inc.*, Case No. 04-22631-CIV-MARTINEZ/KLEIN; *Schneider v. Merck & Co., Inc.*, Case No. 04-22632-CIV-MORENO/GARBER; *Gerher v. Merck & Co., Inc.*, Case No. 04-61429-CIV-DIMITROULEAS/TORRES. In addition, numerous similar VIOXX cases have been stayed in other districts. In most, if not all, of these similar cases, the district court has granted Defendant's Motion to Stay All Proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court believes that these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner.

    In the present case, the Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly

situated VIOXX cases for transfer to the MDL Judge and to allow the MDL judge to resolve the issues presented by similar remand motions. This Court acknowledges that it has jurisdiction to resolve the Plaintiffs' motion to remand prior to a transfer to an MDL order becoming final. However, this Court also has discretion to decline to decide the motion to remand while awaiting the MDL Panel's decision on transfer. *Med. Soc'y of the State of New York v. Connecticut Gen. Corp.*, 187 F. Supp.2d 89, 91 (S.D.N.Y. 2001); *In re Asbestos Products Liab. Litig.*, 170 F. Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001); *Rudy v. Wyeth*, No. 03-80716 (S.D. Fla. December 11, 2003). Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issues at this time. In the event that the JPML determines that transfer of this case is not warranted, Plaintiffs may then file a notice with this Court stating that they renew their motion to remand. Therefore, Plaintiffs will not suffer prejudice by a stay pending the JPML decision. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [DE#3-1] is GRANTED. This cause remains stayed pending transfer to the MDL Court.

2. Plaintiffs' Motion to Remand [DE#5] is DENIED without prejudice to renew in the event that the cause is not transferred to the MDL Court. If transfer is denied, the Plaintiffs shall file their notice of renewal of the motion for remand within ten (10) days.

DONE in Chambers, Miami, Florida, December 14, 2004.

Paul C. Huck
United States District Judge

cc: Counsel of Record

2

# EXHIBIT D



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN -3 PM 3: 58

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
JANUARY 3, 2005

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

HOWARD MARK FALICK                    CIVIL ACTION

VERSUS                                NO: 04-3060

MERCK & CO., INC.                     SECTION: "J"(2)


Before the Court is Merck's **Motion to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation.** Rec. Doc. 6.  Plaintiff opposes the motion.  Having considered the motion, the memoranda of counsel, and applicable law, the Court finds that defendant's motion should be granted and this matter should be stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("the Panel").

When deciding whether to issue a stay pending a decision by the Panel, courts look at considerations of judicial economy and

DATE OF ENTRY
JAN - 4 2005

Fee
Process
X Dktd
CtRmDep
Doc. No

prejudice to the parties.[1]  This case was filed on November 9,
2004 and discovery has not begun.  The Court finds that plaintiff
will not be unduly prejudiced if this matter is stayed pending a
decision by the Panel.  Considering the multitude of cases
currently stayed due to the pending MDL coordination,[2] the Court
finds that staying the proceedings will serve the interests of
judicial economy.  Accordingly,

   **IT IS ORDERED** that Merck's **Motion to Stay All Proceedings
Pending Transfer Decision by the Judicial Panel on Multidistrict
Litigation** (Rec. Doc. 6) should be and hereby is **GRANTED**.

   *   *   *   *   *   *   *   *   *

---

   [1]Rivers v. The Walt Disney Co., 980 F. Supp. 1358, 1360
(C.D. Cal. 1997).

   [2]See Motion to Stay All Proceedings, Rec. Doc. 5, 5-7.

2

EXHIBIT E

**FILED**

NOV 2 9 2004

Allen B. Coyle, Clerk
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FRANCES SHANNON                                          PLAINTIFF

vs.                                                      No. 2:03CV105-D-B

MERCK & CO., INC.; et al.                                DEFENDANTS

<u>ORDER GRANTING MOTION TO STAY</u>

Presently before the court is the Defendant Merck's motion to stay these proceedings pending potential transfer to a Vioxx multidistrict proceeding. Upon due consideration, the court finds that the motion should be granted.

The decision whether to grant a stay under these circumstances is completely within the discretion of the court. <u>See, e.g.</u>, <u>Boudreaux v. Metropolitan Life Ins. Co.</u>, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165, 81 L. Ed. 153 (1936). Here, the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred Vioxx cases, the policies of efficiency and consistency of pretrial rulings will be furthered by this court staying these proceedings, pending a decision by the MDL panel to transfer this case.

THEREFORE, it is hereby ORDERED that the Defendant's motion to stay these proceedings pending a ruling on the transfer of this case to the MDL (docket entry 19) is GRANTED; these proceedings are hereby STAYED for ninety (90) days pending transfer to a multidistrict proceeding.

SO ORDERED, this the 24th day of November 2004.


                                        /s/ Glen H. Davidson
                                        Chief Judge