IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

Plaintiff,

v.

MERCK & CO., INC., et al.

Defendants.

CIVIL ACTION No. 05-11716-MLW

## MEMORANDUM OF DEFENDANT MERCK & CO., INC.
## IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, respectfully

submits this Memorandum in Opposition to Plaintiff's Motion to Remand.

### INTRODUCTION

The Plaintiff's case is one of numerous cases that have been filed against Merck since it

announced the voluntary withdrawal of VIOXX® from the market on September 30, 2004.  The

Judicial Panel on Multi-District Litigation (the "Panel") has already transferred hundreds of these

cases to an MDL proceeding in the Eastern District of Louisiana.  Merck notified the Panel of the

tag-along status of this action on August 23, 2005, and anticipates an order transferring the case

to the MDL in the near future. (A copy of the notice to the Panel is attached hereto as Exhibit A.)

Plaintiff commenced this action in the Massachusetts Superior Court of Essex County

against Merck and various healthcare defendants for injuries allegedly resulting from her use of

the prescription drug VIOXX®, which was manufactured by Merck.  Plaintiff sought to evade

federal jurisdiction by joining her completely diverse product liability claims against Merck with

vague, conclusory, and wholly unrelated claims against certain Massachusetts healthcare

providers -- Dr. Peter Millet and Brigham & Women's Health Hospital ("Brigham & Women's") (collectively, "Massachusetts Healthcare Defendants").[1]  On August 18, 2005, Merck removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, arguing that the citizenship of the Massachusetts Healthcare Defendants, the only non-diverse defendants, should be ignored for removal purposes because these defendants are fraudulently joined or misjoined.  On August 29, 2005, Plaintiff filed a Motion to Remand, relying on her joinder of a Massachusetts physician, Dr. Peter Millet.  Plaintiff does not dispute that the remaining Massachusetts defendant, Brigham & Women's, is fraudulently joined, nor can she because Plaintiff's Complaint does not include a claim against Brigham & Women's.  Plaintiff also does not dispute that the amount in controversy requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied for the reasons set forth in Merck's Notice of Removal, which is incorporated herein.  Finally, Plaintiff does not object to Merck's removal of this action on any procedural grounds and has therefore waived any objection to the procedural aspects of removal.  *See* 28 U.S.C. 1447(c); *see also Evans v. Ym Brands, Inc.,* 326 F. Supp. 2d 214, 223 (D.N.H. 2004); *Calloway v. Boro of Glasboro Dep't of Police,* 89 F. Supp. 2d 543, 549 n.13 (D.N.J. 2000).  The sole issue is whether the Court should disregard the citizenship of the only non-diverse defendant, Dr. Peter Millet and Brigham because they are fraudulently joined or misjoined in this action.

---

[1]  Plaintiff has also joined certain New Hampshire healthcare defendants – Dr. Roshini Pinto Powell, Dr. Charles Carr, and their employer the Dartmouth-Hitchcock Medical Center (collectively, "New Hampshire Healthcare Defendants").  Plaintiff, a citizen of Massachusetts, and the New Hampshire Healthcare Defendants, all citizens of New Hampshire, are of diverse citizenship.  Accordingly, joinder of these New Hampshire Healthcare Defendants does not divest this Court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Indeed, in her Motion to Remand, Plaintiff relies only on her joinder of Dr. Millet to argue that subject matter jurisdiction is lacking.  Accordingly, although the New Hampshire Healthcare Defendants are likely also improperly or fraudulently joined, neither Merck nor the Court need consider whether these New Hampshire Defendants are fraudulently joined because their joinder does not defeat removal jurisdiction.

As set out more fully below, the Court should defer ruling on this issue pending transfer of the case to the MDL proceedings before Judge Fallon in the Eastern District of Louisiana, where Judge Fallon will be considering virtually identical issues in a number of cases already transferred to the MDL. Alternatively, should the Court choose to consider the Motion to Remand at this time, Plaintiff's Motion to Remand should be denied because the Massachusetts Healthcare Defendants are either fraudulently joined or misjoined.

## ARGUMENT

### I.    THE COURT SHOULD DEFER CONSIDERATION OF PLAINTIFFS' MOTION PENDING TRANSFER TO THE MDL.

As a threshold matter, the Court should refrain from ruling on Plaintiff's motion to remand pending its transfer to *In re Vioxx Products Liab. Litig.*, No. 1657, the MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX® (the "VIOXX® cases"). *See* Transfer Order dated February 16, 2005 (attached hereto as Exhibit B). On August 23, 2005, Merck notified the Panel of this removed action as a potential "tag-along action" to the MDL proceeding, and Merck expects that this case will be included in a future conditional transfer order.[2] *See* Notice to Panel of Tag-Along Proceeding (Exhibit A).

As set forth in Merck's Motion To Stay (which Merck incorporates herein by reference), the most appropriate course of action in a case such as this is to stay all proceedings -- including consideration of remand motions -- pending MDL transfer. That is the approach that has been taken in more than 1,000 VIOXX® cases around the country, including more than 200 with pending remand motions. Of those cases in the VIOXX® MDL with pending motions to

---

[2]  Although Judge Fallon has had to move to temporary chambers in Houston in the aftermath of Hurricane Katrina, this has not delayed the transfer of actions to the MDL. *See* Conditional Transfer Order 23, dated September 8, 2005 (attached hereto as Exhibit H).

remand, a number involve issues almost identical to those presented in Plaintiff's Motion to

Remand – whether in-state physician defendants are fraudulently joined or misjoined.[3]  The

MDL Panel held in its transfer order, "motions to remand . . . can be presented to and decided by

the transferee judge." Exhibit B, at 2.  In addition, Judge Fallon of the VIOXX® MDL

transferee court in the Eastern District of Louisiana has recognized the value of having remand

motions decided by the MDL court.  Judge Fallon explains:

> There are various issues of remand in various cases throughout the
> country.  Again, a significant advantage of the MDL concept is
> some consistency.  The Rule of Law is really based on consistency.
> If different decisions are made by numerous judges, then you have
> no consistency and no predictability and no one knows exactly
> what to do or how to do it.  It's easier if one court decides some of
> these matters than if 50 or 100 courts decide the matter.  I'm
> conscious of dealing with the remand as quickly as possible, but I
> do want to get them all together, look at them, see if I can group
> them in some way, and then direct my attention on each particular
> group and deal with that issue in a consistent and fair fashion for
> that group.

*In re Vioxx Products Liab. Litig.*, Transcript of Status Conference, June 23, 2005, at 21 (attached

hereto as Exhibit C).  For these reasons and others, this Court should defer ruling on Plaintiff's

Motion to Remand pending transfer of this case to the VIOXX® MDL before Judge Fallon.

**II.    ALTERNATIVELY, THE COURT SHOULD DENY PLAINTIFF'S MOTION TO
REMAND BECAUSE THE ONLY NON-DIVERSE DEFENDANTS ARE EITHER
FRAUDULENTLY JOINED OR MISJOINED.**

### A.    The Massachusetts Healthcare Defendants Are Fraudulently Joined.

Under the doctrine of "fraudulent joinder," [i]f . . . a request for remand is based upon a

fraudulent joinder of a non-diverse defendant without a real connection to the controversy, 'the

---

[3] *See, e.g., Brown v. Merck, et al.*, 05 Civ. 1092 (transferred from the Northern District of Illinois); *Sanchez v. Merck, et al.,* 04 Civ. 352 (transferred from the Southern District of Texas); *Malek v. Merck & Co., et al.,* 05 Civ. 543 (transferred from the District of Connecticut).

right of removal cannot be defeated' and remand is inappropriate." *Carey v. Bd. of Governors of Kernwood Country Club*, 337 F. Supp. 2d 339, 341-42 (D. Mass. 2004) (quoting *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001)). "Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant." *Coughlin v. Mutual Ins. Co.*, 776 F. Supp. 626, 628 (D. Mass. 1991). Accordingly, when determining whether Plaintiff has fraudulently joined the Massachusetts Healthcare Defendants, "the Court must examine the complaint as it existed when the petition for removal was filed" and disregard unsupported and unsworn post-removal statements contained in, for example, proposed amended complaints, motions to remand, and affidavits filed only after the case is removed to federal court. *Id.* ("ignor[ing] the amended complaints filed by plaintiffs in state court after the removal.") (citing *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990)). In the complaint, Plaintiff must do more than identify a "possibility of recovery under state law. . . ." *Mills*, 178 F. Supp. 2d at 4-5 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). Accordingly, even where state law may recognize the theoretical possibility of a medical malpractice claim against a healthcare defendant, where plaintiffs have failed to plead any facts in support of those claims or where the conclusory facts pleaded are contradicted by the more abundant allegations against a diverse manufacturer defendant, courts around the country have found healthcare defendants fraudulently joined. *Flores v. Merck &Co.,* Civ. Action No. C-03-362, Order at 2 (S.D. Tex. Mar. 15, 2004) (in-state physician defendants fraudulently joined where "Plaintiffs make conclusory, general allegations of negligence against [in-state physicians] which they fail to support with specific, underlying facts.") (attached hereto as Exhibit D); *Benavides v. Merck & Co.,* Civil Action No. L-03-CV-134, at 5 (S.D. Tex. Feb. 24, 2004) ("When considering the Plaintiff's allegations, "speculative and conclusory allegations

do not state a cause of action without factual support.") (internal citations omitted) (Report and

Recommendation) (attached hereto as Exhibit E); *Omobude v. Merck*, CA No. 3:03CV528LN,

slip op. at 3-4 (S.D. Miss. Oct. 3, 2003) (in-state physician fraudulently joined) (attached hereto

as Exhibit F); *Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 762-63 (S.D. W. Va. 2003) (non-

diverse physician and pharmacist fraudulently joined); *In re Rezulin Prods. Liab. Litig.*, 133 F.

Supp. 2d 272, 295 (S.D.N.Y. 2001) (finding that non-diverse physicians were fraudulently

joined).  Likely in recognition of the above-cited authority, members of the Plaintiffs' Steering

Committee in the VIOXX MDL have conceded that joinder of non-diverse doctors generally is

improper because plaintiffs' claims against Merck are "by and large incompatible with a claim

that the doctor is at fault."  Pls. Mem. in Supp. of Mot. to Modify Order of June 6, 2005

Regarding Physician Contacts, at 3 (attached hereto as Exhibit G).

As set forth below, the Massachusetts Healthcare defendants have been improperly or

fraudulently joined because:  (1) Plaintiff has not asserted any claims against Brigham &

Women's; and (2) with respect to the medical malpractice claim that Plaintiff purports to bring

against the only remaining non-diverse defendant, Dr. Millet, Plaintiff pleads in only the most

vague and conclusory terms, failing to meet even the minimal notice pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.

### 1.    Defendant Brigham & Women's Hospital Is Fraudulently Joined Because Plaintiff Has Not Asserted <u>Any</u> Claim Against It.

First, Brigham & Women's Hospital is fraudulently joined because Plaintiff names it as a

defendant but fails to even assert any claims against it.

In *Coughlin,* this Court denied a motion to remand and found a non-diverse, in-state

defendant fraudulently joined where the complaint in effect at the time of removal did not

include any claims asserted against the in-state defendant.  776 F. Supp. at 628-29.  *See also*

*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 207 (2d Cir. 2001) (holding joinder fraudulent where no claims were alleged against non-diverse parties). Plaintiffs in *Coughlin,* insurance agents, sued a diverse insurance company as well as the non-diverse state insurance commissioner. *Id.* With respect to the insurance commissioner, the plaintiffs did not allege how the commissioner may have failed to perform a duty allegedly owed to plaintiffs and did not assert an actual claim against the insurance commissioner. *Id.* In light of these deficiencies on the face of the complaint as it existed at the time of removal, the court held that the non-diverse defendant was fraudulently joined.

For the same reason, Brigham & Women's is a fraudulently joined defendant in this case. Plaintiff has not included a claim against Brigham & Women's in her Complaint. In fact, in the ninety-eight paragraph Complaint, Brigham & Women's is mentioned only three times – in the caption, in the unnumbered introductory paragraph, and in a paragraph identifying Brigham & Women's as a "medical facility organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 75 Francis Street, Boston, Massachusetts." (Complaint ¶ 12.) In her Motion to Remand, Plaintiff makes no effort to explain these deficiencies and seemingly concedes that there is no claim asserted against Brigham & Women's on the face of the Complaint.[4]

Having stated no claim against Brigham & Women's, Plaintiff obviously cannot prevail against it. Accordingly, this defendant was fraudulently joined.

---

[4] Even if Plaintiff had attempted to correct these deficiencies in her Motion to Remand, as the court recognized in *Coughlin,* such post-removal attempts must be ignored because removal is to be assessed by looking at the complaint as it existed at the time of removal. *Coughlin,* 776 F. Supp. at 628 (ignoring allegations made for the first time in proposed amended complaints filed in the state court after removal); *Baisden,* 726 F. Supp. 2d at 763 (ignoring allegations made for the first time in plaintiff's motion to remand).

## 2.    Dr. Millet Is Fraudulently Joined.

The other non-diverse defendant, Dr. Millet is also fraudulently joined.  While Plaintiff

does purport to state a claim against Dr. Millet (in contrast to Brigham & Women's), that claim

is wholly deficient because it is wholly conclusory and fails to satisfy even the notice pleading

standard of Rule 8.

In her claim against Dr. Millet, Plaintiff alleges only the following:

> 94.    Defendant Dr. Peter Millet is medical doctors [sic]
>        licensed to deliver medical services to the public at
>        large within the Commonwealth of Massachusetts.
>
> 95.    Plaintiff on multiple occasions was treated by
>        Defendant Millet and provided prescriptions by
>        Defendant Millet.
>
> 96.    Defendant Millet breached the standard of medical
>        care, or in other words, was negligent in the delivery
>        of medical services and treatment as set forth above
>        and thus breached the standard of due care and
>        diligence in the medical treatment of the Plaintiff.
>
> 97.    Plaintiff Martin has suffered injuries from the
>        medical services and treatment received from
>        Defendant Millet.

(Complaint ¶¶ 94-97.)  As numerous courts have recognized, a plaintiff cannot defeat diversity

jurisdiction with such inadequate, conclusory allegations.

Conclusory and generic allegations directed at a non-diverse defendant cannot defeat

Merck's removal right.  *See, e.g., In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410,

1418 (3rd Cir. 1997) ("[B]oilerplate and conclusory allegations will not suffice.  Plaintiffs must

accompany their legal theory with factual allegations that make their theoretically viable claim

plausible."); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313

(5th Cir. 2002) (recognizing that a court will not "accept as true conclusory allegations or

unwarranted deductions of fact") (citation omitted); *Flores*, No. C-03-362, Order at 2 (in-state

- 8 -

physician defendants fraudulently joined where "Plaintiffs make conclusory, general allegations

of negligence against [in-state physicians] which they fail to support with specific, underlying

facts.") (attached hereto as Exhibit D); *Benavides*, Civil Action No. L-03-CV-134, at 5 ("When

considering the Plaintiff's allegations, "speculative and conclusory allegations do not state a

cause of action without factual support.") (internal citations omitted) (Report and

Recommendation) (attached hereto as Exhibit E); *Baisden*, 275 F. Supp. 2d at 763 (in-state

physician fraudulently joined where plaintiff's claim apparently based on an alleged drug

interaction is "nowhere presented on the face of the complaint, which does not assert either that

there was such a drug interaction or that information about the interaction was available to [the

non-diverse physician].").

  The facts of the *Baisden* case are illustrative.  In *Baisden*, plaintiff sued the manufacturer

of Baycol for alleged injuries resulting from her use of Baycol and joined in that action a non-

diverse physician for medical malpractice arising out of the physician's "failure to recognize,

diagnose, monitor, supervise and treat [plaintiff] for the effects of Baycol treatment."  275 F.

Supp. 2d at 761.  The plaintiff also alleged that the non-diverse physician "failed to recognize the

symptoms, monitor her medical condition, and appropriately evaluate and treat her with respect

to her medication, Baycol and Lopid." *Id.* at 761-62.  After the case was removed to federal

court, the plaintiff stated for the first time in her Motion to Remand that her claim against the in-

state physician was based on an alleged drug interaction between Baycol and Lopid and the

physician's act in prescribing alleged contraindicated drugs.  *Id.* at 762.  The court in *Baisden*

held that the physician defendant was fraudulently joined because, "[the drug interaction claim]

is nowhere presented on the face of the complaint, which does not assert either that there was

such a drug interaction or that information about the interaction was available to [the

physician]." *Id.* In *Baisden* the plaintiff had referred to the drug Lopid on the face of the complaint, but the court explained that "[t]he insertion of 'Lopid" twice in the malpractice count is insufficient to state a claim on this basis under Rule 8(a)." *Id.* at 763.

With respect to Plaintiff's claim against Dr. Millet, Plaintiff has alleged even less than the allegations that were found deficient and conclusory in the above-referenced cases. For example, in *Baisden, Flores,* and *Benavides*, the plaintiffs attempted to identify the act for which they were seeking to hold the physician defendant liable, such as the failure to warn of the dangers of a particular drug or the prescription of a particular drug. *Flores,* Civ. Action No. C-03-362, Order at 2 (attached hereto as Exhibit D); *Benavides,* Civil Action No. L-03-CV-134, at 5 (attached hereto as Exhibit E); *Baisden,* 275 F. Supp. 2d at 762. Here, in contrast, Plaintiff does not indicate what conduct for which she seeks to hold Dr. Millet liable. Similarly, in the other cases the plaintiffs had at least alleged that the physician defendants "knew or should have known" of the dangers or risks that they are alleged to have failed to warn of, monitor, or diagnose; here, in contrast, Plaintiff makes no attempt to allege that Dr. Millet acted with knowledge. In short, Plaintiff fails to even meet the notice pleading standard, because it is impossible to determine from her complaint what the conduct is for which she seeks to hold Dr. Millet liable.

Plaintiff attempts to distinguish cases such as these by arguing in her Motion to Remand that her claims do not suffer from the flaw in other pharmaceutical cases where plaintiffs simultaneously allege that the manufacturer failed to warn physicians and that the physician had knowledge of the alleged side-effects. *See Flores, Benevidez, Baisden, supra.* However, Plaintiff cannot avoid the contradiction of seeking to hold her physician accountable for Merck's alleged failure to warn her simply by failing to specify the nature of her claim against him.

Nor can Plaintiff's effort to correct the deficiencies in her Complaint by asserting for the first time in her Motion to Remand a claim against Dr. Millet based on an alleged drug interaction between VIOXX® and aspirin save her claims against the physician. The law is clear that removal is to be assessed by looking at the complaint as it existed at the time of removal. Post-removal statements by plaintiffs contained in proposed amendments to the complaint, motions to remand, and affidavits must be ignored for purposes of determining whether a case was properly removed. *See, e.g., Baisden,* 275 F. Supp. 2d at 763 (ignoring statements contained in plaintiff's motion to remand); *Coughlin,* 776 F. Supp. at 628 (ignoring allegations made for the first time in proposed amended complaints filed in the state court after removal). For this reason, the court in *Baisden* rejected the very tactic used by plaintiff here. 275 F. Supp. 2d at 762 (ignoring the drug interaction claim that was "nowhere presented on the face of the complaint"). This Court should do the same.

The cases relied on by Plaintiff in her Motion to Remand are not to the contrary. Rather, plaintiff relies on cases in which the plaintiffs' allegations are significantly more detailed,[5] cases that do not deal with issues of fraudulent joinder at all,[6] and at least one case which supports Merck's argument in opposition to Plaintiff's Motion to remand.[7] Plaintiff relies on *Griggs* to define the standard for fraudulent joinder. (Pl.'s Mot. To Remand at 4.) In *Griggs* the Court of Appeals for the Fifth Circuit held that an in-state defendant was fraudulently joined where the

---

[5] *See, e.g.,* Pl.'s Mot. To Remand at 5 (citing *Isner v. Merck & Co.,* Civ. Action No. 05-10328-DPW (D. Mass. 2005) (asserting claims based on in-state employee defendants alleged marketing of the prescription drug at issue in the forum state)); Pl.'s Mot. To Remand at 3 (citing *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003) (in-state employee defendant not fraudulently joined where plaintiff alleges ways in which the railroad employee was negligent).

[6] *Tepaske v. Delgado,* 2003 U.S. Dist. LEXIS 23638, Civ. Action No. 03-CV-11535 (D. Mass. Nov. 19, 2003) (involving a dispute over a parties domicile for purposes of diversity jurisdiction) (attached hereto as Exhibit I).

[7] *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding in-state defendant fraudulently joined where plaintiff made only conclusory allegations with respect to the in-state defendant).

plaintiffs "allege no actionable facts specific to the [in-state defendant.]" *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999). Plaintiff in this case has done the same.

Accordingly, the Court should find that both Brigham & Women's and Millet are fraudulently joined.

### B.    Alternatively, The Massachusetts Healthcare Defendants Are Misjoined.

Even if the healthcare defendants were not fraudulently joined, the claims against them would be misjoined with the claims against Merck. Accordingly, Merck requests, in the alternative, that the Court remand only the malpractice claim that Plaintiff purports to bring against Dr. Millet and Brigham & Women's.[8]

"Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (*abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000)). Thus, where plaintiffs have improperly joined parties or claims pursuant to Fed. R. Civ. P. 20, courts have severed the misjoined claims in order to preserve the removing parties right to removal. *See, e.g., Grennell v. Western Southern Life Insur. Co.*, 298 F. Supp. 2d 390 (S.D. W. Va. 2004) (motion to remand denied because non-diverse parties were misjoined); *In re Diet Drugs Prods. Liab. Litig.,* 294 F. Supp. 2d 667 (E.D. Pa. 2003) ("*Diet Drugs I*"); *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, No. Civ.A. 98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999) ("*Diet Drugs II*") (same) (attached hereto as Exhibit J). *See also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y. 2001)

---

[8] Merck maintains that Plaintiff has nowhere asserted a malpractice claim, or any other claim, against Brigham & Women's and, for that reason, Brigham & Women's should be found fraudulently joined and dismissed from this action. Upon information and belief, Defendant Brigham & Women's has served on Plaintiff a motion to dismiss Brigham based on this failure to assert a claim against Brigham & Women's. However, should the Court deem claims against Dr. Millet as claims against Brigham & Women's, the claims against both Dr. Millet and his employer, Brigham & Women's, should be deemed misjoined and severed.

("*Rezulin I*") (misjoinder of claims warrants removal of misjoined completely diverse claims); *see also In re Rezulin Prods. Liab. Litig.,* MDL No. 1348, 2003 WL 21276425 (S.D.N.Y. June 2, 2003) ("*Rezulin II*") (medical malpractice claim against non-diverse physician misjoined; denying motion to remand with respect to remaining claims and severing and remanding only the medical malpractice claim against the physician defendant) (attached hereto as Exhibit K).[9]

The court's decision in *Rezulin II,* 2003 WL 21276425, is particularly instructive. In *Rezulin*, the plaintiff alleged claims for failure to warn, monitor and diagnose against a non-diverse defendant physician as well as breach of warranty claims against both the physician and the diverse defendant drug manufacturer. *Id.* at *1. The court denied remand, finding that, to the extent the claims were based on an alleged failure to warn of the alleged dangers that the manufacturer was alleged to have concealed from, among others, the medical community, the court held that those claims were fraudulently joined. *Id.* Moreover, the court held, to the extent the claims were based on an alleged failure to diagnose the effects of the drug or to monitor the plaintiff's health while he was taking the drug, such claims did not arise from the same transaction or occurrence as the products liability claims against the manufacturers and were therefore misjoined. *Id.* Having found that the only reasonably possible claims were misjoined, the court dismissed those misjoined claims without prejudice and retained jurisdiction over the remaining completely diverse claims. *Id.* at *1- 2. As the *Rezulin* court explained,

> The malpractice claim here is based in substance on the physician's failure to diagnose .... The breach of warranty and other claims go principally to the safety and efficacy of the drug and have little if anything to do with the malpractice claim. For the reasons set forth by the Magistrate Judge, the

---

[9] Upon a finding that non-diverse plaintiffs are fraudulently misjoined, there are two options with respect to the severed claims: The Court may remand the severed claims. *See, e.g., Grennell,* 2004 WL 50869; *Rezulin I,* 168 F. Supp. 2d at 146. Alternatively, the court may also dismiss the non-diverse claims without prejudice. *See, e.g., Coleman v. Conseco, Inc.,* 238 F. Supp. 2d 804, 819 & n.10 (S.D. Miss. 2002) (permitting misjoined parties to be "dropped or added by order of the court ... [at] its own initiative at any stage of the action.").

joinder of the malpractice claim with the others was inappropriate because
the claims do not both involve common questions of law or fact and assert
"joint, several, or alternative liability ... arising from the same transaction,
occurrence, or series of transactions or occurrences."

*Id.* at *1 (citing Fed. R. Civ. P. 20). *Accord, e.g., Lee v. Mann,* 2000 WL 724046, at *2 (Va.

Cir. Ct. Apr. 5, 2000) (claims against drug manufacturer and malpractice claim against

prescribing physician did "not arise out of the 'same transaction or occurrence' ")) (attached

hereto as Exhibit L); *see also Smith v. Nationwide Mut. Ins. Co.,* 286 F. Supp. 2d 777, 781-82

(S.D. Miss. 2003).

        Like the plaintiff's claims in *Rezulin II,* Plaintiff's claims against Dr. Millet – as set out

in Plaintiff's Motion to Remand (it is impossible to discern the nature of her claims from the

complaint, as discussed above) – do not arise out of the same transaction or occurrence as the

claims against Merck.  Rather, the claims are based on different alleged injuries, different events,

and different alleged risks associated with VIOXX®.  In fact, Plaintiff admits as much in her

Motion to Remand, stating that the claims against Merck "stem[] from the concealment of

known harmful effects on an individual from a *cardio standpoint*" while claims against Dr.

Millet arise out of his alleged failure to heed Merck's warning with respect to the alleged

gastrointestinal risks of VIOXX® and the use of VIOXX® with aspirin.  (Pl.'s Mot. to Remand

at 3.).  Any potential liability arising out of an alleged failure to warn of the cardiovascular risks

of VIOXX® is unrelated to potential liability arising out of a physician's failure to heed the

warnings relating to alleged gastrointestinal injuries which Plaintiff admits are contained in the

FDA-approved prescribing information made available to the medical community by Merck.

(Pl.'s Mot. to Remand at 3 and Exhibit A thereto (attaching portion of prescribing information

for VIOXX® in which it states, among other things, "administration of low-dose aspirin with

- 14 -

VIOXX may result increased rate of ulceration or other complications, compared to use of VIOXX alone.  Merck states. . . .").)

In short, even if Plaintiff had stated any viable claims against the healthcare defendants in her complaint (which she did not), those claims would have been fraudulently misjoined with the claims against Merck.  Accordingly, if the Court finds that any claims against the in-state defendants survive fraudulent joinder scrutiny, it should sever those claims, remand them to state court and assert jurisdiction over the claims against Merck and allow them to be transferred to the VIOXX® MDL proceeding.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, the Court should defer consideration of Plaintiff's remand motion pending MDL transfer.  Alternatively, the Court should deny Plaintiff's motion to remand in its entirety, or, in the alternative, sever the medical malpractice claims against the Massachusetts Healthcare Defendants and retain jurisdiction over the completely diverse claims asserted against Merck and the New Hampshire Healthcare Defendants.

MERCK & CO., INC.
By its attorneys:


 /s/ Lucy Fowler _____
James J. Dillon (BBO# 124660)
Lucy Fowler (BBO# 647929)
Kalun Lee (BBO# 657489)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated:  September 12, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served on September 12, 2005 electronically upon:

Andrew J. Tine, Esq.
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110

and by U.S. mail upon:

John M. Dellea, Esq.
Ficksman & Conley, LLP
98 N. Washington Street
Boston, MA  02114

Maria L. Mazur, Esq.
Martin Magnuson McCarthy & Kenney
101 Merrimac Street, 7th Floor
Boston, MA  02114


/s/ Lucy Fowler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

Plaintiff,

v.

MERCK & CO., INC., et al.

Defendants.

CIVIL ACTION No. 05-11716-MLW

## DECLARATION OF LUCY FOWLER

I, Lucy Fowler, hereby depose and say:

1.      I am an attorney at the law firm Foley Hoag LLP and represent defendant Merck

& Co., Inc. in this action.  I am admitted to practice in the Commonwealth of Massachusetts and

the United States District Court for the District of Massachusetts.  I have personal knowledge of

the matters set forth in this Declaration and could and would competently testify to them if called

as a witness.

2.      The document attached as Exhibit A is a true and accurate copy of a letter from

Hughes Hubbard & Reed LLP to the Judicial Panel on Multidistrict Litigation dated August 23,

2005 notifying the Panel of potential "tag-along actions."

3.      The document attached as Exhibit B is a true and accurate copy of a Transfer

Order dated February 16, 2005 of the Judicial Panel on Multidistrict Litigation, *In re Vioxx*

*Products Liab. Litig.*, No. 1657.

4.      The document attached as Exhibit C is a true and accurate copy of pages from a

transcript of a Status Conference on June 23, 2005, in *In re Vioxx Products Liab. Litig.*, No. 1657

(E.D. La.).

5.     The document attached as Exhibit D is a true and accurate copy of an order issued on March 12, 2004 in *Flores v. Merck & Co., Inc.*, No. C-03-362 (S.D. Tex.).

6.     The document attached as Exhibit E is a true and accurate copy of a report and recommendation issued on February 23, 2004 in *Benavides v. Merck & Co., Inc., et als.*, No. L-03-CV-134 (S.D. Tex.).

7.     The document attached as Exhibit F is a true and accurate copy of an order issued on October 3, 2003 in *Omobude v. Merck*, CA No. 3:03CV528LN (S.D. Miss.).

8.     The document attached as Exhibit G is a true and accurate copy of the Plaintiffs' Memorandum in Support of Motion to Modify Order of June 6, 2005 Regarding Physician Contacts, filed on June 15, 2005 in *In re Vioxx Products Liab. Litig.*, No. 1657 (E.D. La.).

9.     The document attached as Exhibit H is a true and accurate copy of Conditional Transfer Order No. 23, filed on September 8, 2005 in *In re Vioxx Products Liab. Litig.*, No. 1657 (E.D. La.).

10.     The document attached as Exhibit I is a true and accurate copy of a decision dated November 19, 2003 in *Tepaske v. Delgado,* 2003 U.S. Dist. LEXIS 23638, Civ. Action No. 03-CV-11535 (D. Mass.).

11.     The document attached as Exhibit J is a true and accurate copy of a decision dated July 16, 1999 in *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, No. Civ.A. 98-20478, 1999 WL 554584 (E.D. Pa.).

12.     The document attached as Exhibit K is a true and accurate copy of a decision dated June 2, 2003 in *In re Rezulin Prods. Liab. Litig.,* MDL No. 1348, 2003 WL 21276425 (S.D.N.Y.).

13.     The document attached as Exhibit K is a true and accurate copy of a decision dated April 5, 2000 in *Lee v. Mann,* 2000 WL 724046 (Va. Cir. Ct.).

I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated:  September 12, 2005                    /s/ Lucy Fowler
                                               Lucy Fowler

# EXHIBIT A

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

August 23, 2005

VIA FEDERAL EXPRESS

Michael J. Beck, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:    In re: VIOXX® Products Liability Litigation, MDL
       Docket No. 1657

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential
"tag-along actions." This letter is Merck's fifty-sixth notification of potential "tag-along
actions" and includes cases that have been filed in or removed to federal court since
Friday, August 19, 2005. Courtesy copies of the complaints and docket sheets for the
following actions are enclosed.

1. *Oswalt v. Merck & Co., Inc.*, C.A. No. 7:05-cv-01763 (N.D. Ala.)
2. *Ruekert v. Merck & Co., Inc.*, C.A. No. 3:05-cv-03361 (N.D. Cal.)
3. *Shuely v. Merck & Co., Inc.*, C.A. No. 3:05-cv-03362 (N.D. Cal.)
4. *Jackson v. Merck & Co., Inc.*, C.A. No. 8:05-cv-01535 (M.D. Fla.)
5. *Tomlinson v. Merck & Co., Inc.*, C.A. No. 05-CV-22287 (S.D. Fla.)
6. *Martin v. Merck & Co., Inc.*, C.A. No. 1:05-cv-11716 (D. Mass.)
7. *Day v. Merck & Co., Inc.*, C.A. No. 0:05-cv-01876 (D. Minn.)
8. *Johnson v. Merck & Co., Inc.*, C.A. No. 1:05-cv-00724 (M.D. N.C.)
9. *Hawk v. Merck & Co., Inc.*, C.A. No. 2:05-cv-00787 (S.D. Ohio)
10. *Connally et al., v. Merck & Co., Inc.*, C.A. No. 4:05-cv-02865 (S.D. Tex.)
11. *Justice et al., v. Merck & Co., Inc.*, C.A. No. 4:05-cv-02864 (S.D. Tex.)

There are three new cases filed in the transferee court.

1. *Anderson v. Merck & Co., Inc. et al.*, C.A. No. 2:05-cv-03787 (E.D. La.)

| 47, Avenue Georges Mandel | 1775 I Street, N.W. | 350 South Grand Avenue | 201 South Biscayne Boulevard | Akasaka Tokyu Building 6F | 101 Hudson Street |
|---|---|---|---|---|---|
| 75116 Paris, France | Washington, D.C. | Los Angeles, California | Miami, Florida | 2-14-3 Nagata-cho, Chiyoda-ku | Jersey City, New Jersey |
| (33) (1) 44.05.80.00 | 20006-2401 | 90071-3442 | 33131-4332 | Tokyo 100-0014 Japan | 07302-3918 |
| | 202-721-4600 | 213-613-2800 | 305-358-1666 | (81) (3) 3539-2771 | 201-536-9220 |

# Hughes Hubbard & Reed LLP

    2.  *Braden v. Merck & Co., Inc.*, C.A. No. 2:05-cv-03783 (E.D. La.)

    3.  *Pennington v. Merck & Co., Inc.*, C.A. No. 2:05-cv-03951 (E.D. La.)

Respectfully submitted,

Lewis D. Zirogiannis

Enclosures
LDZ/eaa

2

# EXHIBIT B

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
MULTIDISTRICT LITIGATION
JUDICIAL PANEL ON

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA    FEB 1 6 2005

*RELEASED FOR PUBLICATION*    FILED
CLERK'S OFFICE

*DOCKET NO. 1657*    LORETTA G. WHYTE
CLERK

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A.  Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1]  Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana.  Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois.  Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district.  AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district.  Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

[*]  Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2).  These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed.  Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order.  All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts.  In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Fee ____
Process ____
Dktd ____
CtRmDep ____
Doc. No ____

- 2 -

A CERTIFIED TRUE COPY

FEB 1 7 1971

The three arguments in opposition to Section 1407 centralization can be summarized as follows:  plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending;  plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers   Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings   We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge  *See, e g , In re Ivy*, 901 F 2d 7 (2d Cir 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F Supp 2d 1346, 1347-48 (J.P M.L 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs   We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that:  1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F Smith Patent Litigation*, 407 F Supp 1403, 1404 (J P M L 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties   We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation   In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court   *In re Mutual Funds Investment Litigation*, 310 F Supp 2d 1359 (J P.M L 2004).  It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district   But we are unwilling, on the basis of the record before us, to make such a determination at this time   Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay  *See* Rule 7.6, 199 F.R D. at 436-38.  We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket  Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course  By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation

IT IS THEREFORE ORDERED that, pursuant to 28 U S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E  Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v  Merck & Co , Inc. , et al ,* E D  New York, C A  No. 1:01-3441, against Pharmacia Corp , Pfizer Inc., and G D. Searle & Co relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm  Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1657 -- In re Vioxx Products Liability Litigation

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DIST OF LOUISIANA

### Middle District of Alabama

Paul Turner, Sr. v. Merck & Co., Inc., C.A. No. 1:04-999          05-0428
Danny M. Wilson v. Merck & Co., Inc., C.A. No. 2:03-844           05-0429

### Northern District of Alabama

Carolyn O. Hensley, etc. v. Merck & Co., Inc., C.A. No. 1:03-906      05-0430
William Cook v. Merck & Co., Inc., et al., C.A. No. 2:02-2710        05-0431
Sharon Scott Jones v. Merck & Co., Inc., C.A. No. 5:04-3079         05-0432

### Southern District of Alabama

Carolyn Younge, etc. v. Merck & Co., Inc., et al., C.A. No. 1:03-125      05-0433

### Eastern District of Arkansas

Linda Sue Otts v. Merck & Co., Inc., C.A. No. 5:04-57          05-0434

### Western District of Arkansas

Bobby Brown, et al. v. Merck & Co., et al., C.A. No. 4:04-4140      05-0435
Arthur Fulton, etc. v. Merck & Co., Inc., C.A. No. 6:03-6107       05-0436

### Central District of California

Charles Ashman v. Merck & Co., Inc., C.A. No. 2:04-8225       05-0437
Janet Briggs v. Merck & Co., Inc., C.A. No. 2:04-9275         05-0438

### Northern District of California

Kathy Tokes v. Merck & Co., Inc., C.A. No. 3:04-4435        05-0439
Patricia A. Taylor v. Merck & Co., Inc., C.A. No. 3:04-4510      05-0440
Jeffrey Brass v. Merck & Co., Inc., C.A. No. 3:04-4521       05-0441

### Middle District of Florida

Frances Dunleavey, et al. v. Merck & Co., Inc., C.A. No. 2:04-539      05-0442

- A2 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

### Northern District of Florida

*Benjamin Burt, et al  v  Merck & Co., Inc.*, C.A. No. 3:04-388          05-0443

### Southern District of Florida

*Ellen B. Gerber, et al  v  Merck & Co., Inc.*, C.A. No. 0:04-61429          05-0444
*Josefa Abraham, et al  v  Merck & Co., Inc.*, C.A. No. 1:04-22631          05-0445
*Sidney Schneider v  Merck & Co., Inc., et al*, C.A. No. 1:04-22632          05-0446
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799          05-0447
*Stanley Silber, et al  v  Merck & Co., Inc.*, C.A. No. 9:04-80983          05-0448

### Northern District of Georgia

*Richard Zellmer v  Merck & Co., Inc., et al*, C.A. No. 1:03-2530          05-0449
*Edna Strickland v  Merck & Co., Inc.*, C.A. No. 1:04-3231          05-0450

### Northern District of Illinois

*Linda Grant, et al  v  Merck & Co., Inc.*, C.A. No. 1:04-6407          05-0451
*Constance Oswald v  Merck & Co., Inc.*, C.A. No. 1:04-6741          05-0452
*Anita Ivory v  Merck & Co., Inc.*, C.A. No. 1:04-7218          05-0453

### Southern District of Illinois

*Roberta Walson, etc. v  Merck & Co., Inc.*, C.A. No. 3:04-27          05-0454
*John Ellis v. Merck & Co., Inc., et al*, C.A. No. 3:04-792          05-0455
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836          05-0456

### Southern District of Indiana

*Estate of Lowell D. Morrison v  Merck & Co., Inc.*, C.A. No. 1:03-1535          05-0457
*Kimberly Van Jelgerhuis, et al  v  Merck & Co., Inc.*, C.A. No. 1:04-1651          05-0458

### District of Kansas

*Vicky Hunter v  Merck & Co., Inc.*, C.A. No. 2:04-2518          05-0459
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355          05-0460

- A3 -

MDL-1657 Schedule A (Continued)

SECT. L MAG. 3

### Eastern District of Kentucky

| | |
|---|---|
| Daniel K. Williams v Merck & Co., Inc , C.A. No. 2:04-235 | 05-0461 |
| Richard J Getty, et al v Merck & Co., Inc , C.A. No 5:04-452 | 05-0462 |

### Eastern District of Louisiana

Salvadore Christina, Sr v Merck & Co , Inc , C.A. No 2:04-2726
Angelis Alexander v Merck & Co., Inc , C.A. No. 2:04-2845
Leonce Davis v. Merck & Co., Inc , C.A. No 2:04-2937
Mary V. Gagola v Merck & Co , Inc., C.A. No 2:04-3053
Christine L Parr v Merck & Co , Inc , C.A No 2:04-3054
Clifton Adam Savage, Sr v. Merck & Co , Inc., C.A. No. 2:04-3055
Delores Thomas Robertson v Merck & Co , Inc., C.A. No. 2:04-3056
Howard Mark Falick v. Merck & Co., Inc , C.A No 2:04-3060
Warren L Gottsegen, M D v Merck & Co , Inc , C.A. No. 2:04-3065

### Middle District of Louisiana

| | |
|---|---|
| Michael Wayne Russell v Merck & Co , Inc , C.A. No. 3:04-712 | 05-0463 |
| Linda Kay Hudson v Merck & Co , Inc , C.A. No 3:04-776 | 05-0464 |
| Jesse Wilkinson v Merck & Co , Inc , C.A. No. 3:04-800 | 05-0465 |
| Wilson Brown v Merck & Co , Inc., C.A No. 3:04-801 | 05-0466 |
| Dorothy Bracken v Merck & Co. Inc , C.A. No 3:04-802 | 05-0467 |
| James Edward Benoit v Merck & Co , Inc., C.A No 3:04-803 | 05-0468 |
| Clarence Chiszle v Merck & Co , Inc., C.A. No. 3:04-804 | 05-0469 |

### Western District of Louisiana

| | |
|---|---|
| Anthony J. Mallet, et al v Merck & Co , Inc., et al., C.A No. 2:02-2304 | 05-0470 |
| Calvin Warren, et al v Merck & Co , Inc., C.A No 3:04-2110 | 05-0471 |
| Vicki White v Merck & Co , Inc , C.A. No. 3:04-2126 | 05-0472 |
| Norma Merritt, et al. v. Merck & Co , Inc , C.A No 5:03-1401 | 05-0473 |
| Herchial Wright, et al v Merck & Co , Inc , C.A No 5:04-2268 | 05-0474 |
| Leroy Bates, et al v Merck & Co , Inc , C.A. No. 5:04-2269 | 05-0475 |
| Vaughn McKnight v. Merck & Co , Inc , C.A No 5:04-2270 | 05-0476 |
| Josephine Harper v Merck & Co., Inc., C.A. No. 5:04-2271 | 05-0477 |
| Lendell Burns, et al v Merck & Co., Inc., C.A. No 5:04-2272 | 05-0478 |
| Leona Sadler v Merck & Co , Inc , C.A No 5:04-2273 | 05-0479 |
| William Tice, et al v Merck & Co., Inc , C.A No 5:04-2274 | 05-0480 |
| Maynard Butler, et al v Merck & Co., Inc., C.A No 5:04-2275 | 05-0481 |
| Marion Evans, et al v. Merck & Co , Inc , C.A. No. 5:04-2276 | 05-0482 |
| Donna Lavergne v Merck & Co . Inc , C.A No 6:04-2174 | 05-0483 |

- A4 -

**MDL-1657 Schedule A (Continued)**

SEPT 1 2003

### District of Maryland

| | |
|---|---|
| *Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No 1:03-3612 | 05-0484 |
| *Melvin Biles v. Merck & Co., Inc.*, C A No. 1:04-975 | 05-0485 |
| *David Morris, Jr. v Merck & Co., Inc.*, C.A No 8:04-3024 | 05-0486 |
| *Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A No 8:04-3604 | 05-0487 |

### District of Massachusetts

| | |
|---|---|
| *Frank R. Saia v Merck & Co., Inc.*, C.A. No. 1:04-12166 | 05-0488 |

### District of Minnesota

| | |
|---|---|
| *Carolyn Y. Glover v. Merck & Co., Inc.*, C A No 0:03-5166 | 05-0489 |
| *Lowell Burris, Jr. v Merck & Co., Inc.*, C.A. No. 0:04-4375 | 05-0490 |
| *Shirley Homister v Merck & Co., Inc.*, C A. No. 0:04-4754 | 05-0491 |

### Northern District of Mississippi

| | |
|---|---|
| *Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C A No. 2:03-105 | 05-0492 |

### Southern District of Mississippi

| | |
|---|---|
| *Leona McFarland et al. v. Merck & Co., Inc., et al*, C A No 2:03-247 | 05-0493 |
| *Bettye J. Magee, et al v Merck & Co., Inc., et al.*, C.A No 2:03-249 | 05-0494 |
| *Jerry Melton v Merck & Co., Inc., et al*, C.A. No 2:04-372 | 05-0495 |
| *Janet Sue Morgan, et al v. Merck & Co., Inc., et al.*, C A No 3:03-435 | 05-0496 |
| *Brenda Price, et al v Merck & Co., Inc., et al*, C A. No 3:04-866 | 05-0497 |

### Eastern District of Missouri

| | |
|---|---|
| *Deyonne E Whitmore v Merck & Co., Inc.*, C A No 4:03-1354 | 05-0498 |
| *Janice Perkins v. Merck & Co., Inc.*, C A. No. 4:04-1446 | 05-0499 |
| *Jurhee Bench v Merck & Co., Inc.*, C A No 4:04-1447 | 05-0500 |

### Western District of Missouri

| | |
|---|---|
| *Caroline Nevels v Merck & Co., Inc., et al.*, C A No 4:04-952 | 05-0501 |
| *Russell Young, etc v Merck & Co.*, C A. No. 6:04-5117 | 05-0502 |

- A5 -

MDL-1657 Schedule A (Continued)                     SECT. I MAG. 3

### District of New Jersey

| | |
|---|---|
| *Patrick Besaw v Merck & Co , Inc ,* C.A No 3:04-5178 | 05-0503 |
| *Brenda Aguero, et al v Merck & Co , Inc ,* C.A No 3:04-5341 | 05-0504 |

### Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al v Merck & Co , Inc , et al.,* C A No. 1:01-3441 | 05-0505 |
| *William Hanson v Merck & Co , Inc.,* C A No 1:04-2949 | 05-0506 |
| *Jerome Covington v. Merck & Co , Inc ,* C.A No 1:04-4439 | 05-0507 |
| *Alan Mell v Merck & Co., Inc ,* C A No. 1:04-4606 | 05-0508 |
| *Lorraine Fialo v. Merck & Co., Inc ,* C.A No. 1:04-4686 | 05-0509 |
| *Lawrence Wright, et al v Merck & Co , Inc ,* C.A No 2:04-4485 | 05-0510 |
| *William Fontanetta, et al. v. Merck & Co , Inc ,* C A No 2:04-4486 | 05-0511 |

### Southern District of New York

| | |
|---|---|
| *Laney C Davis v Merck & Co , Inc ,* C A No. 1:04-8082 | 05-0512 |
| *Elizabeth Aiken v Merck & Co , Inc ,* C.A No. 1:04-8085 | 05-0513 |
| *Walter McNaughton v Merck & Co Inc ,* C A No. 1:04-8297 | 05-0514 |
| *Carmen M Pagan, et al v Merck & Co , Inc ,* C A No. 1:04-8959 | 05-0515 |
| *Teamsters Local 237 Welfare Fund, et al v. Merck & Co , Inc ,* C A No 1:04-9248 | 05-0516 |
| *Anna Quick v Merck & Co , Inc ,* C A No. 7:04-8169 | 05-0517 |

### Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v Merck & Co , Inc.,* C.A. No. 1:04-2209 | 05-0518 |
| *Danford K Jones et al. v Merck & Co , Inc ,* C.A No 1:04-2217 | 05-0519 |
| JAMES E. *Meadows, et al v Merck & Co., Inc.,* C.A No. 1:04-2229 | 05-0520 |
| *Wanda Moldovan et al v Merck & Co., Inc., C.A No. 1:04-2245* | 05-0521 |
| *Janet Dauterman, et al v Merck & Co , Inc ,* C A No 3:03-7623 | 05-0522 |

### Western District of Oklahoma

| | |
|---|---|
| *Paul E House v. Merck & Co., Inc.,* C A No 5:04-1235 | 05-0523 |

### Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al v Merck & Co., Inc.,* C A No 2:04-4713 | 05-0524 |
| *Michelle Donovan v Merck & Co., Inc.,* C.A No. 2:04-4882 | 05-0525 |
| *Gwendolyn L. Carr v. Merck & Co , Inc ,* C.A. No 2:04-4900 | 05-0526 |
| *Fred S Engle v Merck & Co., Inc.,* C A No. 2:04-5077 | 05-0527 |
| *Merrick Sirota, et al v Merck & Co., Inc ,* C.A No 2:04-5130 | 05-0528 |

- A6 -

MDL-1657 Schedule A (Continued)                

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al v Merck & Co , Inc , C.A No 3:04-2263*                05-0529

### District of South Carolina

*Bridget Elaine Michaud, etc v Merck & Co., Inc., C A No 4:03-3083*                05-0530

### Eastern District of Texas

| | |
|---|---|
| *Arthur Clifford Hall, et al v Merck & Co , Inc., C.A. No 1:04-684* | 05-0531 |
| *Brenda Lewis, et al v Merck & Co., Inc , C A. No 1:04-685* | 05-0532 |
| *Billie Painton, et al v Merck & Co , Inc , C.A No 1:04-686* | 05-0533 |
| *Lovincy Richard, et al v. Merck & Co , Inc., et al , C.A. No. 1:04-703* | 05-0534 |
| *Bill Jolley, et al. v. Merck & Co , Inc , C A. No 2:04-376* | 05-0535 |
| *Marian Williamson, etc v Merck & Co , Inc , C A No 2:04-406* | 05-0536 |
| *Deborah Daley, etc v Merck & Co., Inc., et al., C.A No 6:03-509* | 05-0537 |

### Northern District of Texas

| | |
|---|---|
| *Dellas Staples, et al v Merck & Co , Inc , et al , C A No 3:03-180* | 05-0538 |
| *Michael R Leonard v Merck & Co , Inc , C.A No 3:04-2157* | 05-0539 |
| *Jack A Register, et al v Merck & Co , Inc , et al , C.A. No. 3:04-2259* | 05-0540 |

### Southern District of Texas

| | |
|---|---|
| *Heirs of the Estate of Pablo Flores v. Merck & Co . Inc , et al , C.A. No. 2:03-362* | 05-0541 |
| *Audona Sandoval v. Merck & Co , Inc , C A No. 2:04-544* | 05-0542 |
| *Jeffrey L. Denny, et al v Merck & Co , Inc , et al , C.A No 3:04-526* | 05-0543 |
| *Kimberly D Stubblefield, etc v. Merck & Co., Inc , et al , C A. No. 4:02-3139* | 05-0544 |
| *John P Eberhardt v Merck & Co , Inc , C.A. No. 4:03-1380* | 05-0545 |
| *Myrtle Louise Bell, et al v. Merck & Co., Inc., et al , C A No. 4:03-3448* | 05-0546 |
| *Thomas Joseph Pikul, etc v Merck & Co , Inc., et al., C A No 4:03-3656* | 05-0547 |
| *Opalene Stringer, et al v Merck & Co., Inc., et al , C A No 4:03-3657* | 05-0548 |
| *Reginald K Fears v Merck & Co , Inc , C.A. No. 4:04-4187* | 05-0549 |
| *Peggy J Balch v Merck & Co , Inc , C.A. No 4:04-4201* | 05-0550 |
| *John R Stout v Merck & Co , Inc , C.A. No 4:04-4205* | 05-0551 |
| *Charles C. Gilmore v Merck & Co., Inc., C.A. No 4:04-4206* | 05-0552 |
| *Johnny White v Merck & Co , Inc , C.A. No 4:04-4207* | 05-0553 |
| *Donna Hale v Merck & Co , Inc , C A No 4:04-4208* | 05-0554 |
| *Bernadette Young v Merck & Co , Inc., C.A. No. 4:04-4209* | 05-0555 |
| *William B Gregory, Jr. v Merck & Co., Inc., C.A No 4:04-4327* | 05-0556 |

- A7 -

MDL-1657 Schedule A (Continued)

### Southern District of Texas (Continued)

| | |
|---|---|
| *Patricia Benavides, etc. v. Merck & Co., Inc.,* et al , C A No 5:03-134 | 05-0557 |
| *Patricia Benavides, etc. v Merck & Co , Inc , et al ,* C A No 5:04-153 | 05-0558 |
| *Olga Sanchez v Merck & Co , Inc , et al ,* C A No. 7:04-352 | 05-0559 |
| *Maria Emma Hinojosa v Merck & Co , Inc ,* C.A. No. 7:04-373 | 05-0560 |

### Western District of Texas

| | |
|---|---|
| *Joe Hopson, etc. v Merck & Co, Inc , et al ,* C A No 1:04-485 | 05-0561 |
| *Larry Lee Bauman, et al. v Merck & Co , Inc ,* C A No. 1:04-707 | 05-0562 |
| *Carolyn Reed etc v Minor, et al ,* C A No. 1:04-731 | 05-0563 |

### District of Utah

| | |
|---|---|
| *Della Jo Salt, et al v Merck & Co , Inc ,* C A No 2:01-794 | 05-0564 |

### District of Vermont

| | |
|---|---|
| *Sara Cheeseman v Merck & Co Inc ,* C A No 1:04-261 | 05-0565 |

### Western District of Virginia

| | |
|---|---|
| *Catherine Wheatley, etc v Merck & Co , Inc , et al ,* C.A. No. 2:04-20 | 05-0566 |

Judicial Panel on Multidistrict Litigatio    Panel Attorney Service List

Docket: 1657 - In re Vioxx Products Liability Litigation
Status:  Transferred on 02/16/2005
Transferee District: LAE    Judge: Fallon, Eldon E

SCHEDULE  B

Printed on 02/16/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Allen Jr T Scott<br>Cruse Scott Henderson & Allen<br>2777 Allen Parkway<br>7th Floor<br>Houston TX 77019 | => Arango M D , Dario*; Dario Arango, M D . P A dba Arango Family & Industrial Clinic*· Dennis Dr Michael D *; Suderman . D O Emery L * |
| Americsourcebergen<br>1300 Morris Drive<br>Suite 100<br>Chesterbrook PA 19087 | => Amerisource Inc ; Amerisourcebergen#; Bergen Brunswig Drug Co # |
| Arsenault Richard J<br>Neblett Beard & Arsenault<br>P O Box 1190<br>Alexandria LA 71309-1190 | => Lavergne Donna |
| Aylstock Bryan F<br>Aylstock Witkin & Sasser P L C<br>55 Baybridge Drive<br>Gulf Breeze FL 32561 | => Price Bobby; Price Brenda |
| Bailey Blake H<br>Bailey Law Firm<br>112 South Broadway<br>Tyler TX 75702 | => Bailey Jerlene*; Ford James*; Harrington John*; Hollandsworth James*; Irvin Barbara*; Jolley Bill*; Morrison Ethel*· Smith Shirley*; Williams James*; Young David* |
| Barkley Steven C<br>3560 Delaware<br>Suite 305<br>Beaumont TX 77706 | => Hall (Ind /Rep /Est -Margaret Isabel) Arthur Clifford; Hall Eliot· Hall Frank Harold |
| Barrett David A<br>Boies Schiller & Flexner LLP<br>570 Lexington Avenue<br>16th Floor<br>New York NY 10022 | => Cain Alex*; Moss Bobbie*; Watkins William* |
| Becnel, Bradley Douglas<br>Law Offices Of Daniel E Becnel, Jr<br>425 W Airline Hwy<br>Suite B<br>Laplace LA 70068 | => Savage Sr Clifton Adam |
| Becnel Jr Daniel E<br>Law Offices of Daniel E Becnel Jr<br>106 West Seventh Street<br>P O Drawer H<br>Reserve LA 70084-2095 | => Benoit James Edward; Bracken Dorothy Brown Wilson; Chiszle Clarence Christina Sr Salvadore*; Davis Leonce; Falick Howard Mark; Gagola Mary V ; Hudson Linda Kay; Parr Christine L ; Robertson Delores Thomas; Wilkinson, Jesse |
| Bergen Brunswig<br>P O Box 959<br>Valley Forge PA 19482 | => Bergen Brunswig Drug Co dba Amerisourcebergen |
| Berger C William<br>Furr & Cohen<br>One Boca Place<br>2255 Glades Road | => Silber Stanley; Silber, Susan |

Note: Please refer to the report title page for complete report scope and key

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Suite 337W
Boca Raton, FL 33431

Birchfield Jr Andy D
Beasley Allen Crow Methvin Portis & Miles
P O Box 4160
234 Commerce Street
Montgomery AL 36103-4160

=> Abram Antoinette*; Adams (Behalf-Janet) Eddie William*; Brown (Behalf-Stephen Anthony) Tracy*; Chapman, Eunice*; Cook, William*; Early Reginald*; Eckols Lula*; Eckols Tommy Lee*; Flanagan Geneva L *; Gough, Jerry*; Halbert Josephine*; Harmon Roy*; Holmes Gene*; Hopkins (Behalf-Emma Conner) Willie Mae*; Hudson Camillia Faye*; Johnson, Sharon*; Jones Annie*; Jones, Jessie Lee*; King Tonya Lynn*; Logan Joe W *; Magee, Bettye J *; Maynor Linder*; McFarland Leona*; McMillan Louise*; McNeil Bessie*; Morgan Janet Sue*; Morgan Stephanie*; Moulds (Behalf-Alice Lessie Atchley) Rachel*; Norwood Annie*; Oliver (Behalf-Kenneth Ray) Frances Ann*; Otts Linda Sue*; Parsons Mary*; Payton Eddie William*; Pegues Riella*; Powell, Susie M *; Smith, James*; Starling, Lamont*; Sykes, Melissa*; Tucker Barbara*; Warren James Howard*; Wheatley (Adm /Est -Carl) Catherine*; Wheaton Rosie C *; Younge (Ind /Adm /Est -Charles Marvin) Carolyn*; Zellmer, Richard*

Bradford Reshonda L
Singleton Law Firm
4050 Linwood Ave
Shreveport LA 71108

=> Allegretto Fran; Anderson, Comecia; Anderson Frederick; Baylor, Ruthie; Brooks Magaline; Edwards Joe Ree; Garcie Mattie; Hall Calvin; Kersee Mary; Merrit Norma; Netter Carlos; Payne Minnie; Rice Thelma; Upshaw James

Bruno Joseph M
Bruno & Bruno LLP
855 Baronne Street
New Orleans LA 70113

=> Alexander Angelis*

Buchanan Virginia M
Levin Papatonio Thomas Mitchell et al
316 South Baylen Street Suite 600
P O Box 12308
Pensacola FL 32501

=> Burt Benjamin R ; Burt Shirley

Cabraser Elizabeth J
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco CA 94111-3339

=> Aguero, Brenda*; Herke Sherrill*

Carboy Andrew J
Sullivan Papain, Block McGrath & Cannavo
120 Broadway
18th Floor
New York NY 10271

=> Fontanetta, Robin; Fontanetta William

Carroll Raymond S
Law Offices Of Weiner,carroll & Strauss
119 Rockland Center
Suite 425
Nanuet NY 10954

=> McNaughton Walter*

Colingo Joseph R
Williams Heidelberg et al
P O Box 1407
711 Delmas Avenue
Pascagoula MS 39568-1407

=> Stewart Dr Reginald

Cory, Ernest
Cory Watson Crowder & DeGaris P C
2131 Magnolia Avenue

=> Fulton (Adm /Est -Rebeka Kayla Schultz) Arthur*; Hensley (Exe /Est -Henry Lee) Carolyn O *

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Suite 200
Birmingham AL 35205

Craig Jr C York
Craig Hester Luke & Dodson
P O Box 12005
Jackson MS 39236-2005

=> Columbia Discount Drugs Inc ; Super D #143

Crum Richard E
Cobb Shealy Crum & Derrick, P A
P O Box 6346
Dothan AL 36302-6346

=> Turner Sr Paul*

D Amato, Jr John Michael
Russo Scamardella & D Amato P C
1010 Forest Avenue
Staten Island NY 10310

=> Fialo, Lorriane

Deters Eric C
Eric C Deters & Associates P S C
5247 Madison Pike
Independence KY 41051

=> Williams Daniel K *

Dixon Ivan
8413 Edgewood Drive
Rowlett TX 75089

=> Dixon, Ivan

Eberhardt John P
#1083045
1100 FM 655
Rosharon TX 77583

=> Eberhardt John P

Edelman Daniel A
Edelman Combs & Latturner LLC
120 South LaSalle Street
18th Floor
Chicago IL 60603

=> Ivory Anita

Edmonson, Richard M
Armstrong Allen PLLC
4450 Old Canton Road
Suite 210
Jackson MS 39211

=> Fred s Express

Fayard, Jr. Calvin C
Fayard & Honeycutt
519 Florida Avenue. S W
Denham Springs LA 70726

=> Russell Michael Wayne*

Fears, Reginald K
James H Byrd Unit
21 FM 247
Huntsville TX 77320

=> Fears Reginald K

Federman William B
Federman & Sherwood
120 North Robinson Avenue
Suite 2720
Oklahoma City OK 73102

=> House. Paul E *; Leonard Michael R *

*[Panel Attorney Service List for MDL 1 637 Contin.*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fiesta  Ronald V<br>Kenneth B  Moll & Associates  Ltd<br>Three First National Plaza<br>50th Floor<br>Chicago  IL 60602 | => Chartrand, Larry*; Grant  Linda* |
| Flowers  R  Allen<br>Flowers Law Firm<br>341 North 25th Avenue<br>Hattiesburg  MS 39401 | => Willis M D  Todd |
| Foster  Shawn G<br>Davis. Bethune & Jones  LLC<br>1100 Main Street<br>Suite 2390<br>Kansas City  MO 64105 | => Bench  Jurhee*; Hunter, Vicky* |
| Fox. Dana Casselli<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas  TX 75204 | => Baldoni, Eugene; Blumfield  Travis; Brumfield  Travis; Lassig  Ashley; Lassig  Leonard; Lassig  Martha;<br>Pearson  Carolyn; Pearson  Elizabeth; Smith  Carolyn; Smith  Eric; Staples  Billy; Staton<br>(Ind /Per /Rep /Heirs/Est -David Wayne)  Rosa Linda; Valdone  Chip |
| Freese  Richard A<br>Sweet & Freese  P L L C<br>P O  Box 1178<br>Jackson  MS 39215 | => Melton  Jerry |
| Gallagher  Michael T<br>Gallagher Law Firm  P C<br>777 Walker Street<br>Suite 2500<br>Houston  TX 77002 | => Balch  Peggy J * |
| Gancedo  Hector G<br>Gancedo & Nieves<br>144 West Colorado Blvd<br>Pasadena. CA 91105 | => Briggs  Janet |
| Garcia  Ricardo A<br>820 S  Main Street<br>McAllen. TX 78501 | => Sanchez  Olga* |
| Gibson  Mary<br>P O  Box 400<br>St  Marys  GA 31558 | => Gibson. Mary |
| Goldser  Ronald S<br>Zimmerman Reed  P L L P<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis  MN 55402-4123 | => Dauterman  Brock; Dauterman  Holly; Dauterman  Janet; Dauterman  Rod; Dauterman. Ryan; Glover<br>Carolyn Y ; Michaud (Ind /Per /Rep  on behalf of the Estate of Andre Adrian Michaud  Decedent Andre<br>Adrian Michaud)  Bridget Elaine; Whitmore. Deyonne E |
| Goldwasser  Andrew S<br>Ciano & Goldwasser<br>460 MK Ferguson Plaza<br>1500 West Third Street<br>Suite 460<br>Cleveland  OH 44113 | => Knoll  Marjory |

*(Panel Attorney Service List for MDL 1 657 Continu*                                    Page 5

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Graffeo C Anthony
Watson Jimmerson Givhan et al
203 Greene Street
P O Box 18368
Huntsville AL 35804

=> Jones Sharon Scott

Griesenbeck, Tim T
Plunkett & Gibson
Renaissance Plaza, Suite 1100
70 N E Loop 410
P O Box 795061
San Antonio TX 78216

=> Mercy Hospital of Loredo d/b/a Mercy Regional Medical Center

Griffith Patricia
1045 Evelyn Avenue
Clarksdale MS 38614
*** Bad Address ***

=> Griffith Patricia

Guerriero, Jeffrey D
Guerriero & Guerriero
P O Box 4092
Monroe LA 71211-4092

=> Warren Calvin; Warren Jessica

Harke Lance A
Harke & Clasby
155 South Miami Avenue
Suite 600
Miami FL 33130

=> Fontanilles Clara

Hebderson Craig D
Gary Thomasson Hall & Mark
Professional Corp
P O Box 2888
210 S Carancahua
Corpus Christi TX 78403

=> Reed (Ind /widow-Johnney) Carolyn

Hockema David Hadden
Hockema, Tippit & Escobedo L L P
1 Paseo Del Prado
Bldg 101
P O Box 720540
McAllen, TX 78504-0540

=> Hinojosa, Maria Emma*

Hodges Robert M
Wise Carter, Child & Caraway
P O Box 651
Jackson, MS 39205-0651

=> Mississippi Emergency Associates P A

Howell III Jesse L
Copeland Cook, Taylor & Bush P A
200 Concourse, Suite 200
1062 Highland Colony Parkway
P O Box 6020
Ridgeland MS 39158-6020

=> Bonners Pharmacy*

Hughes John F
Wilkins Stephens & Tipton
P O Box 13429
Jackson MS 39236-3429

=> Reid, M D  Richard

Notes: Please refer to the report title page for complete report scope and key

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Hutton, Mark B<br>Hutton & Hutton<br>P O Box 638<br>Wichita KS 67201 | => Smith, Betty S |
| Hylla, David A<br>Bilbrey & Hylla<br>8724 Pin Oak Road<br>P O Box 975<br>Edwardsville IL 62025<br>*** Bad Address *** | => Bilbrey, Patricia |
| Johnson, Dennis J<br>Johnson & Perkinson<br>1690 Williston Road<br>P.O. Box 2305<br>S Burlington VT 05403 | => Cheeseman Sara* |
| Johnson Walter T<br>Watkins & Eager<br>P O Box 650<br>Jackson MS 39205-0650 | => G D Searle & Co ; G D Searle LLC Monsanto Co ; Pharmacia Corp |
| Johnson III Whitman B<br>Currie Johnson, Griffin Gaines & Myers<br>P O Box 750<br>Jackson MS 39205-0750 | => Lee M D  Charles D |
| Jones Christy D<br>Butler Snow O Mara Stevens & Cannada<br>P.O Box 22567<br>Jackson MS 39225-2567 | => Delta Discount Drugs Inc |
| Josephson Richard L<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisana Street<br>Suite 3000<br>Houston TX 77002-9934 | => R/D Clinical Research Inc · Resnick M D  Harvey |
| Katz, Melissa C<br>Waters & Kraus<br>3219 Mckinney<br>Suite 3000<br>Dallas TX 75204 | => Bareham, Sandra· Bolen Larry; Briggs Robert; Conditt Kathy; Holland Michael; Joiner Sherri·<br>Knowles Katrina; Lenormand Pamela; Mitchell. Robert: Taucer Albert: Thompson John; Tucker Jerry |
| Kegerreis Sharon L<br>Hughes Hubbard & Reed LLP<br>201 S Biscayne Boulevard<br>Suite 2500<br>Miami FL 33131-4332 | => Publix Super Markets, Inc |
| Kennedy R Eric<br>Weisman Kennedy & Berris<br>1600 Midland Building<br>101 Prospect Avenue, West<br>Cleveland, OH 44115 | => Jones Danford K * Jones Gilda C * |
| Kleinberg Norman C<br>Hughes Hubbard & Reed LLP | => Merck & Co  Inc * |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

One Battery Park Plaza
New York NY 10004

Knoll. Marjory
Law Office Of Robert J Dicello
7556 Mentor Avenue
Mentor OH 44060

=> Meadows. James E *; Meadows Jr .James E ; Meadows June; Meadows. Stephen G

Kolman  Timothy M
Timothy M  Kolman And Associates
225 North Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne. PA 19047

=> Donovan  Michelle

Lamp. Joel C
Assistant General Counsel
Tort Litigation Division  Wal-Mart Stores  Inc
702 S W  8th Street
Bentonville. AR 72716-0215

=> Wal-Mart Stores  Inc

Land  John W
Bryan  Nelson  Randolph & Weathers
P O  Drawer 18109
Hattiesburg  MS 39404-8109

=> Mettsave Drugs; Quitman Drug Co

Lanier  W Mark
Lanier Law Firm
6810 FM 1960 West
Houston. TX 77069

=> Brown  Bobby*· Brown  Linda*; Daley (Ind /Rep /Est -Robert Deleon & Next Friend for Scott A  &
Shirley Mann)  Deborah*; Stubblefield (Ind /Rep /Est -Keith Jerome & Next Friend-Keith Jerome
Korietta Lashay  Kendall Wayne& Kedrick Roy). Kimberly D *

Leathers  Jeffrey D
Greer  Pipkin  Russell. Dent & Leathers
P O  Box 907
Tupelo  MS 38802

=> Community Discount Pharmacy*

Leesfield  Ira H
Leesfield. Leighton  Rubio & Mahfood  P A
2350 South Dixie Highway
Miami  FL 33133

=> Schneider  Sidney

Levin  Arnold
Levin. Fishbein  Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia. PA 19106

=> Besaw  Patrick*; Smith  Henry*; Smith  Mary*

Lewis. Carlene Rhodes
Goforth  Lewis. Sanford  LLP
1111 Bagby
Suite 2200
Houston  TX 77002

=> Ahl  June*; Alaniz  Flora*; Allen. George*; Alston  Jr .John*; Anglin  Helen*; Austin  Nancy*; Baker.
Mary*; Baker  Norma*; Baldwin  Kenneth*; Banks. Judy*; Barrington  Ernest*: Bell, Myrtle Louise*;
Benavides (Ind /Rep/Est -Lucia Gutierrez). Patricia*; Berry, Flora*; Bogdany  Arthur*; Bridgers.
Rebecca*; Bronze  Sandra*; Brooks  Fredrick*; Brow  Mary*; Brown. Esther*, Brown, Wattie*; Buck
Patricia*; Buckner  Claude*; Bullock, Barbara*; Burk-Cameron  Patricia*; Burkett (Legal
Heir/Est -Lelan Stringer)  Majorie*: Burrell  Willie*; Busby-Allen. Sharla*; Butcher  Shirley*; Calder
Virginia*; Camacho  Maria*; Carney  Homer*; Carter  Andrea*; Carter  Essie*; Carter, Helen Portis*·
Castro  Hortensia*; Cebrum  Alice*; Chambers  Christopher*; Chane, Della*; Chatman  Charles*·
Childress. Cynthia*; Chocolate, Belinda*; Clark  Beulah*; Clark  Cortrena*; Clark  Delores*; Clark
Mary*; Clayton. Marsha*; Cluff, Anna*; Coleman  Lula*; Combs  David*; Cooper  Roberts*;
Coppedge  Darryle*; Crick. Kimberly*; Cruz. Esperanza*; Cryer  Becky*; Dahl. David*; De La Rosa.
Odilla*; Deainza  Barbara*; Denny. Jeffrey L *; Denny  Molly J *; Diaz  Mary*; Duncan  Shirley*;
Elam  Claudia*; England  James*; Fischbach  Azleigh*; Flaniken  Betty*; Forbes  James*; Foward  Joe*;

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| | Futrell, Sharon*; Gajdosik, Margaret*; Garrett, Manicka*; Garza Jorge*; Garza, Linda*; Garza Manuel*; Garza Pauline*; Geryak Janie*; Gilmore, Bobbie*; Glaspie Precious*; Goss Garcia*; Graves, Mark*; Gray, Marvinette*; Griggsby; Tenya*; Guzman Beatriz*; Haddox Gracie*; Hafemann Donald*; Hannah Reba*; Hannah, Sandra*; Hardin Larry*; Harrell Regina*; Harris Richard*; Harris Sandra*; Harris, Vivian*; Haynes Lloyd*; Heirs/Est -Pablo Flores*; Hermis Lawrence*; Hernandez Ana*; Hervey, George*; Hess Kenneth*; Hill Kristy*; Hodges Alvin*; Hogue Thelma*; Holland Wanda*; Hopson (Ind /Rep /Est -Kay Faubion) Joe*; Howard Annice*; Hubbs Judy*; Hutson. Jerry*; Jackson, Ella*; Jackson, Esther*; Jackson, Lendia*; James Tracy*; Jobe, Charles*; Johnson Willie*; Jones Terryl*; Kenne, Gordon*; King Patricia*; Knox Mary*; Kolak Alexander*; Lane Sr Prentice*; Lawson, Elva*; Lee Gary*; Lerma, Clemente*; Leslie Doris*; Leveen Jay*; Lewe Doris Jean*; Lewis Crystal*; Lise, Joyce*; Logsdon Ernest*; Lovvorn Jesse*; Lucas Stephen*; Mallet Anthony J *; Mallet Priscilla G *; Mankarious Rifaat*; Manning Rosie*; March Alicia*; Martin Georgia*; Martinez Willie*; Mauldin, Mary*; Mayberry Janice*; Mayo Veronica*; McCleveland Kym*; McGathon, Myrtle*; McMillian, Opal*; McNulty Sharon*; Miller Grunetta*; Molina Euardo*; Moore, Sharon*; Moreno Jesus*; Morris Gerald*; Morton David*; Mowery Ricky*; Murphy Mary*; Myer. Margaret Pearson*; Nelson Rubie*; Newell Carol*; Newton, Mary*; Nichols Fredrick*; Oliver Rena*; Owen III David*; Parker Jessie*; Parks, Dorothy*; Parks Margaret*; Patterson, Steven*; Phelan, Claudia*; Phillips, Laura M *; Pikul (Adm /Est -Paul), Thomas Joseph*; Platt Jr Alvin*; Posada, Maria*; Powers Gail*; Pradia, Carolyn*; Punch Vivian*; Pyron, Marshall*; Rady Jean*; Ramirez Josefa*; Ray Sr. Darrell*; Reyna Pete*; Reynolds Lori*; Rhodes Brian*; Rhodes George*; Richter Mary*; Rivera Epifanio*; Roberts Katherine*; Roberts Lorna*; Robertson, Teddy*; Robinson Lonnie*; Robinson Oscar*; Rodriguez, Dorothy*; Rodriguez Jose*; Rodriguez, Vivian*; Rogers Hank*; Ross, Larry*; Ross Olga*; Ross Sonsuray*; Royston Trina*; Russell Shelvy*; Saylor Richard*; Schuhrke Nora*; Seago Buncy*; Shah Ahmed*; Shields Marie*; Simmons Robert*; Simpson Ovie*; Simpson Patricia*; Skipworth Billy*; Small Weavis*; Smith Georgia*; Smith Melody*; Sorge Charles*; Steard Sheilah*; Stech, Richard*; Taylor Jimmy*; Taylor Susan*; Taylor Tammy*; Taylor-Beck, Dimitri*; Teagve James*; Thomas Gerladine*; Thomas Jr Clifton*; Thomas Leslie*; Thompson Ray*; Tucholski Ernest*; Wallace Lamar*; Ward George*; Ward Willie*; Wardlow, Willard*; Watson Jummy*; Watson Lonzine*; Wiley Littie*; Williams Belinda*; Williams Charlotte*; Williams Josephine*; Williams Theresa*; Wilson John*; Wofford Diane*; Wood, Carol*; Woodall Phyllis*; Worsley, Fred*; Wright Alice*; Yarbrough Brenda*; Yong Cha Page* |
| Lietz David K<br>Coale Cooley Lietz McInerny & Broadus<br>818 Connecticut Avenue<br>Suite 857<br>Washington DC 20006 | => Gerber Ellen B *; Gerber Melvin* |
| Lockridge, Richard A<br>Lockridge, Grindal & Nauen P L L P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis MN 55401-2179 | => Homister, Shirley |
| Luckett Jr William O<br>Luckett Law Firm<br>P O Drawer 1000<br>Clarksdale MS 38614-1000 | => Kroger Co |
| Malone Patrick A<br>Stein. Mitchell & Mezines<br>1100 Connecticut Avenue, N W<br>Suite 1100<br>Washington DC 20036 | => Jeffers, Barbara Ann; Jeffers Daniel Martin |
| Matthews David P<br>Abraham Watkins Nichols Sorrels Matthews & Friend | => Gilmore Charles C *; Hale Donna*; Stout, John R *; White, Johnny*; Young Bernadette* |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

800 Commerce Street
Houston TX 77002-1776

McClain Kenneth B                            => Nevels Caroline*
Humphrey Farrington & McClain P C
221 West Lexington
Suite 400
Independence MO 64050

McNamara J Leray            => Ball M D . David*; Barr. M D . William*; Hammock M D , B L ; Hassell John F ; Line, M D . Lance*;
Copeland Cook Taylor & Bush P A            Liverman, Steven B *; Newell M D  Bruce*; Peeler, M D , J G *; Smith M D . Randall: Weiss David
200 Concourse Suite 200            C *; Windham M D  Thomas*
1062 Highland Colony Parkway
P O Box 6020
Ridgeland MS 39158-6020

Meaders  Kim M                              => Alford s Pharmacy*
Crouch & Ramey
1445 Rose Avenue
Ste 2300
Dallas TX 75202

Merkel Charles M                            => Shannon Frances
Merkel & Cocke
P O Box 1388
Clarksdale MS 38614-1388

Milam S Kirk                                => Gunn, M D  Susan*; Gunn Susan*; McIntosh M D  Cooper A *
Hickman. Goza & Spragins Pllc
P O Drawer 668
Oxford MS 38655-0668

Milavetz Allen Scott                        => Burris Jr  Lowell
Milavetz Gallop & Milavetz
6500 France Avenue South
Edina MN 55435

Miller, Mason L                             => Getty Richard J *; Stamper, Della*
Getty & Mayo PLLC
1900 Lexington Financial Center
250 W Main Street
Lexington KY 40507

Minor Daniel                                => Minor Daniel
1032 Cardinal Dr
Waco. TX 76712

Minor, Steven R            => Amerisource Corp *#; AmerisourceBergen Corp  fdba AmeriSource Corp
Elliott Lawson & Minor PC
P O Box 8400
Bristol VA 24203-8400

Moirano, Michael H                          => Oswald  Constance*
Nisen & Elliott
200 West Adams Street
Suite 2500
Chicago IL 60606

Mousseau Geoffrey C                         => Ashman  Charles*
Mousseau & Associates

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

1421 Valverde Place
Suite B
Glendale CA 91208

Mulhern Edwin T
Huwel & Mulhern
11 New Hyde Park Road
Frank Square NY 11010
=> Mell Alan

Murray Stephen B.
Murray Law Firm
909 Poydras Street
Suite 2550
New Orleans LA 70112-4000
=> Gottsegen M D  Warren L *; Gregory Jr  William B *

Nast Dianne M
Roda & Nast P C
801 Estelle Drive
Lancaster PA 17601
=> Engle (Ind /Adm /Est -Louise) Fred S *

Naylor Eugene R
Wise, Carter Child & Caraway
600 Heritage Bldg
401 East Capitol St
P O Box 651
Jackson MS 39205-0651
=> Patel M D  Pravin

O Malley Richard F
Sidley Austin Brown & Wood
10 South Dearborn Street
Suite 48 Southeast
Chicago IL 60603
=> G D  Searle & Co *; Pfizer Inc *; Pharmacia Corp *

Owen Gregory J
Owen Patterson & Owen
23822 West Valencia Blvd
Suite 201
Valencia CA 91355
=> Baca, Richard David*; Berchtold Don*; Cole Sally*; De Luca Barbara*· Evans Charles*; Giles Stan*; Goodell Margaret Helen*; Gunn Leroy*; Holley (Heir-Audrey L Piscitello) Alison*· Householder Betty*; Jackson Yvonne O *; Piscitello (Heir-Audrey L ) Clement*; Reagan Gorman*, Safford Joyce Crawford*; Salt Della Jo*; Sieper (Heir-Audrey L. Piscitello) Meredith*; Winward Kenneth C *; Wright  Ward*

Pearson Thomas Jack
Pearson & Campbell, P C
2394 Calder Avenue
Beaumont, TX 77702
=> Allen, Oloria*; Jones, Rena*; Lewis (Ind /Next Friend-Trienida & Quenida) Brenda*; Lewis (Ind /Next Friend-Trienida & Quenida) Darylene*· Painton, Billie*; Painton Jack*; Richard Calvin*; Richard, Ervin*; Richard, Kernis*; Richard Larry*; Richard Lon*; Richard, Lovincy*

Piper Jr Robert E
Piper & Associates
624 Pierre Avenue
P O Box 69
Shreveport LA 71103
=> Bates, Catherine; Bates Leroy; Burns Annie; Burns Lendell; Butler, Mary; Butler Maynard; Evans, Garnett; Evans Marion; Harper Josephine; McKnight Vaughn; Sadler, Leona; Tice Martha; Tice William; Wright, Frances; Wright Herchial

Pitre Frank M
Cotchett Pitre Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malcolm Road
Burlingame CA 94010
=> Brass Jeffrey; Taylor Patricia A ; Tokes Kathy

Pope Geoffrey Edward
Doffermyre Shields Canfield Knowles & Devine
1355 Peachtree Street  N E
=> Strickland, Edna

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1600 The Peachtree<br>Atlanta, GA 30309-3269 | |
| Price Henry J<br>Price Potter Jackson, Waicukauski & Mellowitz<br>The Hammond Block Building<br>301 Massachusetts Avenue<br>Indianapolis IN 46204 | => Baum Janice; Briner (Per /Rep /Est -Phyllis). Darai; Henderson, Kevin; Portillo (Ind /Heir-Elvira M<br>Pena) Ruben; Van Jelgerhuis Kimberly |
| Queiglas-Jordan Eric M<br>Queiglas Law Offices<br>P O Box 16606<br>San Juan PR 00908-6606 | => Gonzalez. Hilda Rita; Gonzalez Robert A ; Gonzalez-Arias Rafael* |
| Robb William R<br>Aleshire Robb & Sivils P C<br>901 St Louis Street<br>Suite 1600<br>Springfield MO 65806 | => Young (Ind /Next Friend-Steven/Adm /Est -Lisa). Russell |
| Rowland Robert D<br>2227 South State Route 157<br>Edwardsville IL 62025 | => Ellis John* |
| Ruiz, John H<br>Law Office of John H Ruiz<br>5040 N W 7th Street<br>Suite 920<br>Miami FL 33126 | => Abraham Josefa*· Alcarez Maria P *; Andino Jose* |
| Rynecki Scott<br>Rubenstein & Rynecki<br>16 Court Street<br>Suite 1717<br>Brooklyn NY 11241 | => Aiken (Adm /Est -Mary & Kenneth) Elizabeth; Covington Jerome: Davis, Laney C |
| Saia Stephen V<br>Law Offices of Stephen V Saia<br>70 Old Cart Path Lane<br>Pembroke, MA 02359 | => Saia, Frank R * |
| Schwebel Paul R M<br>5657 Rundle Court<br>Indianapolis IN 46220 | => Morrison (By his Per /Representative Patricia L ) Lowell D |
| Scott Stuart E<br>Spangenberg Shibley & Liber LLP<br>2400 National City Center<br>1900 East 9th Street<br>Cleveland OH 44114 | => Moldovan Gregory*; Moldovan Wanda* |
| Seeger Christopher A<br>Seeger Weiss LLP<br>One William Street<br>10th Floor<br>New York NY 10004-2502 | => Brown Clairse; Hanson, William*; Pagan Carmen M ; Walson (Ind /Adm /Est -Willie Jr ) Roberta* |
| Simon, Jeffrey B<br>Waters & Kraus<br>3219 McKinney Avenue | => Bias Byron; Varnado Carolyn |

*(Panel Attorney Service List for MDL 1 657 Contini*                                                    Page 12

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Suite 3000
Dallas  TX 75204

Smith  David Neil                              => Williamson (Ind /Next friend-Courtly & Herman)  Marian
Nix  Patterson & Roach  LLP
205 Linda Drive
Dangerfield  TX 75638

Smith  Deanna Dean                             => Truitt  M D  Norman
Ebanks  Smith & Carlson LLP
1401 McKinney
Suite 2500
Houston  TX 77010-4034

Snapka  Kathryn A                              => Benavides (Ind /Per /Est -Juan)  Patricia*; Sandoval  Audona
Snapka  Turman & Waterhouse  LLP
606 N  Carancahua  Suite 1511
P  O  Drawer 23017
Corpus Christi  TX 78403

Specter  Shanin                                => Sirota  Merrick*; Sirota  Michele*
Kline & Specter
1525 Locust Street
19th Street
Philadelphia  PA 19102

Stacy  Robert F                                => Don s Pharmacy  Woods Drug Store
Daniel  Coker  Horton & Bell
P O  Box 1084
Jackson  MS 39215-1084

Steward  John S                                => Perkins  Janice
Meyerkord and Steward
2525 South Brentwood Boulevard
Suite 102
St  Louis  MO 63144

Sullivan  Robert G                             => Wright  Dawn; Wright  Lawrence
Sullivan  Papain  Block  McGrath & Cannavo
120 Broadway
18th Floor
New York  NY 10271

Thomas  Casandra F                             => Thomas  Cassandra Faye
514-C Woodrow Wilson Avenue
Jackson  MS 39213

Tisi  Christopher V                            => Biles, Melvin*; Edler (Ind /Per /Rep /Est -William Dale & behalf-wrongful death beneficiaries-William
Ashcraft & Gerel                                  Dale  Gail Lynne & Shawn C )  Lindsey*; Morris  Jr . David*
2000 L Street  NW
Suite 400
Washington, DC 20036

Wade  Jr  Lawrence D                           => Petilos  M D  Salvador; Waller  M D  Richard E
Campbell  DeLong  Hagwood & Wade
P O  Box 1856
Greenville  MS 38702-1856

Walker  Chris J                                => Stone  M D  Deck; Weiner  Roger
Markow  Walker  P A

Note: Please refer to the report title page for complete report scope and key

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| P O Box 13669<br>Jackson MS 39236-3669 | |
| Walker  Thomas E<br>Johnsion  Barton  Proctor & Powell<br>2900 AmSouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham AL 35203 | => Harlan  Gary; Wall, Robert |
| Watson, Leila H<br>Cory  Watson  Crowder & DeGaris  P C<br>2131 Magnolia Avenue<br>P O Box  55927<br>Birmingham AL 35255-5972 | => Wilson  Danny M |
| Weaver  Jennifer Fadal<br>1305 Fossel Ridge Trial<br>Waco  TX 76712 | => Weaver  Jennifer Fadal |
| Weiner, Richard J<br>Law Offices Of Richard J  Weiner, P C<br>119 Rockland Center<br>Suite 425<br>Nanuet  NY 10954 | => Quick, Anna |
| Weisbrod, Leslie<br>Morgan & Weisbrod<br>11551 Forest Central Drive<br>Suite 300<br>Dallas  TX 75243 | => Register  Anne; Register  Jack A |
| Welch  III  Jewell E<br>Cunard  Reis  Law Firm<br>9214 Interline Avenue<br>Baton Rouge, LA 70809 | => White  Vicki |
| Weston  John K<br>Sacks  Weston  Smolinksy  Alberi & Luber<br>510 Walunt Street<br>Suite 400<br>Philadelphia  PA 19106 | => Carr, Gwendolyn L * |
| Wright  James L<br>Mithoff & Jacks<br>1 Congress Plaza<br>111 Congress Avenue<br>Suite 1010<br>Austin  TX 78701-0001 | => Bauman (Ind /Rep /Est -Elsie Geneva)  Larry Lee; Bauman, III (Ind /Rep /Est -Elsie Geneva)  Ernest<br>Charles; Clay (Ind /Rep /Est -Elsie Geneva Bauman), Leslie Lynn Bauman; Mincher<br>(Ind /Rep /Est -Elsie Geneva Bauman), Kelly; Moses (Ind /Rep /Est -Elsie Geneva)  Mary Carla; Tolbertt<br>(Ind /Rep /Est -Elsie Geneva Bauman)  Lisa Bauman |
| Zonas, James John<br>James J  Zonas  Attorney  at Law<br>700-2nd Avenue  North<br>Suite 102<br>Naples  FL 34102 | => Dunleavey (By & Through/Per /Rep /Est -Edward)  Frances |

Nadeem Haider
606 N. Jefferson St.
Louisville, MS 39339

Barbara J. Hart
Goodkind,Labaton,Rudoff & Sucharow
100 Park Ave., 12th Floor
New York, NY 10017-5563

Steven L. Russell
Beirne,Maynard & Parsons
1700 Pacific Ave, Ste 4400
Dallas,TX 75201

# EXHIBIT C

1

1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
2                 NEW ORLEANS, LOUISIANA

3

4

5

IN RE:  VIOXX PRODUCTS        *    Docket MDL 1657-L
6    LIABILITY LITIGATION         *
                                *    June 23, 2005
7                                *
                                *    9:30 a.m.
8    * * * * * * * * * * * * * * *

9

10

                 STATUS CONFERENCE BEFORE THE
11               HONORABLE ELDON E. FALLON
                 UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14

For the Plaintiffs:        Seeger Weiss
15                         BY:  CHRISTOPHER A. SEEGER, ESQ.
                           One William Street
16                         New York, New York 10004

17

For the Defendants:        Stone Pigman Walther Wittmann
18                         BY:  PHILLIP A. WITTMANN, ESQ.
                           546 Carondelet Street
19                         New Orleans, Louisiana 70130

20

Official Court Reporter:   Toni Doyle Tusa, CCR
21                         500 Poydras Street, Room B-406
                           New Orleans, Louisiana 70130
22                         (504) 589-7778

23

24

Proceedings recorded by mechanical stenography, transcript
25   produced by computer.

2

PROCEEDINGS

(June 23, 2005)

1
2
3      THE DEPUTY CLERK:  Everyone rise.

4      THE COURT:  Be seated, please.  Good morning, Ladies

5  and Gentlemen.  Call the case, please.

6      THE DEPUTY CLERK:  MDL 1657, In Re: Vioxx.

7      THE COURT:  Counsel, make your appearances for the

8  record.

9      MR. SEEGER:  Good morning, Your Honor.  Chris Seeger

10  for the plaintiffs.  I'm going to be playing Russ Herman today.

11      MR. WITTMANN:  Phil Wittmann, Your Honor, liaison

12  counsel for the defendants.

13      THE COURT:  I understand we have some counsel on the

14  phone.  Who is that?

15      MS. SOTOODEH:  Pamela Sotoodeh in Chicago.

16      MS. KOPELMAN:  Richard Kopelman of Decatur, Georgia.

17      THE COURT:  Good morning.  This is our monthly status

18  conference.  I have received from the liaison counsel the

19  proposed agenda.  We will take the items in order.  The first

20  is LexisNexis File & Serve.  Let me have a report on that.

21      MR. SEEGER:  Judge, we continue to have problems with

22  LexisNexis.  We are having problems getting documents posted

23  and served.  On the other end, they're having problems

24  identifying firms that are already previously registered.  We

25  have got some calls set up with them to try to work through

1    with this issue in that fashion.  We have a confidentiality
2    agreement which will allow the defendants comfort to produce
3    certain information without fear that their future economic
4    security is in jeopardy.  The remand issues.

5              MR. SEEGER:  Judge, that's in the report.  You are
6    going to be dealing with remand motions as a group by
7    procedures that you will be setting up.

8              THE COURT:  Right.  This is always an issue which the
9    MDL Court has to look at.  The question is posed.  There are
10   various issues of remand in various cases throughout the
11   country.  Again, a significant advantage of the MDL concept is
12   some consistency.  The Rule of Law is really based on
13   consistency.  If different decisions are made by numerous
14   judges, then you have no consistency and no predictability and
15   no one knows exactly what to do or how to do it.  It's easier
16   if one court decides some of these matters than if 50 or 100
17   courts decide the matter.

18              I'm conscious of dealing with the remand as
19   quickly as possible, but I do want to get them all together,
20   look at them, see if I can group them in some way, and then
21   direct my attention on each particular group and deal with that
22   issue in a consistent and fair fashion for that group.  I will
23   be dealing with them as quickly as I can, but also with an idea
24   of having more consistency.  I'll be speaking about this
25   perhaps later on because I do have some concepts and ideas

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 5 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| THE HEIRS OF THE ESTATE OF | § | |
| PABLO FLORES, INDIVIDUALLY AND | § | |
| ON BEHALF OF THE ESTATE | § | 23 |
| | § | |
| v. | § | CIVIL ACTION NO. C-03-362 |
| | § | |
| MERCK & CO., INC. AND RANDY | § | |
| FUENTES, M.D. | § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DISMISSING CLAIMS AGAINST DEFENDANT FUENTES

After careful consideration, the Court DENIES plaintiffs' Motion to Remand (D.E. 9) and DISMISSES all claims against defendant Fuentes.

*Fraudulent Joinder:*

Defendant Merck removed this action alleging fraudulent joinder of defendant Fuentes. Fraudulent joinder is established by showing (1) actual fraud in pleading jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse plaintiff. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). There must be a reasonable possibility of recovery, not merely a theoretical one. *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003). "Although the Fifth Circuit has not drawn a bright-line distinction between a reasonable possibility and

1

a theoretical one, it has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F.Supp.2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains Trust Co.*, 313 F.3d at 329).

Plaintiffs' petition alleges negligence, strict liability, fraud, misrepresentation, breach of warranty, and derivative wrongful death and survival claims. The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for any of these claims. *Great Plains Trust Co.*, 313 F.3d at 312.

Plaintiffs make conclusory, general allegations of negligence against Fuentes which they fail to support with specific, underlying facts. In plaintiffs' petition, the only allegation that directly refers to Fuentes is that "Plaintiff Decedent was prescribed Vioxx® by defendant Dr. Fuentes. Decedent presented in part with a serious history of cardiac disease, hypertension and/or other risk factors contrary to the ingestion of Vioxx®." Yet, the plaintiffs later claim that Merck "failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx® ingestion." The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for negligence when the plaintiffs' own petition states that Fuentes, as a member of the health care industry, was not made aware of the risks of the ingestion of the drug.

2

Also, the strict liability claim does not form an arguably reasonable basis for the imposition of state law liability.[1] Plaintiffs further fail to provide any factual support for their fraud or misrepresentation claims as they apply to Fuentes; they rely on speculative and conclusory allegations, which are insufficient to support these claims. *See, e.g., Staples*, 270 F.Supp.2d at 844. Also, the breach of warranty claim is asserted solely against Merck and not against Fuentes. Finally, it follows that the derivative claims fail to form a basis for the imposition of state law liability upon Fuentes as well. *See Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th Cir. 1994) (Wrongful death and survival claims "are derivative actions and condition the plaintiff's ability to recover upon the decedent's theoretical ability to have brought an action had the decedent lived.").

As such, the Court concludes that Fuentes was fraudulently joined. Therefore, the Court DENIES plaintiffs' motion to remand and DISMISSES all claims against defendant Fuentes.

ORDERED this *12* day of *March*, 2004.

*[signature]*

HAYDEN HEAD
CHIEF JUDGE

---

[1] On the facts, it is extremely unlikely a Texas court would find Fuentes strictly liable for the prescription. *See, e.g., Cobb v. Dallas Forth Worth Medical Center–Grand Prairie*, 48 S.W.3d 820, 826 (Tex. App. 2001). Also, a strict liability claim would be time-barred under the two-year statute of limitations of Tex. Civ. Prac. & Rem. Code 16.003(b) (Vernon 2003) because decedent died on September 9, 2000 and plaintiffs did not file their action until March 6, 2003. *See also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999) ("The statute of limitations is only . . . two years on a strict liability claim.") The agreed tolling stipulations do not affect this time bar

# EXHIBIT E

United States District Court
Southern District of Texas
FILED
MMM
FEB 2 3 2004
Michael N. Milby, Clerk
Laredo Division

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

United States District Court
Southern District of Texas
ENTERED
MMM
FEB 2 4 2004
Michael N. Milby, Clerk
Laredo Division

|  |  |  |
|---|---|---|
| PATRICIA BENAVIDES, Individually | § | |
| and as Representative of the | § | |
| ESTATE OF LUCIA GUTIERREZ, | § | |
|  | § | |
| Plaintiffs, | § | |
|  | § | |
| vs. | § | Civil Action No. L-03-CV-134 |
|  | § | |
| MERCK & CO., INC., | § | |
| CARLOS CIGARROA, M.D., | § | |
| MERCY HOSPITAL, and | § | |
| DENNIS CANTU, M.D., | § | |
|  | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Remand [Doc. No. 6]. Having reviewed the pending motion, the parties' filings, and the applicable law, this Court recommends to the District Court that the motion be **DENIED**.

### I. FACTS

Although Plaintiff's complaint contains scant details about events leading to the alleged injuries, additional facts can be gleaned from the parties' other filings. Plaintiff Patricia Benavides ("Plaintiff") represents herself and the estate of her mother, Lucia Gutierrez ("Ms. Gutierrez" or "Decedent"). Ms. Gutierrez died of a myocardial infarction on March 30, 2001. (Pl.'s Orig. Pet. at 4.) Defendant Dr. Dennis Cantu ("Dr. Cantu") treated Ms. Gutierrez from approximately July 1999 through February 2001. (Affidavit of Dennis Cantu, Supp. Exhibit to Def. Merck & Co.'s Resp. in Opp'n to Pl.'s Mot. to Remand). Over the course of her treatment, Dr. Cantu prescribed Vioxx (rofecoxib) to Ms. Gutierrez. *See id.* Dr. Cantu last saw Ms. Gutierrez on February 12, 2001. *Id.*

34

Defendant Merck & Co. ("Merck") markets and distributes rofecoxib as an osteoarthritis and pain-relief drug under the trade name Vioxx. (Pl.'s Orig. Pet. at 4.)  Several studies published in 2001 and 2002 indicate that using rofecoxib may increase the risk of myocardial infarction. (*See* Pl.'s Orig. Pet. at 5-7.)  In September 2001, the Food and Drug Administration sent a warning letter to Merck, stating in part that Merck had misrepresented Vioxx's "safety profile" in commercial promotions of the drug. *Id.* at 7.

Dr. Carlos Cigarroa ("Dr. Cigarroa") was the attending physician at Mercy Hospital who treated Ms. Gutierrez up until the time of her death. (Pl.'s Reply to Merck & Co.'s Resp. to Pl.'s Mot. to Remand at 2.)  Plaintiff's complaint does not allege any facts about Dr. Cigarroa or Decedent's interactions with him, other than jurisdictional facts.

Defendant Mercy Hospital has apparently answered the complaint, although a copy of their original answer was not included with the Notice of Removal. *See* Pl.'s Mot. to Remand, Unmarked Exhibit, between Exhibit D and Exhibit E.  Plaintiff's complaint does not allege any facts about Mercy Hospital or Decedent's interactions with Mercy Hospital, other than jurisdictional facts.

Plaintiff filed her Original Petition in the 49th Judicial District of Texas, Zapata County, on May 29, 2003.  Plaintiff's complaint alleges negligence, strict liability, misrepresentation and suppression, breach of warranty (as to Defendant Merck), and fraud.  Defendant Merck was served August 13, 2003, and removed the case on September 11, 2003, asserting that Defendants Dr. Cantu, Dr. Cigarroa, and Mercy Hospital ("Healthcare defendants") were fraudulently joined. Merck argues that any medical malpractice claim against the Healthcare defendants is barred by the statute of limitations, and that Plaintiff's complaint does not contain legally or factually sufficient claims against these defendants.

2

Plaintiff filed a motion to remand the case to state court on October 10, 2003. Plaintiff argues that her Original Petition sets forth a viable claim of negligence against Dr. Cigarroa and Dr. Cantu.[1]

## II. ANALYSIS

### A. Federal Jurisdiction

A defendant may remove a civil action brought in State court to the appropriate United States district court when the district court has original jurisdiction over the case. 28 U.S.C. §1441(a). United States district courts have original jurisdiction over civil actions when the parties have diversity of citizenship and an amount over $75,000 is in controversy. *See* 28 U.S.C. §1332(a).

The party seeking removal bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When assessing the propriety of removal, United States district courts must strictly construe removal statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

In this case, Plaintiff is a citizen of Texas. Defendant Merck is incorporated in New Jersey and maintains its principal place of business in New Jersey. Defendants Dr. Cantu and Dr. Cigarroa are Texas citizens. Plaintiff does not allege the incorporation or principal place of business of Defendant Mercy Hospital in her complaint. For the purposes of this motion to remand, the Court

---

[1]Plaintiff bluntly states that her original complaint sets forth a claim against Mercy Hospital, but does not offer any factual support or argument for this statement. Plaintiff also discusses Merck's burden of proof on fraudulent joinder as to "a medical malpractice claim against the *two* resident Defendants." Pl.'s Mot. to Remand at 4 (emphasis added).

3

will assume that Mercy Hospital is a citizen of Texas. On the face of the complaint, the Court must remand the case because there is not complete diversity. *See* 28 U.S.C. 1332.

### B. Fraudulent Joinder

However, the action may remain in federal court if, as Defendant Merck alleges in its Notice of Removal, the Healthcare Defendants were fraudulently joined in the case. If the Healthcare defendants were fraudulently joined, their citizenship becomes irrelevant for jurisdictional purposes, and this Court would have jurisdiction on diversity grounds. *See McKee v. Kansas City Southern Railway Co.*, 2004 WL 103439 at *4 (5th Cir. Jan. 23, 2004) ("[D]iversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant.") (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)). The defendant bears the burden of establishing that the non-diverse defendants were fraudulently joined. *Id.* at *4 (citing *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003)).

To support a claim of fraudulent joinder for removal purposes, Defendant Merck may show either actual fraud in the jurisdictional facts presented to the court, or that Plaintiff has no valid cause of action against the Healthcare Defendants. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).[2] Here, Defendant Merck does not suggest actual fraud in Plaintiff's jurisdictional statements. Merck must therefore produce "evidence that would negate a possibility of liability" on the part of the Healthcare Defendants to show fraudulent joinder. *Id.* at 650. Defendant's burden of proof is a heavy one, and any contested issues of fact or ambiguities of state law must be taken in the light most favorable to Plaintiff. *Id.* at 649. When assessing a fraudulent joinder claim, the Court may

---

[2]"Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002); *see also Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319 (5th Cir. 2001).

4

"pierce the pleadings" and consider summary judgment-type evidence. *McKee*, 2004 WL 103439 at *4; *Travis*, 326 F.3d at 648-49.

The Fifth Circuit recently clarified the standard for fraudulent joinder allegations in *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). The *Ross* Court specified that when examining fraudulent joinder allegations, "the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* at 462 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). However, a theoretical possibility of recovery is not enough to legitimize a defendant's inclusion in the case. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Travis*, 326 F.3d at 648 (citing *Great Plains Trust*, 313 F.3d at 312). Thus to establish that the Healthcare Defendants were fraudulently joined in this action, Merck must show that Plaintiff has no reasonable chance of establishing its state claims against the Healthcare Defendants.

When considering Plaintiff's allegations, "speculative and conclusory allegations do not state a cause of action without factual support." *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994); *see also Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970), *cert. denied*, 400 U.S. 929 (1970) ("General conclusionary allegations unsupported by facts are insufficient to constitute a cause of action"). If Plaintiff does not "specify a factual basis for recovery against a non-diverse party [this] constitutes a failure to state a claim and fraudulent joinder of that party." *Waters*, 158 F.R.D. at 109 (citing *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D. Miss. 1993)). However, the Court must also consider the degree to which discovery has proceeded, and the opportunity the plaintiff has had to develop its claims. *McKee*, 2004 WL 103439 at *4 (citing *Travis*, 326 F.3d at 649).

5

In its Notice of Removal and in its Response to Plaintiff's Motion to Remand, Defendant Merck argues that the Healthcare Defendants were fraudulently joined because Plaintiff's Original Complaint does not allege the factual or legal basis for any claim against the Healthcare Defendants, and because any medical malpractice claims against them are barred by the statute of limitations under Texas law. In order to determine whether the Healthcare Defendants were fraudulently joined, it is necessary to first consider the allegations in Plaintiff's Original Petition.

Plaintiff argues in her motion to remand that the allegations laid out in the complaint are factually and legally sufficient to constitute valid claims against Dr. Cantu, Dr. Cigarroa, and Mercy Hospital. Plaintiff relies primarily on this statement in her complaint: "Plaintiff Decedent, was given samples of and a prescription for Vioxx for pain. Mrs. Gutierrez presented with [sic] a family history of cardiac disease. Mrs. Gutierrez died on March 30, 2001, of a myocardial infarct." (Pl.'s Orig. Pet. at 4.)

However, Plaintiff's complaint does not allege that Dr. Cantu or Dr. Cigarroa treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, or gave her samples of the drug. In fact, Plaintiff's complaint does not allege that Dr. Cantu or Dr. Cigarroa had *any* interactions with the Decedent. Plaintiff likewise does not allege any facts about Decedent's involvement with Mercy Hospital. The only time Plaintiff lists Dr. Cantu, Dr. Cigarroa, or Mercy Hospital by name is when alleging jurisdictional facts. (Pl.'s Orig. Pet. at 3.) In comparison, Plaintiff lists Merck by name in her complaint and alleges specific actions taken by Merck throughout her complaint.[3] (Pl.'s Orig. Pet., passim.)

---

[3]Plaintiff's complaint sometimes refers to "Defendants" generally, however none of the allegations against "Defendants" are facts that would support claims against the Healthcare Defendants.

6

Although Plaintiff's complaint lists the legal elements of several claims, the complaint does not allege even the minimally required facts about Dr. Cantu, Dr. Cigarroa, or Mercy Hospital to sustain these claims against them. The Fifth Circuit encountered a similar situation in *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999). In that case, Plaintiff Griggs' original and amended petitions did not allege any actionable facts regarding Defendant Blum. *Id.* at 699. The majority of Griggs' petition consisted of factual allegations that referred to "Defendants," but did not describe any actions that could have been taken by Blum. *Id.* The Court refused to extend notice pleading to such a degree. *Id.* ("We cannot say that Griggs' petition, which mentions Blum once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading.") (citing *City of Alamo v. Casas*, 960 S.W.2d 240, 251-52 (Tex. App. 1997)). Here, Plaintiff's petition presents a nearly identical situation: Plaintiff does not assert any facts to support claims against the Healthcare Defendants.

For purposes of fraudulent joinder, Plaintiff may not augment insufficient allegations in her complaint with later assertions. Plaintiff states in her motion to remand that Dr. Cantu and Dr. Cigarroa prescribed Vioxx to the Decedent. Pl.'s Mot. to Remand at 3. However, Plaintiff does not allege this fact in her Original Petition. The propriety of removal depends on Plaintiff's allegations in state court. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979). The *Tedder* Court further noted, "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Id*; *see also Haines v. Natl. Union Fire Insur. Co.*, 812 F.Supp. 93, 96 (S.D. Tex. 1993) ("The determination of . . . fraudulent joinder is based on the causes of action alleged in the complaint as it existed at the time of removal."); *Pullman Co. v. Jenkins*, 305

7

U.S. 534, 537 (1939) (right to removal is determined by plaintiff's pleading at the time of removal). Although Plaintiff may supplement her claims with outside materials in her motion to remand, she may not add claims that are not stated in the complaint.

Plaintiff also incorrectly states the standard for fraudulent joinder as requiring "no possibility that plaintiff can establish a cause of action against the resident defendants." (Pl.'s Mot. to Remand at 3, emphasis in original.) Plaintiff cites *Mauck v. Warner-Lambert Co., et al.*, a 2001 case from the Northern District of Texas. 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 4, 2001). Since *Mauck*, the Fifth Circuit has refined the standard for examining fraudulent joinder in several cases, including *Travis v. Irby*, 326 F.3d 644 (2003), and *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (2003). These cases indicate that a defendant must show that there is no reasonable possibility of a plaintiff's success against non-diverse defendants to establish fraudulent joinder. *See Travis*, 326 F.3d at 648; *Ross*, 344 F.3d at 462. Based on the Original Petition, Plaintiff has no reasonable possibility of prevailing against the Healthcare Defendants.

Because Plaintiff's complaint does not allege sufficient facts against the Healthcare Defendants to constitute valid claims against them, the Court need not consider the viability of theoretical claims under Texas law. Neither does the Court need to take the stage of discovery into account in the fraudulent joinder analysis, as Plaintiff has not alleged any claims appropriate for discovery against the Healthcare defendants. Since Defendant has shown that Plaintiff's claims against Dr. Cantu, Dr. Cigarroa, and Mercy Hospital, as plead in the original petition, are baseless, these defendants' citizenship should be disregarded for purposes of diversity jurisdiction. The Court therefore has jurisdiction over the case under 28 U.S.C. §1332(a).

8

## III. RECOMMENDATION

Based on the above information, the Magistrate Court recommends that the District Court **DENY** Plaintiff's Motion to Remand.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See,* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglas v. United States' Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. *en banc* 1996).

The clerk is directed to send a copy of this Report and Recommendation to all parties.

DONE at Laredo, Texas, this 23rd day of February, 2004.

ADRIANA ARCE-FLORES
United States Magistrate Judge

9

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OCT 03 2003

J. T NOBLIN. CLERK
BY_____ DEPUTY

FRANK OMOBUDE, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JOSEPHINE
OMOBUDE, DECEASED                                              PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:03CV528LN

MERCK & CO., INC. AND
ROBERT M. EVANS, M.D.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff
Frank Omobude, individually and on behalf of the wrongful death
beneficiaries of Josephine Omobude, to remand pursuant to 28
U.S.C. § 1447. Defendant Merck & Co., Inc. has responded to the
motion and the court, having considered the memoranda of
authorities submitted by the parties, concludes that the motion is
not well taken and should be denied.

Plaintiff, a citizen of Mississippi, brought this suit in the
Circuit Court of Hinds County, Mississippi seeking to recover
damages for the alleged wrongful death of his mother, Josephine
Omobude, which he alleges resulted from her use of the
prescription drug Vioxx. Plaintiff sued Merck, the non-resident
corporation that manufactured and distributed Vioxx, and also
named as a defendant Robert M. Evans, M.D., the local physician
who is alleged to have prescribed Vioxx to Josephine Omobude.
Merck timely removed the case on the basis of diversity

jurisdiction under 28 U.S.C. § 1332,[1] contending, based on the allegations of plaintiff's complaint, that the requirement of an amount in controversy in excess of $75,000 is clearly satisfied,[2] and contending further that there is complete diversity of citizenship since Dr. Evans, though a Mississippi resident, has been fraudulently joined to defeat diversity. See Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of non-diverse will not defeat diversity jurisdiction).

The premise of Merck's fraudulent joinder argument, as gleaned from its notice of removal and its response to plaintiff's motion to remand, is that plaintiff's complaint does not allege a sufficient factual basis for his putative claim against Dr. Evans. In particular, Merck notes that throughout his complaint, plaintiff repeatedly and consistently asserts that Merck encouraged the use of Vioxx in "improper customers;" that it "misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects;" that despite knowledge of the defective nature of its product and for the purpose of increasing its sales and profits at the expense of the

---

[1]    That statute provides, in pertinent part, as follows: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states.

[2]    The court notes that plaintiff has not disputed that the amount in controversy exceeds $75,000.

general public's health and safety, Merck aggressively marketed
Vioxx both directly to the consuming public and indirectly to
physicians through drug sales representatives as effective and
safe and with inadequate warnings and instructions; and that Merck
failed to provide timely and adequate post-marketing warnings or
instructions after the manufacturer knew of the risk of injury
from Vioxx.  On the basis of these allegations, plaintiff alleges
claims against Merck for strict liability, negligence, breach of
express and implied warranties and fraudulent misrepresentation.
Merck argues that in light of plaintiff's repeated allegations
that Merck misrepresented the safety and efficacy of its product
and consistently concealed the known risks and dangers not only
from the consuming public but also from physicians, plaintiff's
charge of medical negligence against Dr. Evans based on nothing
more than a conclusory allegation, wholly unaccompanied by any
factual support, that Dr. Evans "knew, or should have known, of
the dangerous side effects of these medications," and that "his
prescribing such medications in light of such knowledge presents a
deviation from the standard of care," is manifestly insufficient
to state a cognizable claim.

In similar cases, this court has held that conclusory and
contradictory allegations of knowledge, which were belied by the
factual allegations of the complaint, demonstrated that the
resident defendants against whom such allegations of knowledge
were made, had been fraudulently joined.  See Brown v. Bristol
Myers Squibb Co., Civ. Action No. 4:02CV301LN, slip op. at 11-12

3

(S.D. Miss. Dec. 2, 2002) (resident physician fraudulently joined where claim was asserted in conclusory terms and contradicted by allegations of the pharmaceutical manufacturer's concealment or misrepresentation of information); Louis v. Wyeth-Ayerst Pharmaceuticals. Inc., Civ. Action No. 5:02CV102LN (S.D. Miss. Sept. 25, 2000) (same with respect to resident pharmacy defendant); see also In re Rezulin Prods. Liab. Litig., No. 00 Civ. 2843, 2003 WL 31852826, at *2 (S.D.N.Y. Dec. 18, 2002) (physician defendant fraudulently joined based on conclusory allegations). In the court's opinion, the same conclusion is in order here.

In so concluding, the court is aware of plaintiff's argument that "[a] party may plead alternative and inconsistent facts or remedies against several parties without being barred." Guy James Constr. Co. v. Trinity Indus.. Inc., 644 525, 530 (5th Cir. 1981). While this may be true generally, the court's point here is that the plaintiff has not pled inconsistent facts, but rather has pled consistent facts that are inconsistent with the conclusion he pleads as to Dr. Evans. Every factual allegation this plaintiff has made is to the effect that Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet, without alleging any factual basis for the charge, plaintiff concludes that Dr. Evans "knew or should have known" the truth about Vioxx that Merck had misrepresented and concealed.

The court does not suggest that a "knew or should have known" allegation" will necessarily always be conclusory and hence

4

insufficient to state a cognizable claim simply because it is not attended by a specific factual allegation as to the source of such knowledge. However, in cases like this, where a plaintiff has specifically alleged facts from which one would necessarily infer that the defendant in question would not have known information otherwise alleged to have been misrepresented or concealed from him, then in the court's opinion, in that limited circumstance, to sustain his pleading burden, the plaintiff would have to plead at least some facts tending to show why or how the defendant knew or should have known of the information that has been misrepresented to or concealed from him. Otherwise, the court would be in the untenable position of assuming that a factual basis exists for a conclusory allegation that is entirely inconsistent with every factual allegation in the complaint. No precedent of which this court is aware suggests that this would be proper.[3] The caselaw,

---

[3]    Plaintiff has cited a number of cases from this district in which claims against physician and pharmacy defendants have been found sufficient to state a claim, but in the court's opinion, these cases are readily distinguishable. Henderson v. GlaxoSmithKline, No. 5:01CV159BrS (S.D. Miss. March 21, 2000), involved a question of fraudulent misjoinder, which is not an issue here. In Hancock v. Bayer Corp., No. 3:03CV67WS (S.D. Miss. Apr. 18, 2003), plaintiff alleged that the physicians in question had committed numerous acts of negligence other than merely prescribing an allegedly defective drug, such as failing to timely recognize the plaintiffs' adverse drug reactions, failing to monitor the plaintiffs, and prescribing the drug in the wrong dosage and in a manner inconsistent with the product labeling and contraindicated usages. Womack v. Bayer Corp., No. 3:03CV157WS (S.D. Miss. Apr. 18, 2003), involved specific allegations of alleged negligence by the defendant doctor, including that the physicians should have known of the risks in light of warnings actually issued to physicians by Bayer. No such claims were pled here. Likewise in the several Bayer cases remanded by Judge Pickering and cited by plaintiff, including Easterling v. Bayer

5

in fact, is to the contrary.  See Great Plains Trust Co. v. Morgan

Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002)

(stating that the court will not "accept as true conclusory

allegations or unwarranted deductions of fact"); Sago v. Wal-Mart

Stores, Inc., 2003 WL 22076954, at *2 (S.D. Miss. 2003) (holding

that "conclusory or generic allegations of wrongdoing on the part

of the non-diverse defendant are not sufficient to show that the

defendant was not fraudulently joined") (citing Badon v. RJR

Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir. 2000); cf.

Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th

Cir. 1996) ("When considering a motion to dismiss for failure to

state a claim, the district court must take the factual

allegations of the complaint as true and resolve any ambiguities

or doubts regarding the sufficiency of the claim in favor of the

plaintiff.  However, conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a

motion to dismiss."); Ross v. Citifinancial, Inc., 2003 WL

22026346, at *3 (5th Cir. 2003) (noting court's recognition of

"the similarity between standards for Federal Rule of Civil

Procedure 12(b)(6) (failure to state claim) and fraudulent

---

Corp., No. 2:03CV37PG (S.D. Miss. Apr. 24, 2003), Dearman v. Bayer
Corp., No. 2:03CV38PG (S.D. Miss. Apr. 24, 2003), Jones v. Bayer
Corp., No. 2:03CV53PG (S.D. Miss. Apr. 24, 2003), Keys v. Bayer
Corp., No. 2:03CV39PG (S.D. Miss. Apr. 24, 2003), and Sumrall v.
Bayer, No. 2:03CV52PG (S.D. Miss. Apr. 24, 2003), the court found
that the plaintiffs had made specific allegations of negligence
against the resident doctors "for failing to properly monitor and
test each of the Plaintiffs according to the defendant drug
companies' recommendations."  No such allegations were made in
plaintiff's complaint in the case at bar.  See infra note 4.

6

joinder" but noting that the latter inquiry is broader); Cranston

v. Mariner Healthcare Mgmt. Co., 2003 WL 21517999, at *4 (N.D.

Miss. 2003)(stating that on motion to dismiss, "[t]he court will

not accept as true any conclusory allegations or unwarranted

deductions of fact").[4]

---

[4]    The court notes that the only claim plaintiff has
alleged against Dr. Evans in his complaint is medical negligence
based on the allegation that Dr. Evans "knew, or should have
known, of the dangerous side effects of these medications" and his
prescribing "said medications in light of such knowledge."  In his
motion to remand, however, plaintiff attempts to recharacterize
and add to his claim against Dr. Evans.  He argues, for example,
that his claim that Merck produced and distributed defective
products does not preclude his claim against Dr. Evans with regard
to his "negligence in prescribing Vioxx or his negligence in
monitoring plaintiff."  He argues further that
        [j]ust as Merck failed to adequately warn Plaintiff's
        Decedent's physician, Dr. Evans failed to conduct
        regular monitoring of Plaintiff's Decedent to ensure the
        discovery of potentially serious side effects. . .
        including, not limited to, failing to perform adequate
        tests before the initiation of Vioxx treatment, and
        failing to subsequently perform other tests after
        initiation of Vioxx therapy to monitor any change in the
        status of Plaintiff's decedent. . . .  Defendant Evans
        also failed to warn Plaintiff's Decedent of possible
        side effects. . . .
None of these allegations, or any hint of such allegations,
appears anywhere in the complaint which, as to Dr. Evans, alleges
only that he was negligent in prescribing Vioxx when he knew, or
should have known, of the dangers of the drug.  Plaintiff cannot
secure remand on the basis of allegations and claims that are not
set forth in his state court pleading.  See However, the
Cavallinis did not cite, nor have we found, any case in which such
evidence has been considered to determine whether a claim has been
stated against the nondiverse defendant under a legal theory not
alleged in the state court complaint.
Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263
263 n.14 (5th Cir. 1995)(rejecting plaintiff's "assertion that
post-removal affidavits can be used to defeat removal by
presenting new causes of action").

For the foregoing reasons, the court concludes that plaintiff's motion to remand is not well taken and should be denied.

Accordingly, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 3rd day of October, 2003.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT G

CONFIDENTIAL ATTORNEY WORK PRODUCT JUN 15 AM 10: 49

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA                CLERK ... TE

|                                           | MDL NO. 1657           |
|-------------------------------------------|------------------------|
| IN RE: VIOXX                              | SECTION: L             |
|     PRODUCTS LIABILITY LITIGATION         |                        |
|                                           | JUDGE FALLON           |
|                                           | MAG. JUDGE KNOWLES     |
| THIS DOCUMENT RELATES TO ALL CASES        |                        |

### PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO MODIFY ORDER OF JUNE 6, 2005 REGARDING PHYSICIAN CONTACTS

In its Order and Reasons of June 6, 2005, the Court held that "if either side wishes to interview a Plaintiff's prescribing physician, that party must first serve opposing counsel with five days notice of such interview in order to give opposing counsel the opportunity to be present and participate in the interview." (*Id.* at 1.) The Court has authority to modify its case management orders, *Ramirez Pomales v. Becton Dickinson & Co.*, 839 F.2d 1, 3 (1st Cir. 1988), and Plaintiffs hereby move to modify the Order for the reasons set forth below.

**1.    The Court's Order Is Unprecedented and Inconsistent with Practice in Other Major Venues of the Vioxx Litigation.**

The Court's Order of June 6, 2005 has no precedent, and would result in a sea change in the practice established by prior litigation in the Vioxx cases, as well as earlier MDLs. For example, in similar pharmaceutical MDLs such as those involving Fen-Phen, Rezulin and Baycol, the courts did not issue orders requiring plaintiffs' counsel to notify defense counsel, nor to allow them to be present during contacts with treating doctors.

As noted in Plaintiffs' Brief dated May 5, 2005, other venues exist where Vioxx

450144.1                                     1

litigation is ongoing, in which Plaintiffs' counsel may exercise their traditional ability to act as Plaintiffs' agents in obtaining information from treating physicians without participation of defense counsel, and where defense counsel may not have *ex parte* contacts with the treating doctors.[1] As further noted in Plaintiffs' Supplemental Memorandum dated May 27, 2005, rulings to the contrary here may have the "unfortunate (but understandable) effect of discouraging participation in the MDL..." (*Id.* at 7). The PSC is obligated to inform the Court that initial responses of plaintiffs' counsel to the Order of June 6, 2005 have borne out this prediction. Many Plaintiffs' lawyers from around the country have stated their intention to file their cases in state courts rather than the MDL.

### 2.    There Is No Evidence of Improper Conduct Requiring Correction.

During the course of several years of Vioxx litigation prior to the formation of this MDL, Defense counsel have taken numerous depositions of treating doctors, where the physicians' contacts with Plaintiffs' counsel were discoverable. Yet Defendant's pleadings on this motion have not cited a single instance of alleged impropriety arising in the contacts between treating doctors and Plaintiffs' counsel, and Defendant certainly would have cited such evidence if it existed. Instead, Defendant has relied upon a conference presentation by a lone attorney, which has apparently not resulted in any of the consequences that Defendant feared. Thus, the Court's Order of June 6, 2005 is not directed to any proven or alleged abuses, but instead refers to a hypothetical possibility. Plaintiffs submit that such a far-reaching and unprecedented ruling is unnecessary in the absence of demonstrated evidence of impropriety that would demand drastic corrective measures.

---

[1] For example, New Jersey, New York, California and Texas permit Plaintiffs' counsel to contact treating physicians without the presence of defense counsel. Thus, the Court's Order of June 6, 2005 differentiates between similarly situated plaintiffs residing in such states, based upon whether they file complaints in state or federal court. In addition, because Merck is based in New Jersey, the New Jersey court has permitted non-resident Plaintiffs to litigate against Merck in the state court. The disparate treatment of physician contacts resulting from the Court's Order of June 6 acts as a significant incentive for plaintiffs to file cases in state rather than federal court.

3.    **Plaintiffs' Proposed Modification Would Apply the Order Only Where its Underlying Rationale is Operative.**

Plaintiffs' respect the Court's decision and propose a modification that would apply the Order where it would address concerns stated therein, rather than having broad application to all MDL cases. In particular, the Court reasoned that physicians who prescribed Vioxx may be influenced by attorney contacts because they have been or may be named as defendants. (Order, at 4). Since the Court's Order was issued, Plaintiffs have determined through a review of the PACER system that, of approximately 600 filed complaints in the MDL, less than 7 percent have named a physician defendant. (*See* Declaration of Angelene Thane, filed herewith). Thus, there is little concern that treating doctors will be subject to influence by attorneys acting on behalf of their patients in the 93% or more cases where treating physicians are not parties, do not have an interest in the action, and would have no reason to favor one party over another. Plaintiffs suggest that it would be unnecessary and burdensome to apply the same restrictions on physician contacts in the vast majority of cases, where doctors are not defendants and the policy reasons underlying the Order are therefore not operative.

4.    **Amendments to Add Physician Defendants are Unlikely.**

Plaintiffs appreciate the Court's concern that physicians not presently named may be added as defendants later. While Plaintiffs cannot categorically exclude such a possibility, in practical terms such amendments will be the exception rather than the rule. First and foremost, Plaintiffs' principal allegation in the case is that Merck failed to disclose known risks of heart attacks to the medical community, depriving treating doctors of the opportunity to become "learned" intermediaries, and instead relegating them to the status of "uninformed" or even "misinformed" intermediaries. That theory is by and large incompatible with a claim that the doctor is at fault, except in unusual cases (*e.g.*, where the treater may have prescribed more than the labeled dose). While this is not the time or place for an exposition of all the facts supporting the Plaintiffs' allegations, suffice to say that recent Congressional hearings have introduced

evidence of Merck representatives' use of a "Cardiovascular Card" to persuade doctors that Vioxx was eight to eleven times safer than other pain relievers, even after the VIGOR study had demonstrated a five times greater risk of heart attack for patients on Vioxx as opposed to naproxen, another effective pain medication. Plaintiffs' counsel have not sued doctors in over 93% of the MDL cases, because doctors cannot be held responsible when Merck failed to tell them what they needed to know.

Second, Plaintiffs' counsel investigated their cases before filing, and such initial investigations formed the basis of their decisions as to whether to allege claims against the treating doctor. As noted above, all but a small percentage chose not to sue the treating doctors. It would only be a very unusual case in which a complaint initially filed solely against the company would be amended to add the treating doctor, particularly in light of the conviction that Merck's nondisclosure of risks to the medical community is the basis for the claim.

Third, since doctors are local defendants, their presence destroys diversity, and as a practical matter, most cases in which the doctor is a defendant have been filed in state courts. Indeed, unless their joinder were fraudulent, an amendment to a federally filed case joining a treating doctor would similarly destroy diversity and make the case suitable for remand.

### 5.    Conclusion

For all of these reasons, Plaintiffs respectfully submit that the Court's Order of June 6, 2005 should be limited to circumstances in which its policy reasons are operative, that is, the Order should apply only where the treating doctor has been named as a defendant and therefore has an interest in the litigation.

Defendants may claim that such a modification would create an unlevel playing field by allowing Plaintiffs' counsel to meet with treating doctors without their participation. However, it is worth noting that Merck had unfettered access to the doctors for over five years that Vioxx was on the market, without the presence of Plaintiffs or their counsel, through the

hiring and command of hundreds of detailing representatives who repeatedly gave the doctors the incorrect, Merck-sponsored message that Vioxx was safe. Allowing Plaintiffs' counsel to interview treating doctors as proposed above would not make the playing field "unlevel," but would instead allow Plaintiffs in federal court cases to have the same level playing field as their peers in other venues.

Respectfully submitted,

By: *Russ M. Herman by Richard J. Arsenault with permission*

RUSS M. HERMAN (Bar No. 6819)
LEONARD A. DAVIS (Bar No. 14190)
STEPHEN J. HERMAN (Bar No. 23129)
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Facsimile: (504) 561-6024
**PLAINTIFFS' LIAISON COUNSEL**

450144.1

5

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>Phone: (318) 487-9874<br>Facsimile: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Facsimile: (504) 528-9973 |
| Andy D. Birchfield, Esq. (Co-Lead Counsel)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>Phone: (800) 898-2034<br>Facsimile: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Facsimile: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Facsimile: (415) 956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>Phone: (337) 494-7171<br>Facsimile: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102<br>Phone: (215) 772-1000<br>Facsimile: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Phone: (949) 720-1288<br>Facsimile: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3875<br>Phone: (215) 592-1500<br>Facsimile: (215) 592-4663 | Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Facsimile: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111Bagby<br>Houston, TX 77002<br>Phone: (713) 650-0022<br>Facsimile: (713) 650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street NW, Suite 400<br>Washington, D.C. 20036-4914<br>Phone: (202) 783-6400<br>Facsimile: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

450144.1

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this _____ day of June, 2005.

7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL Docket No. 1657<br><br>Section L<br><br>Judge Fallon<br>Mag. Judge Knowles |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF ANGELENE THANE PURSUANT TO 28 U.S.C. § 1746

I, Angelene Thane, hereby make this declaration of facts pursuant to 28 U.S.C. §
1746 and show this Court the following:

1.    I am an employee of the law firm of Levin, Papantonio, Thomas, Mitchell,

Echsner & Proctor, located in Pensacola, Florida.

2.    On June 9, 2005, I reviewed the list of "Associated Cases" for MDL Docket

No. 1657, found at the Court's website (https://ecf.laed.uscourts.gov/cgi-bin/login.pl?

399856332623403-L_238_0-1).

3.    On that day, there were 605 Associated Cases listed.

4.    Using the PACER system, I reviewed the available pleadings for all

Associated Cases for which multiple defendants were indicated.

5.    On that day, my review indicated that physicians were named as defendants

in 40 of the Associated Cases.

6.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of June, 2005.

_____
ANGELENE THANE

SWORN TO and subscribed before me this 14th day of June, 2005, by
ANGELENE THANE, who is personally known to me.

_____
NOTARY PUBLIC
State of Florida at Large
Commission Number: _DD108072_
My Commission expires: _April 10, 2006_

Jenny Keenan McDade
Commission # DD108072
Expires April 10, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

(SEAL)

2

# EXHIBIT H

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1657

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-23)

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 1,491 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, 360 F.Supp.2d 1352 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-23 - TAG-ALONG ACTIONS
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

DIST. DIV. C.A. #          CASE CAPTION

ALABAMA MIDDLE
  ALM   2   05-702          Glendora Turner, etc. v. Merck & Co., Inc., et al.

ALABAMA NORTHERN
  ALN   2   05-1633          Steve Widmar, Jr., et al. v. Merck & Co., Inc.
  ALN   4   05-1616          Helen McMichen, et al. v. Merck & Co., Inc.

ALABAMA SOUTHERN
  ALS   1   05-470          Margaret Hadley, et al. v. Merck & Co., Inc., et al.

ARKANSAS EASTERN
  ARE   2   05-185          Stoney Walton v. Merck & Co., Inc.

CALIFORNIA CENTRAL
  CAC   2   05-5446          Ronnie Penfold v. Merck & Co., Inc.

CALIFORNIA NORTHERN
  CAN   3   05-3130          Ismael Lopez, et al. v. Merck & Co., Inc.
  CAN   3   05-3131          Giovanni Cortese v. Merck & Co., Inc.
  CAN   3   05-3188          Dennis Parks, et al. v. Merck & Co., Inc.
  CAN   3   05-3205          Sandra J. Springs v. Merck & Co., Inc., et al.

COLORADO
  CO   1   05-1436          Gail Janet Lagomarsino-Burmmett v. Merck & Co., Inc.

CONNECTICUT
  CT   3   05-1198          Don Hanrahan v. Merck & Co., Inc.

FLORIDA SOUTHERN
  FLS   1   05-22179          James E. Sprinkle, et al. v. Merck & Co., Inc.

IOWA NORTHERN
  IAN   1   05-132          Sherrill Herke v. Merck & Co., Inc.

IDAHO
  ID   1   05-312          Charles Piquet v. Merck & Co., Inc.

ILLINOIS NORTHERN
  ILN   1   05-4556          Patricia Bennett v. Merck & Co., Inc.

ILLINOIS SOUTHERN
  ILS   3   05-526          Gary Auslander v. Merck & Co., Inc., et al.
  ILS   3   05-527          Myrtle Bohannon v. Merck & Co., Inc., et al.
  ILS   3   05-528          Laurence Madden v. Merck & Co., Inc.
  ILS   3   05-529          John G. Smith, Jr. v. Merck & Co., Inc., et al.
  ILS   3   05-548          Bridgette Bradley v. Merck & Co., Inc.
  ILS   3   05-549          Mary A. Koch v. Merck & Co., Inc.
  ILS   3   05-550          Larry King v. Merck & Co., Inc., et al.
  ILS   3   05-557          Arhonda Hoffman v. Merck & Co., Inc.
  ILS   3   05-558          David Green v. Merck & Co., Inc.
  ILS   3   05-559          Kelvin Handy v. Merck & Co., Inc.

| DIST. DIV. C.A. # | | | CASE CAPTION |
|---|---|---|---|
| ILS | 3 | 05-560 | Mae Bess Hale v. Merck & Co., Inc. |
| ILS | 3 | 05-561 | David Spiegelberg v. Merck & Co., Inc. |
| ILS | 3 | 05-562 | Clara Kirkendall v. Merck & Co., Inc., et al. |
| ILS | 3 | 05-563 | Mary Hardin v. Merck & Co., Inc., et al. |
| ILS | 3 | 05-564 | Steven Mitchell v. Merck & Co., Inc. |
| ILS | 3 | 05-565 | Paul Lucas v. Merck & Co., Inc. |
| ILS | 3 | 05-566 | Margaret Hughes v. Merck & Co., Inc., et al. |
| ILS | 3 | 05-567 | Bettye Harris v. Merck & Co., Inc. |
| ILS | 3 | 05-568 | Betty Belue v. Merck & Co., Inc. |
| ILS | 3 | 05-569 | Mary Price v. Merck & Co., Inc. |

INDIANA NORTHERN

| INN | 3 | 05-448 | Roger Weissmann, et al.v. Merck & Co., Inc. |
|---|---|---|---|
| INN | 3 | 05-449 | Phyllis Ranschaert v. Merck & Co., Inc. |
| INN | 3 | 05-450 | Bernie Harlan v. Merck & Co., Inc. |
| INN | 3 | 05-451 | Thomas J. Lustik, et al. v. Merck & Co., Inc. |

KANSAS

| KS | 2 | 05-2334 | Nona Conyers v. Merck & Co., Inc. |
|---|---|---|---|
| KS | 2 | 05-2335 | Elaine Coppenbarger v. Merck & Co., Inc., et al. |
| KS | 5 | 05-4090 | Alan Hewitt v. Merck & Co., Inc. |

KENTUCKY WESTERN

| KYW | 1 | 05-112 | Walter Glenn v. Merck & Co., Inc., et al. |
|---|---|---|---|

LOUISIANA MIDDLE

| LAM | 3 | 05-1003 | Brenda Deiter v. Merck & Co., Inc. |
|---|---|---|---|
| LAM | 3 | 05-1009 | Thomas Gridley v. Merck & Co., Inc. |

LOUISIANA WESTERN

| LAW | 3 | 05-1444 | Mary Katherine Brady, et al. v. Merck & Co., Inc. |
|---|---|---|---|
| LAW | 5 | 05-1409 | Connie Hankins, et al. v. Merck & Co., Inc. |

MARYLAND

| MD | 1 | 05-2074 | Lisa Gray v. Merck & Co., Inc. |
|---|---|---|---|
| MD | 1 | 05-2245 | William Edris Evans v. Merck & Co., Inc. |

MINNESOTA

| MN | 0 | 05-1630 | Jimmy Gould v. Merck & Co., Inc. |
|---|---|---|---|
| MN | 0 | 05-1641 | T.J. Power, etc. v. Merck & Co., Inc. |
| MN | 0 | 05-1642 | Salvatore Randazzo v. Merck & Co., Inc. |
| MN | 0 | 05-1643 | Ralph C. Pomeroy v. Merck & Co., Inc. |
| MN | 0 | 05-1644 | Gerald W. Norback v. Merck & Co., Inc. |
| MN | 0 | 05-1646 | David W. Burnham v. Merck & Co., Inc. |
| MN | 0 | 05-1647 | Russsell R. Keefer v. Merck & Co., Inc. |
| MN | 0 | 05-1648 | Brian F. Vaughn v. Merck & Co., Inc. |
| MN | 0 | 05-1649 | Alice H. Bolton v. Merck & Co., Inc. |
| MN | 0 | 05-1650 | Helen M. Atemborski v. Merck & Co., Inc. |
| MN | 0 | 05-1651 | Patricia J. Rivera v. Merck & Co., Inc. |

MISSOURI EASTERN

| MOE | 4 | 05-1165 | Antonia Albert v. Merck & Co., Inc. |
|---|---|---|---|
| MOE | 4 | 05-1166 | Francis Best v. Merck & Co., Inc. |
| MOE | 4 | 05-1167 | Richard D. Kueber v. Merck & Co., Inc. |
| MOE | 4 | 05-1168 | Loretta Bates v. Merck & Co., Inc. |
| MOE | 4 | 05-1169 | Nathan Yopp, Sr. v. Merck & Co., Inc. |
| MOE | 4 | 05-1170 | Edward Evans v. Merck & Co., Inc |

SCHEDULE CTO-23 TAG-ALONG ACTIONS (MDL-1657)                    PAGE 3 of 4

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| MOE  4  05-1197 | Carol Souders v. Merck & Co., Inc. |
| MOE  4  05-1200 | Kenneth Hohlt, Jr. v. Merck & Co., Inc. |
| MOE  4  05-1267 | Delores Beaver v. Merck & Co., Inc. |

**MISSOURI WESTERN**
MOW 4  05-696          William D. Glenn, et al. v. Merck & Co., Inc.

**MISSISSIPPI NORTHERN**
| MSN  1  05-190 | Shirley Foster v. Merck & Co., Inc., et al. |
| MSN  2  05-154 | Lorene Sparks v. Merck & Co., Inc., et al. |
| MSN  2  05-155 | Larry Aaron v. Merck & Co., Inc., et al. |
| MSN  2  05-156 | Lee Dawkins v. Merck & Co., Inc., et al. |
| MSN  2  05-157 | Doretha Banks v. Merck & Co., Inc., et al. |

**MONTANA**
MT     9  05-128         Kevin Allen v. Merck & Co., Inc.

**NORTH CAROLINA EASTERN**
NCE   5  05-520        Richard Gaddie v. Merck & Co., Inc.

**NORTH DAKOTA**
ND     3  05-78          Lorn Campbell v. Merck & Co., Inc.

**NEBRASKA**
| NE  4  05-3189 | Jon Brunkhorst v. Merck & Co., Inc. |
| NE  8  05-366 | Joann P. Howe, etc. v. Merck & Co., Inc. |

**NEW JERSEY**
| NJ  3  05-3728 | Wanda Cole, et al. v. Merck & Co., Inc. |
| NJ  3  05-3778 | Theresa Ducham, et al. v. Merck & Co., Inc. |
| NJ  3  05-3779 | Anthony Krowicki v. Merck & Co., Inc. |
| NJ  3  05-3796 | Christie Anderson v. Merck & Co., Inc. |

**NEVADA**
NV     2  05-627         Daniel Morrison, et al. v. Merck & Co., Inc., et al.

**NEW YORK NORTHERN**
NYN   1  05-981        Doreen J. Maxwell v. Merck & Co., Inc.

**NEW YORK SOUTHERN**
| NYS  1  05-6932 | Norma Tio v. Merck & Co., Inc. |
| NYS  1  05-6958 | June Tauber Golden, et al. v. Loren Martin Fishman, M.D., et al., |
| NYS  1  05-7084 | Ashraf Ahmed, et al. v. Merck & Co., Inc. |
| NYS  1  05-7085 | Carlota Bajana, et al. v. Merck & Co., Inc. |

**OHIO NORTHERN**
| OHN  1  05-1875 | Jason Ross v. Merck & Co., Inc. |
| OHN  1  05-1958 | Patricia Workman, et al. v. Merck & Co., Inc. |

**OKLAHOMA WESTERN**
OKW 5  05-871          Mary A. Bruch, et al. v. Merck & Co., Inc.

**OREGON**
OR     3  05-1228       Cheryl Edwards v. Merck & Co., Inc.

**PENNSYLVANIA EASTERN**
PAE   2  05-4090        - William Hnatuk, et al. v. Merck & Co., Inc., et al.

SCHEDULE CTO-23 TAG-ALONG ACTIONS (MDL-1657)                          PAGE 4 of 4

| DIST. DIV. C.A. # | | | CASE CAPTION |
|---|---|---|---|
| PAE | 2 | 05-4103 | Klaus Hofmann, et al. v. Merck & Co., Inc., et al. |
| PAE | 2 | 05-4237 | Mark Justus, et al. v. Merck & Co., Inc., et al. |
| PAE | 2 | 05-4238 | Sherrie Hedden, etc. v. Merck & Co., Inc., et al. |
| PAE | 2 | 05-4239 | Amelia A. Wilson, et al. v. Merck & Co., Inc., et al. |

PENNSYLVANIA WESTERN
| PAW | 2 | 05-1073 | Renee M. Bernabe v. Merck & Co., Inc. |
|---|---|---|---|

RHODE ISLAND
| RI | 1 | 05-331 | Stephen Moreau v. Merck & Co., Inc. |
|---|---|---|---|

SOUTH DAKOTA
| SD | 1 | 05-1026 | Ruth Grotjohn v. Merck & Co., Inc. |
|---|---|---|---|
| SD | 1 | 05-1027 | Gerald Sanborn v. Merck & Co., Inc. |
| SD | 1 | 05-1028 | Charles Mardian v. Merck & Co., Inc. |
| SD | 1 | 05-1029 | Jerry Hansen v. Merck & Co., Inc. |
| SD | 1 | 05-1030 | Richard Wolf v. Merck & Co., Inc. |
| SD | 1 | 05-1031 | Gary Ofstad v. Merck & Co., Inc. |
| SD | 1 | 05-1032 | John Shaver v. Merck & Co., Inc. |
| SD | 1 | 05-1033 | Steve Klima v. Merck & Co., Inc. |
| SD | 1 | 05-1034 | Alvin Dexter v. Merck & Co., Inc. |

TENNESSEE EASTERN
| TNE | 3 | 05-381 | Steven R. Chapman, et al. v. Merck & Co., Inc. |
|---|---|---|---|

TENNESSEE MIDDLE
| TNM | 2 | 05-71 | Joyce Duke, et al. v. Merck & Co., Inc. |
|---|---|---|---|

TENNESSEE WESTERN
| TNW | 1 | 05-1203 | Phillip Vernon v. Merck & Co., Inc. |
|---|---|---|---|

TEXAS EASTERN
| TXE | 2 | 05-351 | Brenda DeLoach, et al. v. Merck & Co., Inc. |
|---|---|---|---|
| TXE | 2 | 05-353 | Richard L. Dutton v. Merck & Co., Inc. |

TEXAS NORTHERN
| TXN | 2 | 05-212 | Audelia Serna, etc. v. Merck & Co., Inc. |
|---|---|---|---|
| TXN | 3 | 05-1504 | Linda Powell v. Merck & Co., Inc. |

TEXAS SOUTHERN
| TXS | 2 | 05-375 | Velma Byrd, etc. v. Merck & Co., Inc. |
|---|---|---|---|
| TXS | 5 | 05-164 | Rosa Reyes, et al. v. Merck & Co., Inc., et al. |

UTAH
| UT | 1 | 05-100 | Marilyn Nestman v. Merck & Co., Inc. |
|---|---|---|---|
| UT | 2 | 05-636 | Clifton E. Allenbach, et al. v. Merck & Co., Inc. |

WASHINGTON WESTERN
| WAW | 2 | 05-1323 | Ronald Forrest v. Merck & Co., Inc. |
|---|---|---|---|

WEST VIRGINIA SOUTHERN
| WVS | 2 | 05-596 | Terry Kelly v. Merck & Co., Inc. |
|---|---|---|---|

WYOMING
| WY | 2 | 05-215 | James R. Pope v. Merck & Co., Inc. |
|---|---|---|---|

# EXHIBIT I

LEXSEE 2003 U.S. DIST. LEXIS 23638

**JEAN E. TEPASKE, Plaintiff v. CAROLINE S. DELGADO, Defendant**

**CIVIL ACTION NO. 03-CV-11535-GAO**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

*2003 U.S. Dist. LEXIS 23638*

**November 19, 2003, Decided**

**DISPOSITION:** [*1]  Plaintiff's motion to remand was granted,matter was remanded to Massachusetts Land Court, Dukes County. Defendant's motions to stay discovery and disqualify Plaintiff's counsel was moot.

**LexisNexis(R) Headnotes**

**COUNSEL:** For Jean Tepaske, PLAINTIFF: Peter Francis Carr, II, Eckert Seamans Cherin & Mellott, LLC, Boston, MA USA.

For Caroline Delgado, DEFENDANT: Gennaro D'Ambrosio, D'Ambrosio Law Offices, Peter A Brown, D'Ambrosio Law Office, Revere, MA USA.

**JUDGES:** George A. O'Toole, Jr., DISTRICT JUDGE.

**OPINIONBY:** George A. O'Toole, Jr.

**OPINION:**

MEMORANDUM AND ORDER

O'TOOLE, D.J.

The plaintiff, Jean TePaske, brought suit in the Massachusetts Land Court seeking damages and specific performance of a purchase and sale agreement for the conveyance of real property. The defendant, Caroline Delgado, removed the action to this Court asserting jurisdiction based on diversity of citizenship, *28 U.S.C. § 1332(a)(1)*. TePaske has moved to remand the action to the Land Court, arguing that diversity of citizenship is lacking. In addition to opposing the motion to remand, Delgado has moved to disqualify TePaske's counsel and to stay discovery pending resolution of the motions.

For the reasons set [*2] forth below, TePaske's motion to remand is GRANTED. Delgado's motions to disqualify counsel and stay discovery, as far as this Court is concerned, are MOOT.

I. **Summary of Facts**

Delgado owns a parcel of real property located in West Tisbury, Massachusetts, on the island of Martha's Vineyard. In 1998, she and TePaske entered into a purchase and sale agreement pursuant to which TePaske agreed to make installment payments over a number of years, with the final payment and closing date scheduled for July 16, 2003. At the scheduled closing, a dispute arose between the parties, and the conveyance was not consummated.

On July 22, 2003, TePaske filed a complaint in the Massachusetts Land Court, and on August 14, 2003, Delgado removed the action to this Court. It is undisputed that TePaske is a Massachusetts citizen, but the parties disagree as to Delgado's citizenship. Delgado herself argues that she is a New York citizen; TePaske argues that Delgado is a Massachusetts citizen. The record reflects the following facts pertinent to this dispute.

Delgado owns a home on the property at issue in West Tisbury. She generally spends each summer, June to September, in Massachusetts [*3] and is absent the rest of the year. In Massachusetts, she has a car registered, holds a driver's license, is registered to vote, and pays real property taxes. So far as appears, she has never voted in Massachusetts.

Delgado also rents an apartment in New York City. Critically, she has provided no specific information about how much time she spends in New York or even the number of times each year she travels there. In March 2003, Delgado registered to vote as a resident of New York by absentee ballot from Madrid, Spain. There is no evidence that she has ever previously registered to vote or voted in New York. Delgado further says that she maintains a bank account and an investment account in New York, and her accountant and estate planning attorney are in New York. Her accountant avers that her "tax returns are filed out of New York, utilizing a New York address," but does not say that she actually files New York State tax returns.

Delgado apparently also owns property in Madrid,

Spain, where she travels each fall after spending the summer in Massachusetts. She holds a Spanish driver's license. She also owns or rents property in San Diego, California. There is no evidence of the [*4] amount of time she spends in either Spain or California.

## II. Diversity of Citizenship

This Court has authority to hear this matter arising under state law only if jurisdiction is proper under *28 U.S.C. § 1332(a)(1)*, which provides for federal jurisdiction over controversies between "citizens of different States." *Section 1332* is construed strictly against federal jurisdiction to avoid infringing the rights of state courts to determine matters of state law. *City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76, 86 L. Ed. 47, 62 S. Ct. 15 (1941)*; see also Hawes v. Club Ecuestre el Comandante, 598 F.2d 698, 701-02 (1st Cir. 1979)*. Any doubts concerning diversity should be resolved against jurisdiction and in favor of remand to the state court. *Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)*.

Delgado, who has invoked jurisdiction pursuant to *§ 1332*, has the burden to demonstrate the existence of diversity of citizenship. E.g., *Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001)*. To meet that burden, it is not enough for her either to negate the proposition that [*5] she is a citizen of Massachusetts or to argue in the alternative that she is domiciled in Spain. A United States citizen who establishes her domicile abroad cannot sue or be sued in federal court based on diversity of citizenship because she will fail both the "citizens of different States" requirement of *§ 1332(a)(1)* and the "citizens or subjects of a foreign state" requirement of *§ 1332(a)(2)*. See *Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 104 L. Ed. 2d 893, 109 S. Ct. 2218 (1989)*; *Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990)*. Accordingly, to invoke diversity jurisdiction, Delgado must affirmatively demonstrate that she is a citizen of a specific State other than Massachusetts, under the following test:

> For purposes of diversity jurisdiction, citizenship usually is equated with domicile. A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Domicile requires both physical presence in a place and the intent to make that place one's home.

*Valentin, 254 F.3d at 366* (citations and internal [*6] quotation marks omitted).

TePaske argues that Delgado is domiciled in Massachusetts because she owns property in West Tisbury, and she lives there part of each year, registers her car there, holds a Massachusetts driver's license, is registered to vote in West Tisbury, and pays real property taxes there. Delgado denies that she maintains her domicile in Massachusetts and argues that she maintains only a temporary summer vacation home in West Tisbury. She argues instead that she maintains her domicile in New York because in New York she maintains an apartment, recently registered to vote by absentee ballot, files her tax returns, employs an attorney and an accountant, maintains her bank account, and keeps her estate planning documents.

After careful consideration of the evidence the parties have offered, I find myself persuaded by neither party's argument. Delgado's evidence does not sufficiently demonstrate that New York is her true, fixed, and principal home. Her disclosed contacts with New York are more or less of a business nature, and while perhaps consistent with domicile, they are insufficient by themselves to demonstrate her intent to make New York her home. The evidence that [*7] she recently registered to vote as a resident of New York is also insufficient. She is, after all, also registered to vote in Massachusetts. Moreover, she only recently registered to vote in New York, and she plans to vote by absentee ballot. She has provided no evidence that she has previously voted in New York or, for that matter, in any other state.

Although it is not necessary to my decision, it is worth noting that I am also not persuaded that Delgado is domiciled in either of two other possible places — Massachusetts or Madrid. The evidence suggests that she comes to Massachusetts only for summer vacation and does not intend to make Massachusetts her true, fixed home. As to Madrid, the evidence is spare, and even if she were domiciled in Spain, because she is a United States citizen, jurisdiction would not be proper under *§ 1332(a)(2)*.

Because Delgado has not demonstrated that she is a citizen of New York, or any particular state other than Massachusetts, diversity jurisdiction is lacking, and this case shall be remanded to the Land Court.

## III. Delgado's Motions

In light of the foregoing, I have no occasion to consider Delgado's motions to stay discovery and [*8] to disqualify TePaske's counsel.

## IV. Conclusion

TePaske's motion to remand (No. 3) is GRANTED,

2003 U.S. Dist. LEXIS 23638, *8

and this matter is REMANDED to the Massachusetts Land Court, Dukes County. Delgado's motions to stay discovery (No. 20) and disqualify TePaske's counsel (No. 18) are MOOT.

It is SO ORDERED.

DATE November 19, 2003

s George A. O'Toole, Jr.

DISTRICT JUDGE

# EXHIBIT J



Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

In re: DIET DRUGS (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation

Maggie M. CHANEY, et. al.

v.

GATE PHARMACEUTICALS, et. al.

No. Civ.A. 98-20478, 1203.

July 16, 1999.

F. Hilton-Green Tomlinson , Pritchard Mccall & Jones , Birmingham, AL, Arnold Levin , Levin, Fishbein, Sedran & Berman , Philadelphia, PA, George M. Fleming , Houston, TX, James L. Doyle, II , Fleming, Hovenkamp and Grayson, P.C., Houston, TX, for Maggie M. Chaney, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Betty J. Williams, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Leroy T. Trotter, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for John E. Reed, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for James F. Barthel, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Virginia Ann Hopps, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Virginia Hassell, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Evelyn Turner, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Deborah Saunders, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Catherine Herman, Plaintiff.

F. Hilton-Green Tomlinson , Arnold Levin , George

M. Fleming , James L. Doyle, II , Rand P. Nolen , (See above), for Mary C. Smith, Plaintiff.

James C. Barton, Jr. , Johnston, Barton, Proctor, Swedlaw and Naff, Birmingham, AL, for Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA., Inc., Defendant.

Lawrence B. Clark , Lange, Simpson, Robinson & Somerville, Birmingham, AL, for Smithkline Beecham Corporation, Defendant.

E. Ann MC Mahan , Spain and Gillon, Birmingham, AL, for Jones Medical Industries, Inc., f/k/a Abana Pharmaceuticals, Inc., Defendant.

J. Allen Sydnor, Jr., Birmingham, AL, for Richwood Pharmaceutical Company, Inc., Defendant.

Katharine A. Weber , Maynard, Cooper and Gale , Birmingham, AL, Ellen Steury , Arnold & Porter , Washington, DC, Steven H. Bergman , Arnold and Porter , Los Angeles, CA, Tony G. Miller , Maynard, Cooper and Gale , Birmingham, AL, Maibeth J. Porter , Maynard, Cooper & Gale, P. C. , Birmingham, AL, Steven P. Lockman , Arnold & Porter, Washington, DC, for A.H. Robins Company, Incorporated, Defendant.

Katharine A. Weber , Ellen Steury , Steven H. Bergman , Tony G. Miller , Maibeth J. Porter , Steven P. Lockman , for Wyeth-Ayerst Laboratories, Division of American Home Products Corporation, Defendant.

Labella S. Alvis , Sharon D. Stuart , Rives and Peterson , Birmingham, AL, Thomas W. Christian , Rives and Peterson, Birmingham, AL, for Interneuron Pharmaceuticals, Inc., Defendant.

Larry W. Harper , Karen Walker Casey , Porterfield Harper & Mills PA, Birmingham, AL, for Ion Laboratories, Inc., Defendant.

Samuel H. Franklin , Lightfoot, Franklin, White and Lucas , Birmingham, AL, Harlan I. Prater, IV , Robin H. Graves , Lee M. Hollis , Lightfoot, Franklin & White, Birmingham, AL, for Medeva Pharmaceuticals, Inc., Defendant.

Steven A. Stadtmauer , Lester, Schwab, Katz, & Dwyer, New York, NY, for Goldline Laboratories, Inc., Defendant.

Emily Sides Bonds , Helen C. Foster , Walston, Wells, Anderson & Bains, Birmingham, AL, for Qualitest Pharmaceuticals Inc., Defendant.

Steven A. Stadtmauer , (See above), for Zenith Goldline Pharmaceuticals, Inc., Defendant.

Emily Sides Bonds , Helen C. Foster, (See above), for United Research Laboratories Inc., Defendant.

Denise M. Smith, Benesch, Friedlander, Coplan, and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 2
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Aronoff, Cincinnati, OH, for Shire Richwood Inc., Defendant.

Frank Chester Woodside , Cincinnati, OH, James W. Gewin , Bradley, Arant, Rose and White, Birmingham, AL, for Modern Wholesale Drug Co. Inc., f/k/a Rugby Laboratories Inc., Defendant.

Michael K. Choy , John W. Scott , Haskell, Slaughter, Young, Johnston and Gallion, Birmingham, AL, for Geneva Pharmaceuticals, Inc., Defendant.

Gary B. Cutler , Independence Square West, Phila, PA, Nessa B. Math , Margolis, Edelstein and Scherlis , Phila, PA, William C. Wood , Norman, Fitzpatrick, Wood, Parker and Kendrick, Birmingham, AL, for Camall Company, Defendant.

Lawrence B. Clark, (See above), for King Pharmaceuticals, Inc., Defendant.

*MEMORANDUM AND PRETRIAL ORDER NO. 769*

BECHTLE, J.

**\*1** Presently before the court are plaintiffs Maggie M. Chaney's, Betty J. Williams', Leroy T. Trotter's, John E. Reed's, James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders', Catherine Herman's and Mary C. Smith's ("Plaintiffs") motion to remand the above civil action to state court and defendants A.H. Robins Company, Inc. ("Robins") and Wyeth-Ayerst Laboratories Division of American Home Products Corporation ("Wyeth") responses thereto. FN1 For the following reasons, the court will deny Plaintiffs' motion to remand and will drop certain Plaintiffs from this civil action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

> FN1. Plaintiffs have also filed several unopposed motions relating to this civil action that do not require discussion in the court's Memorandum. The court will identify and rule on those motions in the accompanying Order.

### I. BACKGROUND

On January 15, 1998, Plaintiffs filed this civil action in the Circuit Court of Montgomery County, Alabama. FN2 On February 17, 1998, Robins and Wyeth filed a notice of removal to the United States District Court for the Middle District of Alabama, Northern Division. The removal was based upon complete diversity of citizenship under 28 U.S.C. § 1332. FN3 While this civil action was pending before the Middle District of Alabama, Plaintiffs filed an

Amended Complaint. Additionally, Plaintiffs filed a motion to remand the action back to state court. Subsequently, the Judicial Panel on Multidistrict Litigation transferred this civil action to this transferee district court for inclusion in MDL No. 1203.

> FN2. The Complaint asserts only state common law claims and no federal claims are presented.

> FN3. That statute provides:
> The district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in Section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> 28 U.S.C. § 1332(a).

### II. DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). An action based upon diversity shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought ." 28 U.S.C. § 1441(b). Thus, only if an action could have originally been brought in federal court may it be removed from state court to federal court. The removing party bears the burden of establishing federal jurisdiction. *Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).* The removal statute is "strictly construed against removal" and all doubts are resolved in favor of remand. *Id.* The existence of diversity jurisdiction is generally determined by analyzing the plaintiff's complaint. *Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985).*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 3

Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)

**(Cite as: Not Reported in F.Supp.2d)**

A. *Defendants' Compliance with 28 U.S.C. § 1446*

Plaintiffs assert that Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446, which requires all joined defendants to join in the notice of removal within thirty days of service of the initial pleading. FN4 28 U.S.C. § 1446(b). Defendant Abana Pharmaceuticals, Inc. ("Abana") was served with Plaintiffs' initial pleading on January 22, 1998. Plaintiffs assert that Abana did not consent to or join in the notice of removal within thirty days of that date. Abana filed its notice of joinder in the removal on February 23, 1998. Plaintiffs are correct that February 23, 1998, on its face, falls outside of the prescribed thirty day time period. February 23, 1998 was exactly thirty-two days measured from January 22, 1998. However, the thirtieth day measured from January 22, 1998 was Saturday, February 21, 1998. Federal Rule of Civil Procedure 6(a) governs the computation of the time period set forth in 28 U.S.C. 1446(b). *Medina v. Wal-Mart Stores, Inc.,* 945 F.Supp. 519, 521 (W.D.N.Y.1996) ; *Barton v. Lloyds of London,* 883 F.Supp. 641, 642 n. 3 (M.D.Ala.1995) ; *Aguado v. Milwaukee Elec. Tool Corp.,* C.A. 90-0159, 1990 WL 18817, at *2 (E.D.Pa. Feb. 26, 1990). Rule 6(a) provides that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days a Saturday, a Sunday, or a legal holiday." Fed.R.Civ.P. 6(a). Because Abana's time period for filing their joinder in the notice of removal ended on a Saturday, filing the notice on Monday, February 22, 1998, was permissible. The court finds that Defendants complied with the procedural requirements of 28 U.S.C. § 1446.

FN4. Plaintiffs do not challenge any other aspect of any Defendants' compliance with 28 U.S.C. § 1446.

B. *Diversity of Citizenship and Fraudulent Joinder*

**\*2** Plaintiffs ask the court to remand this action to state court because at least one of the Plaintiffs is a citizen of the same state as one of the Defendants. FN5 Diversity jurisdiction only exists when all plaintiffs are citizens of different states than that of all defendants named in the action. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806). On the face of the Complaint, complete diversity does not exist. However, Robins and Wyeth assert that certain Plaintiffs were fraudulently misjoined in this action

to defeat diversity jurisdiction. They request that the court sever the claims of the non-diverse Plaintiffs and retain jurisdiction over the remaining Plaintiffs' claims.

FN5. Plaintiffs' Evelyn Turner and Mary C. Smith and defendants Medeva Pharmaceuticals, Inc. and Ion Laboratories, Inc. are citizens of Texas. (Compl. ¶ ¶ 12, 15, 23 and 24.) Additionally, plaintiff Catherine Herman and defendants Gate Pharmaceuticals and Smithkline Beecham Corporation are citizens of Pennsylvania. (Compl. ¶ ¶ 14, 16 and 17.) Finally, plaintiff Virginia Hassell and defendant Wyeth are citizens of New Jersey. (Comp. ¶ 11, Def.'s Notice of Removal ¶ 13.)

1. Fraudulent Joinder

The doctrine of fraudulent joinder allows the court to disregard parties that are fraudulently joined in a civil action when determining whether complete diversity of citizenship exists. The doctrine recognizes that although plaintiffs are normally free to choose their own forum, a party may not be joined "solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999) ; *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 460-61 (2d Cir.1998) ; *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996). Parties must have some connection to the controversy if their joinder will defeat diversity jurisdiction. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921) (holding that "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). In the diversity context, a district court examining fraudulent joinder is not required to find fraud in the common law sense of that term. *Katz v. Costa Armatori, S.p.A.,* 718 F.Supp. 1508, 1513 (S.D.Fla.1989); *see also Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979) (explaining that fraudulent joinder "does not reflect on the integrity of plaintiff or counsel ... it is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists"). Accordingly, the court is not required to delve into the subjective intent behind the preparation or structure of the plaintiff's pleadings. When conducting a fraudulent joinder analysis, the court looks to the plaintiff's complaint at the time the petition for removal was filed and assumes all factual

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 4
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

allegations contained in the complaint to be true. *Batoff,* 977 F.2d at 851-52. Additionally, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity jurisdiction has a "heavy burden of persuasion." *Boyer,* 913 F.2d at 111.

Fraudulent joinder may be established where a defendant shows "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." *Boyer,* 913 F.2d at 111. Fraudulent joinder may also be established if "there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) ; *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir.1998). In *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996),* the Eleventh Circuit recognized a third circumstance in which fraudulent joinder can be found. In *Tapscott,* the court stated that "misjoinder can be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott,* 77 F.3d at 1360. Defendants do not argue that outright fraud is present in Plaintiffs' pleading of jurisdictional facts or that Plaintiffs cannot prove a claim against a nondiverse defendant. Instead, Defendants ask the court to apply *Tapscott's* egregious joinder analysis to this case.

**\*3** In *Tapscott,* the court, relying on *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921), held that plaintiffs' attempt to join certain defendants in the same civil action was so egregious as to constitute fraudulent joinder because the transactions between certain plaintiffs and defendants had "no real connection" to the transactions involving the other parties. *Tapscott,* 77 F.3d at 1360. In so holding, the court did not find that any misjoinder could be labeled fraudulent. *Id.* In order to be considered fraudulent under *Tapscott* there must be an "egregious misjoinder." FN6 *Id.* As the court will discuss below, the plaintiffs in this civil action are clearly misjoined under Federal Rule of Civil Procedure 20(a). However, before reaching that issue the court must find that the joinder is so egregious that it constitutes fraudulent joinder because it wrongfully deprives Defendants the right of removal. *See Alabama Southern Railway Co. v. H.C. Thompson,* 200 U.S. 206, 218 (1906) (stating that "[f]ederal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the [f]ederal courts of the protection of their rights in those tribunals").

FN6. The court notes that although the facts of *Tapscott* concerned the misjoinder of certain defendants, the reasoning of that case has been applied to find that the egregious misjoinder of plaintiffs may also constitute fraudulent joinder. *See Lyons v. American Tobacco Co.,* No. 96-0881, 1997 WL 809677, at *4 (S.D.Ala. Sept. 30, 1997) (finding plaintiffs fraudulently misjoined); *Koch v. PLM Int'l, Inc.,* No. 97-0177, 1997 WL 907917, at *4 (S.D.Ala. Sept. 24, 1997) (same).

Initially, the court agrees with *Tapscott* in that a finding of mere misjoinder does not itself warrant a finding of fraudulent misjoinder. FN7 *Tapscott,* 77 F.3d at 1360. However, the pleading presently before the court goes well beyond mere misjoinder. In the instant pleading, Plaintiffs attempt to join persons from seven different states into one civil action who have absolutely no connection to each other except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs. Plaintiffs do not allege that they took the same drug or combination of drugs. Further, Plaintiffs do not allege that they received the drugs from the same source or any other similar connection. The Complaint was originally filed in Montgomery County, Alabama. Only two of the nine remaining Plaintiffs reside in Alabama. FN8 Two Plaintiffs are listed as residents of Texas. The remaining Plaintiffs are listed as citizens of California, Florida, New Jersey, North Carolina and Pennsylvania. The nonresident Plaintiffs do not allege any contact with Alabama. Additionally, Plaintiffs do not allege that they received or purchased diet drugs in Alabama or from a source located in Alabama. Defendants correctly argue that Plaintiffs fail to point to any logical basis for the proposed joinder of the nonresident Plaintiffs . FN9 That argument is particularly compelling when most of the nonresident Plaintiffs reside in a jurisdiction in which at least one Defendant is a citizen. Indeed, the court finds that the structure of this pleading is devoid of any redeeming feature as respects the underlying purposes of the joinder rules. The joinder rules are designed "to promote trial convenience and expedite the final determination of disputes." *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir.1983) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330 (8th Cir.1974)). The joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                  Page 5
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process. Given Plaintiffs' vast geographic diversity and lack of reasonable connection to each other, the court finds that the attempted joinder of the nonresident Plaintiffs wrongfully deprives Defendants of their right of removal.

FN7. That view is consistent with the notion that the Federal Rules of Civil Procedure shall not be construed to extend the jurisdiction of federal district courts. Fed.R.Civ.P. 82.

FN8. Eleven Plaintiffs were listed on the Complaint. On February 22, 1999, the court entered Pretrial Order No. 479, dismissing plaintiffs John Reed and Leroy Trotter from the action.

FN9. The court also finds that joinder of these plaintiffs would be improper under the Alabama Rules of Civil Procedure. The Alabama Rules of Civil Procedure regarding joinder of parties are virtually identical to the Federal Rules of Civil Procedure that govern joinder of parties in federal court. Ala. R. Civ. P. 20. Additionally, like its Federal counterpart, the Alabama joinder rule is intended to promote trial convenience and limit prejudice to the parties involved. *Turpin Vise Ins. Agency, Inc. v. Foremost Ins. Co.,* 705 So.2d 368, 370-71 (Ala.1997). Accordingly, the court's reasoning discussed below supports a finding that joinder of these plaintiffs in a single civil action would be improper under the Alabama Rules. *See also City of Birmingham v. City of Fairfield,* 396 So.2d 692, 696 (Ala.1981) (stating that because Alabama procedural rules are modeled after federal procedural rules, Alabama courts look to federal court decisions for guidance when construing Alabama Rules).

**\*4** Because the court finds that the Plaintiffs that destroy diversity jurisdiction are fraudulently joined it may ignore the citizenship of the those parties and exercise jurisdiction over this civil action. Once the court properly exercises jurisdiction, the Federal Rules of Civil Procedure may be applied to shape this

civil action to one that comports with those Rules. Accordingly, the court will exercise its discretion under Federal Rule of Civil Procedure 21 and dismiss the non-diverse Plaintiffs' claims without prejudice. Additionally, the court will examine the propriety of joining the remaining two Plaintiffs in a single civil action. FN10

FN10. The remaining two Plaintiffs, Chaney and Williams, are Alabama citizens. According to the certified copy of the docket for this civil action forwarded to this court by the United States District Court for the Middle District of Alabama, Plaintiffs filed an Amended Complaint on April 16, 1998, after several defendants filed answers, naming Qualitest Pharmaceuticals, Incorporated ("Qualitest") as a defendant. Qualitest is also an Alabama citizen which would destroy diversity jurisdiction. However, on March 22, 1999, both Chaney and Williams filed motions to dismiss Qualitest and certain other defendants from this civil action. The court will grant those motions removing the diversity destroying defendant from this civil action.

2. Permissive Joinder of Remaining Plaintiffs

Plaintiffs assert that they are properly joined in this action under Federal Rule of Civil Procedure 20(a). FN11 Joinder of plaintiffs under Rule 20(a) is proper if the right asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and if there is a "question of law or fact common to all these persons" arising in the action. Fed.R.Civ.P. 20(a). Plaintiffs argue that Rule 20(a) is satisfied because all plaintiffs were "harmed by diet drugs manufactured, marketed, and sold by the defendants." (Pls.' Mem. Supp. Mot. to Remand at 7.) They further assert that "the facts pertaining to the Defendants' conduct are common to all of the Plaintiffs" and "the legal issues of duty, breach of duty, proximate cause and resulting harm are common to all of the Plaintiffs." *Id.* Plaintiffs also argue that their respective purchases of phentermine, dexfenfluramine and fenfluramine are a series of transactions that satisfy the transaction or occurrence requirement of Rule 20(a). The court recognizes that there may be questions of law and fact that are common to these Plaintiffs regarding their respective claims against Defendants. However, the court disagrees with Plaintiffs' assertions that their respective purchases and ingestion of diet drugs, as

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 6
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

presently alleged, are a series of transactions or occurrences which satisfy Rule 20(a).

> FN11. Rule 20(a) states in relevant part:
> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.
> Fed.R.Civ.P. 20(a).

To satisfy Rule 20(a)'s transaction or occurrence requirement, "the central facts of each plaintiff's claim [must] arise on a somewhat individualized basis out of the same set of circumstances." *In re Orthopedic Bone Screw Prod. Liab. Litig.,* MDL No. 1014, 1995 WL 428683, at *2 (E.D.Pa. July 17, 1995). The claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the transaction or occurrence requirement. *See* *Simmons v. Wyeth Lab., Inc.,* No. 96-6631, 1996 WL 617492, at *4 (E.D.Pa. Oct. 24, 1996) (severing misjoined plaintiffs under similar circumstances). The remaining Plaintiffs, who are both Alabama residents, do not allege that they purchased or received diet drugs from an identical source. However, because these remaining Plaintiffs are Alabama citizens it is possible they purchased or received diet drugs from the same source. The court will not sever these plaintiffs at this time. Rather, for the reasons explained below the court will defer that decision to the appropriate transferor court upon remand by the Judicial Panel on Multidistrict Litigation ("JPML").

**\*5** The court notes that several other Complaints transferred to this court for inclusion in MDL No. 1203 list multiple plaintiffs in a single civil action. In order to efficiently direct the court's resources to the pretrial coordination efforts that it was designated to perform, the court is not inclined at this stage of the litigation to address the propriety of joinder, except in the most egregious cases. This case, with eleven Plaintiffs selected from seven different states where, coincidentally, a number of Defendants also have citizenship seems to have been an innovative, but unwise, pleading strategy that interferes with the court's ability to administer this case for pretrial purposes. Cases that do not present similarly objectionable elements will not likely be candidates

for misjoinder consideration in this transferee court. Rather, such objections should be raised in the transferor districts upon remand by the JPML.

### III. *CONCLUSION*

For the foregoing reasons, the court will deny Plaintiffs' motion to remand the civil action back to state court and drop certain Plaintiffs from this civil action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

An appropriate Order follows.

### *PRETRIAL ORDER NO. 769*

AND NOW, TO WIT, this 16th day of July, 1999, upon consideration of plaintiff Maggie M. Chaney's, Betty J. Williams', Leroy T. Trotter's, John E. Reed's, James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders', Catherine Herman's and Mary C. Smith's motion to remand, IT IS ORDERED that said motion is DENIED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 21, Plaintiffs James F. Barthel, Virginia Ann Hopps, Virginia Hassell, Evelyn Turner, Deborah Saunders and Catherine Herman are DROPPED from this civil action as follows:

(1) dropped plaintiffs have thirty (30) days from the date of this Order to file a new complaint, in a proper venue, containing the claims that they pled in their original complaints;

(2) dropped plaintiffs shall not name new or additional defendants in any complaints filed pursuant to this Order, but a plaintiff may name fewer defendants;

(3) when a new complaint is filed, if filed in federal court, plaintiff's counsel shall notify the Judicial Panel on Multidistrict Litigation ("JPML") that the new civil action is a potential tag-along action and has been filed. Plaintiff's counsel shall also forward to the JPML a copy of both the newly filed complaint and the docket sheet for each action;

(4) defendants shall not file any notices of opposition with the Clerk of the JPML with regard to the JPML's entry of a conditional transfer order to this district for inclusion in MDL No. 1203 for any of the potential tag-along actions filed pursuant to this Order;

(5) dropped plaintiffs are deemed to have ongoing

Not Reported in F.Supp.2d                                                                                    Page 7
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

MDL No. 1203 actions currently before this court for all purposes during the time period between the date of this Order and any filing under this Order of a new complaint and while their actions are in the process of being transferred as tag-along actions to this court. Dropped plaintiffs continue to be under the obligation to furnish required case-specific discovery on a timely basis;

**\*6** (6) dropped plaintiffs who choose not to file new civil actions in federal court within the thirty (30) day period will have their actions dismissed with prejudice by the court unless such plaintiff notifies this court, in writing, within the same thirty (30) day period that a new civil action has been filed in a state court;

(7) after the expiration of the thirty (30) day time period for filing of new complaints for dropped plaintiffs, upon being advised in writing as to which of the dropped plaintiffs have filed new complaints the court will enter an order dismissing those plaintiffs from this civil action without prejudice; and

(8) for the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order shall be deemed to relate back to the date that any dropped plaintiff originally filed his or her complaint in so far as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants.

**IT IS FURTHER ORDERED that:**

(1) plaintiff Maggie M. Chaney's motion to dismiss (document # 200748) defendants Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA, Inc., Jones Medical Industries, Inc. f/k/a/ Abana Pharmaceuticals, Inc., Richwood Pharmaceutical Company, Inc. a/k/a/ Shire Richwood, Inc., Ion Laboratories, Inc., Medeva Pharmaceuticals, Inc., Goldline Laboratories, Inc., Qualitest Pharmaceuticals, Inc., Zenith Goldline Pharmaceuticals, Inc., United Research Laboratories, Inc., Modern Wholesale Drug Co. Inc. f/k/a Rugby Laboratories, Inc., Geneva Pharmaceuticals, Inc., Camall Company and King Pharmaceuticals without prejudice is GRANTED.

(2) plaintiff Betty Williams' motion to dismiss (document # 200748) defendants Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA, Inc., Smithkline Beecham Corporation, Jones Medical Industries, Inc. f/k/a/ Abana Pharmaceuticals, Inc., Richwood

Pharmaceutical Company, Inc. a/k/a/ Shire Richwood, Inc., Ion Laboratories, Inc., Medeva Pharmaceuticals, Inc., Qualitest Pharmaceuticals, Inc., United Research Laboratories, Inc., Modern Wholesale Drug Co. Inc. f/k/a Rugby Laboratories, Inc., Geneva Pharmaceuticals, Inc., Camall Company and King Pharmaceuticals without prejudice is GRANTED.

(3) plaintiffs James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders's and Catherine Herman's motions to dismiss certain Phentermine Defendants (document # 200748) are DENIED AS MOOT.

(4) plaintiff Mary Smith's motion for voluntary dismissal without prejudice (document # 200749) is GRANTED.

(5) Qualitest Pharmaceuticals Inc.'s motion to dismiss and motion to file a reply (document # 200258) are DENIED AS MOOT.

(6) Plaintiffs' motion to dismiss defendant Upjohn Company (document # 200750) is GRANTED.

(7) Plaintiffs' motion to dismiss defendant Geneva Pharmaceuticals, Incorporated (document # 200874) is GRANTED.

E.D.Pa.,1999.
In re Diet Drugs
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2001 WL 34133956 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation%7Ds Response to Elliot Palay%7Ds Motion to Exercise Initial OPT-OUT and to Rescind His Accelerated Implementation OPT-OUT contract (Jun. 14, 2001)

• 2001 WL 34133957 (Trial Motion, Memorandum and Affidavit) Class Counsel%7Ds Response to Claimants%7D Motion to Exercise an Initial OPT-OUT Right; Motion to Rescind the Contract (Failure to Comply With an Essential Condition of the Contract, Breach of a Material Contrctual Term, Failure of Consideration, Bre ach of Duty of Good Faith and Fair Dealing) Allowing Claimant to Pursue compensatory as Well as Punitive Damage Claims Against Defendant AHP With No Statute of Limitations BAR (May. 18, 2001)

• 2001 WL 34133965 (Trial Motion, Memorandum and Affidavit) (Mar. 05, 2001)

• 2001 WL 34129540 (Trial Motion, Memorandum and Affidavit) Motion to Request a Hearing (Mar. 01, 2001)

• 2001 WL 34129541 (Trial Motion, Memorandum

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 8
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Hmo Louisiana, Comed Medical Expense Fund and Central States Health and Welfare Benefit Fund's Objections to and Motion to Vacate Court Approved Procedure No.1 (Mar. 01, 2001)

• 2001 WL 34129542 (Trial Motion, Memorandum and Affidavit) Hmo Louisiana, Comed Medical Expense Fund, and Central States Health & Welfare Benefits Fund's Motion to Enjoin the Ahp Settlement Trust from Disbursing any Funds to Individual Claimants and to Stay all Proceedings Regarding the Allocation of Damages Awards from Either Fund a or Fund B (Mar. 01, 2001)

• 2001 WL 34133953 (Trial Motion, Memorandum and Affidavit) Plaintiffs%7D Memorandum of Law in Support of the Joint Motion to Require the Ahp Settlement Trust to Commence Distribution of the Proceeds of Settlement Notwithstanding the %7F%7FPosition%7D%7D Asserted by the United States (Feb. 26, 2001)

• 2001 WL 34129543 (Trial Motion, Memorandum and Affidavit) Motion and Memorandum for Intervention (Feb. 08, 2001)

• 2001 WL 34131304 (Trial Motion, Memorandum and Affidavit) HMO Louisiana's Motion to Stay Local Rule 23.1 Class Certification Briefing (Jan. 11, 2001)

• 2000 WL 34016472 (Trial Motion, Memorandum and Affidavit) Dunn Objectors%7D Memorandum in Further Support of Motion to Require Disclosure with Respect to Post-Approval Settlements by Class Counsel (Dec. 01, 2000)

• 2000 WL 34016445 (Trial Filing) Pretrial Order No. 1516 (Nov. 22, 2000)

• 2000 WL 34016444 (Trial Filing) Pretrial Order No. 1488 (Nov. 06, 2000)

• 2000 WL 34016474 (Trial Motion, Memorandum and Affidavit) Response of Dunn Objectors to Class Counsels%7D Motion to Impose a Supersedeas Bond Requirement for the Filing of an Appeal (Nov. 06, 2000)

• 2000 WL 34016469 (Trial Motion, Memorandum and Affidavit) Hmo Louisiana%7Ds Motion to Stay Local Rule 23.1 Class Certification Briefing (Oct. 27, 2000)

• 2000 WL 34016475 (Trial Motion, Memorandum and Affidavit) Memorandum of Jane Scuteri, et al., in Opposition to Class Counsels%7D Motion to Impose a Bond Requirement on Objectors for the Filing of an Appeal (Oct. 24, 2000)

• 2000 WL 34016443 (Trial Filing) Pretrial Order No. 1433 (Sep. 15, 2000)

• 2000 WL 34016467 (Trial Motion, Memorandum and Affidavit) Motion to Intervene and for Rehearing on Pretrial Order No. 1415 (Sep. 09, 2000)

• 2000 WL 34015561 (Trial Motion, Memorandum

and Affidavit) American Home Products Corporation Defendants' Motion to Strike Class Action Allegations from Complaint (Sep. 07, 2000)

• 2000 WL 34015562 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation's Motion for Protective Order (Sep. 07, 2000)

• 2000 WL 34016466 (Trial Motion, Memorandum and Affidavit) Movant%7D Memorandum in Support of Motion to Intervene and for Rehearing (Sep. 06, 2000)

• 2000 WL 34016464 (Trial Motion, Memorandum and Affidavit) The Plaintiffs%7D Management Committee%7Ds Response and Concurrence in Interneuron Pharmaceuticals, Inc.%7Ds Amended Motion for Return of Funds (Aug. 29, 2000)

• 2000 WL 34016463 (Trial Motion, Memorandum and Affidavit) Interneuron Pharmaceuticals, Inc.%7Ds Amended Motion for Return of Funds (Aug. 24, 2000)

• 2000 WL 34016458 (Trial Motion, Memorandum and Affidavit) Class Counsels%7D Memorandum in Support of Final Settlement Approval (Apr. 21, 2000)

• 2000 WL 34019582 (Trial Motion, Memorandum and Affidavit) Fleming Objectors' Bench Brief to the Court for the Fairness Hearing (Apr. 14, 2000)

• 2000 WL 34016456 (Trial Motion, Memorandum and Affidavit) Fleming Objectors%7D memorandum in Support of Objections and Motion to Disapprove the Settlement Agreement (Mar. 30, 2000)

• 2000 WL 34016482 (Trial Pleading) Objection of Vicki Dunn, et al., to Proposed Class Action Settlement (Mar. 30, 2000)

• 2000 WL 34016476 (Trial Motion, Memorandum and Affidavit) (Mar. 29, 2000)

• 2000 WL 34016449 (Trial Motion, Memorandum and Affidavit) Defendant American Home Products Corporation%7Ds Memorandum in Opposition to HMO Louisiana%7Ds Motion to Intervene for the Purpose of Objecting to the Proposed Settlement and Conditional Class Certification (Feb. 14, 2000)

• 2000 WL 34016450 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs Response to the Motion of Paul J. Napoli, Marc Jay Bern, and Napoli, Kaiser & Bern for an Order Striking Plaintiffs%7D Motion for an Order to Show Cause, Etc. (Feb. 01, 2000)

• 1999 WL 33644421 () (Dec. 22, 1999)

• 1999 WL 33740591 (Trial Motion, Memorandum and Affidavit) Motion to Intervene by Certain Health Benefit Providers for Purposes of Requesting Clarification of, and Objecting to, the Proposed Interneuron Agreement of Compromise and Settlement (Feb. 28, 1999)

• 1999 WL 33740476 (Trial Motion, Memorandum

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(b)(1)(B) (Feb. 23, 1999)

• 1999 WL 33740493 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(b)(1)(B) (Feb. 23, 1999)

• 1999 WL 33740479 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to State Court Intervenor's Motion for Summary Judgment Denying Class Certification Under Rule 23(a)(4) (Feb. 22, 1999)

• 1999 WL 33740474 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Management Committee's Motion to Strike Objections of Margaret L. Watson to the Proposed Interneuron Limited Fund Class Settlement or in the Alternative to Compel the Deposition of Margaret L. Watson in Philadelphia Prior to February 19, 1999 or Suffer the Sanction of the Objections Being Deemed Stricken (Feb. 16, 1999)

• 1999 WL 33740469 (Trial Motion, Memorandum and Affidavit) State Court Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(a)(4) (Feb. 09, 1999)

• 1999 WL 33740477 (Trial Motion, Memorandum and Affidavit) Objections of Smithkline Beecham Corporation to Proposed Settlement and Request for Time to Speak at Hearing (Feb. 08, 1999)

• 1999 WL 33740478 (Trial Motion, Memorandum and Affidavit) Comments, Objections, Suggestions and Request to Speak of the Blue Cross/ Blue Shield Plans as to the Proposed Interneuron Mandatory Limited Fund Class Action Settlement (Feb. 04, 1999)

• 1998 WL 34190437 (Trial Motion, Memorandum and Affidavit) Defendant Les Laboratoires Servier's Motion to Dismiss for Lack of Personal Jurisdiction and for Forum Non Conveniens (Dec. 21, 1998)

• 1998 WL 34190439 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Patti Jo Hellmig's Motion to Intervene (Dec. 04, 1998)

• 1998 WL 34190456 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Patti Jo Hellmig's Motion to Intervene (Dec. 04, 1998)

• 1998 WL 34190427 (Appellate Petition, Motion and Filing) Plaintiffs Carol and Armond Aserinsky's Response to PMC's Petition to Set Aside Money for Counsel Fees and Costs in MDL 1203 and to Remand This Case for Trial (Nov. 12, 1998)

• 1998 WL 34190450 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs Carol and Armond Aserinsky's Response to PMC's Petition to Set Aside Money for Counsel Fees

and Costs in MDL 1203 and to Remand this Case for Trial (Nov. 12, 1998)

• 2:98cv20478 (Docket) (Jun. 12, 1998)

END OF DOCUMENT

# EXHIBIT K



**H**

Not Reported in F.Supp.2d, 2003 WL 21276425
(S.D.N.Y.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
In re: REZULIN PRODUCTS LIABILITY
LITIGATION (MDL No. 1348)
No. MDL 1348, 00 Civ. 2843(LAK).

June 2, 2003.

PRETRIAL ORDER NO. 150

KAPLAN, J.
**\*1** This Document Relates to: 02 Civ. 6812(LAK)


(Motions to Remand-*Lusteck* )

This action was brought in a Mississippi state court, removed to federal court on the basis of diversity notwithstanding the presence of a non-diverse physician defendant, and transferred to this Court. Plaintiff moves to remand on the ground that the physician defendant deprives the Court of complete diversity.

The complaint against the physician is for medical malpractice (count II) and breach of express and implied warranty that Rezulin was safe and effective (counts V and VI). Counts V and VI are asserted also against the drug's manufacturer. The alleged malpractice was the physician's alleged negligent failures to (1) conduct liver and cardiac monitoring even after physicians were warned of the risk of liver and cardiac damage, (2) warn plaintiff of the risks associated with Rezulin and (3) diagnose plaintiff's liver dysfunction in time to prevent irreparable injury. (Cpt ¶¶ 26-28)

Magistrate Judge Katz, in a report and recommendation dated April 28, 2003, concluded that plaintiff had no meaningful possibility of success against the doctor on counts V, VI, and the failure to warn and monitor claims in count II, but thought the failure to diagnose malpractice claim sufficient, albeit misjoined with the claims against the manufacturers and other defendants in this case. He therefore recommended severance and remand of the

malpractice claim to the state court, that the doctor be dropped as a defendant here, and that the motion to remand otherwise be denied. Plaintiff objects, arguing that the physician was joined properly, that the sufficiency of the malpractice claim against him destroys diversity, that the physician in any case did not join in the removal as required, and that the entire action therefore should be remanded.

Everything turns on the propriety of the joinder of the physician. The malpractice claim here is based in substance on the physician's failure to diagnose plaintiff's alleged liver dysfunction. The breach of warranty and other claims go principally to the safety and efficacy of the drug and have little if anything to do with the malpractice claim. For the reasons set forth by the Magistrate Judge, the joinder of the malpractice claim with the others was inappropriate because the claims do not both involve common questions of law or fact and assert "joint, several, or alternative liability ... arising from the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20. *Accord, e.g., Lee v. Mann*, 2000 WL 724046, at \*2 (Va.Cir.Ct. Apr. 5, 2000) (claims against drug manufacturer and malpractice claim against prescribing physician did "not arise out of the 'same transaction or occurrence' "). Plaintiff has no meaningful prospect of success on the other claims against the physician.

Accordingly, the Court adopts the report and recommendation of the Magistrate Judge. The motion to remand is granted to the extent, and only to the extent, that Count II of the complaint is severed and remanded to the Court from which it was removed. Dr. Evans is dropped as a defendant on the balance of the complaint. The motion to remand is denied in all other respects.

**\*2** SO ORDERED.

S.D.N.Y.,2003.
In re Rezulin Products Liability Litigation
Not Reported in F.Supp.2d, 2003 WL 21276425
(S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2973888 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21276425 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

to Claims for Certain Side-Effects Warned About in
the Adverse Reactions Table of the Rezulin Labeling
(Jan. 06, 2004)

• 2003 WL 23951442 (Trial Motion, Memorandum
and Affidavit) Defendants' Reply Memorandum of
Law in Support of Their Motion for Summary
Judgment as to Non-Liver-Related Claims Asserted
by Plaintiff Orlean Maxwell (Nov. 07, 2003)

• 2003 WL 23951439 (Trial Motion, Memorandum
and Affidavit) Defendants' Memorandum of Law in
Support of Their Motion for Summary Judgment as
to Non-Liver-Related Claims (Aug. 07, 2003)

• 2001 WL 34133941 (Trial Motion, Memorandum
and Affidavit) Memorandum of Law in Support of
the Pec's Petition for an Order Securing an Equitable
allocation of Counsel Fees and Costs for Common
Benefit Work (May. 14, 2001)

• 2001 WL 34133949 (Trial Filing) Pretrial Order
No. 19 (May. 14, 2001)

• 2001 WL 34133975 (Appellate Petition, Motion
and Filing) Pec%7Ds Petition for an Order Securing
an Equitable Allocation of Counsel Fees and Costs
for Common Benefit Work (May. 14, 2001)

• 1:00cv02843 (Docket) (Apr. 13, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT L



Circuit Court of Virginia.
Kathy LEE (Formerly known as Kathy Lee Douglas)
v.
H. Thompson MANN, M.D., et al.
**No. LE-424-1.**

April 5, 2000.

Dear Counsel:

HUGHES, J.

**\*1** As you know the plaintiff has asked the court to reconsider the ruling made in October finding misjoinder of the defendants.

Briefly, plaintiff has brought claims against the defendants, a doctor and pharmaceutical manufacturer, for injuries received from the use of a diet drug. The doctor defendant prescribed the drug. The manufacturer produced the drug for sale in the marketplace.

Plaintiff asserts, *inter alia,* that the defendants are joint tortfeasors whose actions brought about a single indivisible injury. Defendants assert that they are misjoined because any liability that may be found against either would not be a basis for liability as to the other. Essentially, the claim against the doctor is for medical malpractice in prescribing the drug. The claim against the manufacturer is for products liability where the claims are founded upon negligence failure to warn breach of express and implied warranty etc.

Both sides rely on *Fox v. Deese,* 234 Va. 412 (1987). There, the court dealt with questions of misjoinder of the parties defendant and causes of actions. The court said:

> In *Norfolk Bus Term.,* we stated that 'under our system of pleading, unless the acts of independent tort-feasors concur in producing a single indivisible injury or damage, they may not be sued jointly in a single action.'
> *Norfolk Bus Term.,* however, was decided before the 1954 enactment of Code § 8.01-272 and before the 1974 enactment of Code § 8.01-281.Code § 8.01-272 provides in pertinent part:
> In any civil action, a party may plead as many matters, whether of law or fact, as he shall think

necessary. A party may join a claim in tort with one in contract provided that all claims so joined arise out of the same transaction or occurrence. The court, in its discretion, may order a separate trial for any claim.

Code § 8.01-281 provides in pertinent part:

> A. A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... so joined arise out of the same transaction or occurrence....
> B. The court may, upon motion of any party, order a separate trial of any claim ... and of any separate issue or of any number of such claims....
> In addition, Rule 1:4(k) provides in pertinent part:
> A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... arise out of the same transaction or occurrence. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims ... as he has regardless of consistency and whether based on legal or equitable grounds.
> The foregoing statutes and rule represent a radical departure from the common-law pleading rule stated in *Norfolk Bus Term.*

**\*2** *Id.* at 422-423. (*alterations in original*) (*quoting Norfolk Bus Term. v. Sheldon,* 188 Va. 288, 296 (1948) (*internal citation omitted*) *and citing Tanner v. Culpeper C. Co.,* 117 Va. 154 (1915); *McMullin v. Church,* 82 Va. 501 (1886).)

Here, the facts alleged causing injury do not arise out of the "same transaction or occurrence." The court will adhere to the prior ruling.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.