IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

        Plaintiff,

                              CIVIL ACTION No. 05-11716-MLW

v.

MERCK & CO., INC., et. als.

        Defendants.

### MEMORANDUM OF LAW OF THE DEFENDANTS, DARTMOUTH HITCHCOCK MEDICAL CENTER, ROSHINI PINTO POWELL, M.D. AND CHARLES CARR, M.D. IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR REMAND OF THE CLAIMS AGAINST THEM TO THE MASSACHUSETTS SUPERIOR COURT

The New Hampshire defendants submit that neither the terms of M.G.L. Chapter 223A, Section 3 nor the requirements of due process permit the exercise of jurisdiction over them by this Court. Defendants attach hereto as Exhibits A and B, the Rule 12(b)(2) motion and memorandum of law in support thereof which these defendants had served in the Massachusetts Superior Court prior to Merck's filing of its notice of removal to this Court. Those arguments, which defendants incorporate by reference herein, apply equally to demonstrate that this Court has no jurisdiction over the person of the New Hampshire defendants.

The unfairness of causing these foreign defendants to appear in Massachusetts to defend themselves against their alleged tortious New Hampshire actions would be multiplied significantly if Merck succeeds in its request to have this Federal Court action transferred to the pending Multi-District Litigation in New Orleans. While it may be convenient for Merck to defend itself against thousands of Vioxx® cases in a single forum and before a single judge, the impact on the New Hampshire defendants in this case will be significant and unwarranted legal

expense and the risk that they may be deprived of the representation of counsel of their choice, in a far-flung jurisdiction, when **neither** the Massachusetts Superior Court **nor** this Court ever had jurisdiction over the persons of these New Hampshire defendants in the first instance.

The New Hampshire defendants also submit that Merck improperly removed this action despite actual notice that the New Hampshire defendants had been served and had filed a responsive pleading[1] and had, through counsel affirmatively **objected** to such removal. These procedural irregularities to the removal process were magnified when Merck mailed its original removal papers to counsel for the New Hampshire defendants at an address which was four years out of date, despite actual knowledge from the Essex Superior Court docket as to the proper mailing address for Ficksman & Conley, LLP. This resulted in New Hampshire defendants losing twelve of their thirty days under 28 U.S.C. Section 1447(c) in which to file a motion to remand. (*See*, attached Exhibit D and E)

Merck's national counsel continued this pattern of disregard for the rules and the rights of its co-defendants when it served a request dated August 23, 2005 (Exhibit F) to the Judicial Panel on Multi-District Litigation designating this present action as a potential "tag-along action" ostensibly appropriate for transfer to the MDL Vioxx® litigation in Louisiana, without serving notice of said filing on counsel for the New Hampshire defendants (nor, apparently, on counsel

---

[1] A Rule 12(b)(**2**) motion to dismiss for lack of personnel jurisdiction, **not** a Rule 12(b)(5) motion for insufficient service of process as falsely asserted by Merck at page 2, footnote 1 of its Notice of Removal, had been served under Mass. Superior Court Rule 9A, and counsel had expressly notified the Superior Court of the pendency of this Motion, as required by Superior Court Rule 9E. ("Because such motions often are the initial filing in response to a complaint, . .. in order to avoid the entry of a default for failure to respond in a timely fashion, a party responding by a motion to dismiss must serve the motion on all parties pursuant to Superior Court Rule 9A(b)(2) and, in a timely manner, must file with the Court, a simple 'Notice of Motion to Dismiss' reciting the title of the motion and the date of its service on the parties.") *See,* Exhibit C Merck's Civil Cover Sheet filed in this Court along with the Notice of Removal improperly answered "No" to question number 8 which inquired "[a]re there any motions pending in the State Court requiring the attention of this Court?"

for the Massachusetts defendants), despite the express requirements of Rule 5.2(a) of the Rules of Procedure of the Judicial Panel on Multi-District Litigation.[2] The New Hampshire defendants first notice that a formal request for transfer to the MDL had been made came when Merck attached a copy of the request to its memorandum in opposition to plaintiff's motion to remand, received by Ficksman & Conley, LLP on September 14, 2005.

Thus, Merck has done everything in its power to accelerate the transfer of this action to the MDL in Louisiana, and to deprive the New Hampshire defendants of a meaningful opportunity to block such a transfer, despite actual knowledge that these defendants have raised a good faith challenge to the jurisdiction of both the Massachusetts State and Federal Courts over their persons and, **on that grounds** had specifically objected to the proposed removal. Indeed, the New Hampshire defendants **could not** have given such assent, as to do so would arguably constitute voluntary submission to this Court's personal jurisdiction. The New Hampshire defendants' due process rights to avoid having to defend themselves in a far-flung jurisdiction with which they have no significant or affirmative contacts should not be trampled simply for Merck's convenience.

Even if the Massachusetts Superior Court or this Court had personal jurisdiction over the New Hampshire defendants, and even if removal to this Court had been properly accomplished, all of the medical defendants are entitled, as a matter of Massachusetts substantive law and long-standing precedent in this Court to transfer back to the Massachusetts Superior Court for the purposes of convening a malpractice tribunal under Mass. General Laws Chapter 231, Section 60B. If remand and/or transfer at least for limited purposes of a tribunal hearing is not accomplished prior to this case being consolidated in the Vioxx® MDL, the very real likelihood

---

[2] Rules 5.2(a) requires "all papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on **all other parties in all actions** involved in the litigation." (Emphasis added).

exists that these defendants will unnecessarily be obliged to incur extraordinary burden and expense in defending themselves on a claim with no apparent merit and which the malpractice tribunal undoubtedly would reject. The New Hampshire defendants cannot predict whether the MDL presiding judge even has a mechanism for transfer back to state courts for such purposes, whereas this Court has a long-established procedure for doing so. Accordingly, if this Court is not inclined to grant dismissal outright for lack of personal jurisdiction, the New Hampshire defendants ask at the very least that this case be transferred immediately to the Massachusetts Superior Court for a tribunal hearing before it gets lost in the procedural maelstrom of several thousand pending Vioxx® cases in the MDL.

Finally, should this Court conclude that removal was proper in the first instance despite Merck's procedural irregularities, and should this Court further decline to transfer the malpractice claims back to the Superior Court for convening of a malpractice tribunal, the New Hampshire defendants respectfully submit that the claims against them should be severed and either **separately** remanded to the Massachusetts Superior Court or dismissed outright as having been improperly joined in the first instance under F.R. Civ. P. Rule 20 because they do not involve common questions of law or fact arising from the same transaction, occurrence or series of transactions or occurrences. *See*, Merck's argument at pages 12-15 of its memorandum in opposition to plaintiff's motion to remand, and cases cited therein and appended thereto.

For the foregoing reasons, the New Hampshire defendants respectfully ask this Court:

1. Dismiss, under F.R. Civ. P. 12(b)(2) for lack of jurisdiction over the person of these defendants;

2. Sever the claims against these defendants and remand those claims to state court for ruling on the previously served Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction;

3. Transfer to the Superior Court for convening of the M.G.L. c. 231, s. 60B Tribunal; or

4. Remand of the entire litigation, on the grounds that Merck inappropriately filed its notice of removal despite actual knowledge that the New Hampshire defendants did not assent to same, and further did so while misrepresenting key facts and procedural matters to this Court.

Respectfully submitted
By their attorneys

FICKSMAN & CONLEY, LLP

_____
David M. Gould, Esq.
BBO # 205100
John M. Dellea, Esq.
BBO # 544190
98 N. Washington Street
Suite 500
Boston, MA 02114
Telephone: (617) 720-1515

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of Sept., 2005, I caused the within Motion to be mailed first-class United States mail, postage prepaid, to Andrew J. Tine, Esquire, Haese, LLC, 30 Federal Street, Third Floor, Boston, MA 02110; Lucy Fowler, Esquire, Foley Hoag, LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2600; and Maria Mazur, Esquire, Martin, Magnuson, McCarthy & Kenney, 101 Merrimack Street, Boston, MA 02114-4716

_____
John M. Dellea, Esquire

6