IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

Plaintiff,

v.

MERCK & CO., INC., et al.,

Defendants.

Civil Action No. 05-11716-DPW

## OPPOSITION OF DEFENDANT MERCK & CO., INC. TO MOTION OF THE DEFENDANT PETER J. MILLETT, M.D. TO REFER THE CASE TO THE SUPERIOR COURT TO CONVENE A MEDICAL MALPRACTICE TRIBUNAL

Defendant Dr. Peter J. Millett ("Dr. Millett") moved on September 13, 2005 to refer this

case to the Massachusetts Superior Court in order to convene a medical malpractice tribunal.

Defendant Merck & Co., Inc. ("Merck"), responds by urging that this Court defer ruling on this

motion to allow the Multidistrict Litigation Judge to whom *In re Vioxx Products Liab. Litig.* is

assigned, Judge Fallon, to rule upon the pending Motion for Remand.  If the Court does reach the

merits of this Motion, Merck notes that no claims made against Merck in this action are suitable

for reference to a Massachusetts Superior Court medical malpractice tribunal.  Merck opposes

the motion by Dr. Millett insofar as it may be read as seeking remand of this entire case.

I.     **THE COURT SHOULD DEFER CONSIDERATION OF DR. MILLETT'S MOTION PENDING TRANSFER TO THE MDL**

As a threshold matter, for the reasons already set out in Merck's Opposition to Plaintiff's

Motion to Remand and Merck's Motion to Stay (both of which are incorporated herein by

reference), the Court should refrain from ruling Dr. Millett's Motion pending the transfer of this

case to *In re Vioxx Products Liab. Litig.*, No. 1657 ("VIOXX® MDL"), the MDL proceeding

that has been established in the Eastern District of Louisiana to coordinate all product liability

cases involving alleged health risks from VIOXX® (the "VIOXX® cases"). *See* Transfer Order

dated February 16, 2005 (attached hereto as Ex. A). The Judicial Panel has recognized that

threshold motions such as motions to remand may be decided by the MDL court. (*See id.* at 2).

Moreover, Judge Fallon of the VIOXX® MDL transferee court along with transferor courts

around the country have recognized that having jurisdictional issues such as those arising in

motions to remand decided by a single judge promotes consistency, fairness, and judicial

economy. (*See In re Vioxx Products Liab. Litig.*, Transcript of Status Conference, June 23, 2005,

at 21 (attached hereto as Ex. B) ("[I]f different decisions are made by numerous judges, then you

have no consistency and no predictability and no one knows exactly what to do or how to do it.

It's easier if one court decides some of these matters than if 50 or 100 courts decide the

matter.").) *See also Wilbanks v. Merck & Co,* Civ. Action No. 05-1241-T/AN, 2005 WL

2234071, at *2 (W.D. Tenn. Sep. 13, 2005) (attached hereto as Ex. C)( "having the jurisdictional

issues decided in one proceeding will promote judicial economy and conserve judicial

resources[,] . . . any prejudice to the plaintiffs resulting from a stay would be minimal[, and] . . .

in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant");

*Anderson v. Merck & Co.,* Civ. Action No. 4:05-cv-89 (E.D. Mo. Mar. 16, 2005) (attached

hereto as Ex. D); *McCrerey v. Merck & Co.,* Civ. Action No. 04-cv-2576 (S.D. Cal. Mar. 2,

2005) (attached hereto as Ex. E); *Dixon v. Merck & Co., Inc.*, Civ. Action No. 05-0121 (S.D.

Tex. Feb. 23, 2005) (attached hereto as Ex. F).

        For these reasons and those set forth in Merck's Motion to Stay, this Court should defer

ruling on Dr. Millett's Motion pending final transfer of this case to the VIOXX® MDL before

Judge Fallon.

## II.   MERCK OPPOSES DR. MILLETT'S MOTION FOR REFERRAL TO THE DEGREE IT MAY BE READ AS A MOTION TO REMAND THIS ENTIRE PROCEEDING TO MASSACHUSETTS STATE COURT

Dr. Millett makes no argument in support of a motion to remand this entire case to Massachusetts Superior Court, and in fact this matter has been properly removed to this Court.

Merck has no objection to this Court referring any claims made against Dr. Millett to a Massachusetts Medical Tribunal without remanding the entire case to Massachusetts Superior Court. Indeed, Merck argues that Dr. Millett is fraudulently misjoined as a defendant in this action against Merck.

As set forth in Merck's Opposition to Plaintiff's Motion to Remand, plaintiff's claims against the healthcare defendants involve a separate transaction or occurrence from her claims against Merck. Plaintiff's allegations against Merck arise out of Merck's alleged failure to warn of alleged cardiovascular risks of VIOXX® and the alleged increased risk of cardiovascular risks that Plaintiff has been subject to. In contrast, as Plaintiff explains in her Motion to Remand, Plaintiff's claims against the physician defendant arise out of their alleged failure to consider alleged gastrointestinal risks arising out of contraindications that Merck did include in its labeling and the resulting gastrointestinal injuries allegedly caused by a physician's conduct in prescribing the contraindicated drug combination. (Pl.'s Mot. to Remand at 3 and Exhibit A thereto (attaching portion of prescribing information for VIOXX® in which it states, among other things, "administration of low-dose aspirin with VIOXX may result increased rate of ulceration or other complications, compared to use of VIOXX alone. Merck states. . . .")). These claims, arising out of unrelated conduct and unrelated injuries, are obviously improperly misjoined under Federal Rule of Civil Procedure 20.

"Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d

1353, 1360 (11th Cir. 1996) (*abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000)).  Thus, where plaintiffs have improperly joined parties or claims pursuant to Fed. R. Civ. P. 20, courts have severed the misjoined claims in order to preserve the removing parties right to removal.  *See, e.g., Grennell v. Western Southern Life Insur. Co.*, 298 F. Supp. 2d 390 (S.D. W. Va. 2004) (motion to remand denied because non-diverse parties were misjoined); *In re Diet Drugs Prods. Liab. Litig.,* 294 F. Supp. 2d 667 (E.D. Pa. 2003) ("*Diet Drugs I*"); *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, No. Civ.A. 98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999) ("*Diet Drugs II*") (same) (attached as Ex. G).  *See also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y. 2001) (misjoinder of claims warrants removal of misjoined completely diverse claims); *see also In re Rezulin Prods. Liab. Litig.,* MDL No. 1348, 2003 WL 21276425 (S.D.N.Y. June 2, 2003) (medical malpractice claim against non-diverse physician misjoined; denying motion to remand with respect to remaining claims and severing and remanding only the medical malpractice claim against the physician defendant) (attached as Ex. H).[1]

The court's decision in *Rezulin,* 2003 WL 21276425, is particularly instructive.  In *Rezulin*, the plaintiff alleged claims for failure to warn, monitor and diagnose against a non-diverse defendant physician as well as breach of warranty claims against both the physician and the diverse defendant drug manufacturer.  *Id.* at *1.  The court denied remand, finding that, to the extent the claims were based on an alleged failure to warn of the alleged dangers that the manufacturer was alleged to have concealed from, among others, the medical community, the

---

[1] Upon a finding that non-diverse plaintiffs are fraudulently misjoined, there are two options with respect to the severed claims:  The Court may remand the severed claims.  *See, e.g., Grennell,* 2004 WL 50869; *Rezulin I*, 168 F. Supp. 2d at 146.  Alternatively, the court may also dismiss the non-diverse claims without prejudice.  *See, e.g., Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 819 & n.10 (S.D. Miss. 2002) (permitting misjoined parties to be "dropped or added by order of the court ... [at] its own initiative at any stage of the action.").

court held that those claims were fraudulently joined. *Id.* Moreover, the court held, to the extent the claims were based on the physician defendant's alleged failure to diagnose the effects of the drug or to monitor the plaintiff's health while plaintiff was taking the drug, such claims did not arise from the same transaction or occurrence as the products liability claims against the manufacturers and were therefore misjoined. *Id.* Having found that the only reasonably possible claims were misjoined, the court dismissed those misjoined claims without prejudice and retained jurisdiction over the remaining completely diverse claims. *Id.* at *1- 2. The claims found misjoined in *Rezulin* arose out of separate and distinct conduct – the manufacturers alleged failure to warn of the health risks of the drug at issue versus the physician defendant's alleged failure to diagnose and treat the effects of the drug on the plaintiff. *Id.* at *1. Under these circumstances, the claims were found misjoined pursuant to Fed. R. Civ. P. 20. *Id. Accord Lee v. Mann,* 2000 WL 724046, at *2 (Va. Cir. Ct. Apr. 5, 2000) (attached hereto as Ex. I) (claims against drug manufacturer and malpractice claim against prescribing physician did "not arise out of the 'same transaction or occurrence' "); *see also Smith v. Nationwide Mut. Ins. Co.,* 286 F. Supp. 2d 777, 781-82 (S.D. Miss. 2003).

The misjoinder is even more obvious in the instant case. Like the plaintiff's claims in *Rezulin,* Plaintiff's claims against Merck and claims against Dr. Millett arise out of unrelated conduct – Merck's alleged failure to warn of the alleged cardiovascular effects of VIOXX® and Dr. Millett's alleged failure to consider gastrointestinal risks and contraindications that Merck warned of. The claims against Merck and Dr. Millett in the instant case are even more distinct because they seek relief for separate and distinct injuries – gastrointestinal injuries allegedly arising out of the doctor's misconduct and the alleged increased risk of cardiovascular injuries arising out of Merck's alleged misconduct.

Therefore, like the claims in *Rezulin,* the claims against Merck and Dr. Millett are obviously and egregiously misjoined and should be severed in order that the Court may retain jurisdiction over Plaintiff's claims against Merck. For this reason too, Merck was not required to seek the consent of Dr. Millett prior to removal.

Hence, Merck has no objection to a severance of claims brought against Dr. Millett and referral of those claims to the Massachusetts state court. Merck does, however, object to remand of this case for all the reasons stated in Merck's Opposition to Plaintiff's Motion to Remand filed on September 12, 2005.

## CONCLUSION

For the foregoing reasons, this Court should defer ruling on Dr. Millett's Motion to Refer pending MDL transfer. Alternatively, this Court may sever any claims against Dr. Millett and refer them as it chooses, but the Court should not remand this action as the jurisdiction of this Court has been properly asserted.

> MERCK & CO., INC.
> By its attorneys:
>
> /s/ Kalun Lee _____
> James J. Dillon (BBO# 124660)
> Lucy Fowler (BBO# 647929)
> Kalun Lee (BBO# 657489)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA  02110-2600
> (617) 832-1000

Dated:  September 30, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served on September 30, 2005 electronically upon:

Andrew J. Tine, Esq.
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110

and by U.S. mail upon:

John M. Dellea, Esq.
Ficksman & Conley, LLP
98 N. Washington Street
Boston, MA 02114

Maria L. Mazur, Esq.
Martin Magnuson McCarthy & Kenney
101 Merrimac Street, 7th Floor
Boston, MA 02114

/s/ Kalun Lee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHLEEN A. MARTIN,

            Plaintiff,

    v.

MERCK & CO., INC., et al.

            Defendants.

CIVIL ACTION No. 05-11716-DPW

**DECLARATION OF KALUN LEE**

I, Kalun Lee, hereby depose and say:

1.     I am an attorney at the law firm Foley Hoag LLP and represent Defendant Merck & Co., Inc. in this action. I am admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I have personal knowledge of the matters set forth in this Declaration and could and would competently testify to them if called as a witness.

2.     The document attached as Exhibit A is a true and accurate copy of Transfer Order dated February 16, 2005 of the Judicial Panel on Multidistrict Litigation, *In re Vioxx Products Liab. Litig.*, No. 1657.

3.     The document attached as Exhibit B is a true and accurate copy of pages from a transcript of a Status Conference on June 23, 2005, in *In re Vioxx Products Liab. Litig.*, No. 1657 (E.D. La.).

4.     The document attached as Exhibit C is a true and accurate copy of an order issued on September 15, 2005 in *Wilbanks v. Merck & Co,* Civ. Action No. 05-1241-T/AN (W.D. Tenn.).

5.     The document attached as Exhibit D is a true and accurate copy of an order issued on March 16, 2005 in *Anderson v. Merck & Co.,* Civ. Action No. 4:05-cv-89 (E.D. Mo.).

6.     The document attached as Exhibit E is a true and accurate copy of an order issued on March 2, 2005 in *McCrerey v. Merck & Co.,* Civ. Action No. 04-cv-2576 (S.D. Cal.).

7.     The document attached as Exhibit F is a true and accurate copy of an order issued on February 23, 2005 in *Dixon v. Merck & Co.*, Civ. Action No. 05-0121 (S.D. Tex.).

8.     The document attached as Exhibit G is a true and accurate copy of a memorandum and order issued on July 16, 1999 in *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, No. Civ.A. 98-20478 (E.D. Pa.).

9.     The document attached as Exhibit H is a true and accurate copy of an order issued on June 2, 2003 in *In re Rezulin Prods. Liab. Litig.,* MDL No. 1348 (S.D.N.Y.).

10.    The document attached as Exhibit I is a true and accurate copy of letter from the court issued on April 5, 2000 in *Lee v. Mann*, No. MDL 1348, 00 Civ. 2843 (Va. Cir. Ct.).

I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated:  September 30, 2005                          /s/ Kalun Lee
                                                                       Kalun Lee


# EXHIBIT A

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

2005 FEB 17  AM 11: 37

LORETTA G. WHYTE
CLERK

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A  Before the Panel are two motions, pursuant to 28 U S C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1]  Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana  Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district.  AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district  Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas

---

* Judge Motz took no part in the decision of this matter

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2)  These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed  Accordingly, inclusion of the actions in Section 1407 proceedings is moot

One other action – *Teamsters Local 237 Welfare Fund, et al v Merck & Co, Inc*, S D  New York, C.A No  1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. See Rules 7 4 and 7 5, R P J P M L , 199 F R D  425, 435-36 (2001).

Fee:
CRmDep
Doc. No

A CERTIFIED TRUE COPY

OCT 3 1 2004

[illegible stamp text]

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge *See, e g, In re Ivy*, 901 F 2d 7 (2d Cir 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F Supp 2d 1346, 1347-48 (J.P M.L 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F Smith Patent Litigation,* 407 F.Supp 1403, 1404 (J P M L 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court *In re Mutual Funds Investment Litigation,* 310 F Supp 2d 1359 (J P.M L 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district But we are unwilling, on the basis of the record before us, to make such a determination at this time Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket  Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course  By centralizing this litigation in the Eastern District of Louisiana, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation

IT IS THEREFORE ORDERED that, pursuant to 28 U S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v  Merck & Co , Inc., et al ,* E D  New York, C A  No. 1:01-3441, against Pharmacia Corp , Pfizer Inc., and G D. Searle & Co relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm  Terrell Hodges
Chairman

## SCHEDULE A

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DIST OF LOUISIANA

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Middle District of Alabama

| | |
|---|---|
| *Paul Turner, Sr. v. Merck & Co, Inc, C.A. No 1:04-999* | 05-0428 |
| *Danny M Wilson v. Merck & Co, Inc., C.A No 2:03-844* | 05-0429 |

### Northern District of Alabama

| | |
|---|---|
| *Carolyn O Hensley, etc v Merck & Co., Inc, C.A. No. 1:03-906* | 05-0430 |
| *William Cook v. Merck & Co, Inc., et al, C.A. No. 2:02-2710* | 05-0431 |
| *Sharon Scott Jones v Merck & Co, Inc, C.A No. 5:04-3079* | 05-0432 |

### Southern District of Alabama

| | |
|---|---|
| *Carolyn Younge, etc v Merck & Co, Inc., et al., C.A No 1:03-125* | 05-0433 |

### Eastern District of Arkansas

| | |
|---|---|
| *Linda Sue Otts v Merck & Co, Inc, C.A No 5:04-57* | 05-0434 |

### Western District of Arkansas

| | |
|---|---|
| *Bobby Brown, et al v. Merck & Co., et al., C.A No 4:04-4140* | 05-0435 |
| *Arthur Fulton, etc v. Merck & Co, Inc, C.A No. 6:03-6107* | 05-0436 |

### Central District of California

| | |
|---|---|
| *Charles Ashman v Merck & Co, Inc, C.A. No. 2:04-8225* | 05-0437 |
| *Janet Briggs v Merck & Co, Inc., C.A No. 2:04-9275* | 05-0438 |

### Northern District of California

| | |
|---|---|
| *Kathy Tokes v Merck & Co, Inc, C.A No. 3:04-4435* | 05-0439 |
| *Patricia A Taylor v. Merck & Co, Inc, C.A No 3:04-4510* | 05-0440 |
| *Jeffrey Brass v Merck & Co, Inc, C.A No 3:04-4521* | 05-0441 |

### Middle District of Florida

| | |
|---|---|
| *Frances Dunleavey, et al v Merck & Co, Inc, C.A No 2:04-539* | 05-0442 |

- A2 -

MDL-1657 Schedule A (Continued)

**SECT. L MAG. 3**

### Northern District of Florida

*Benjamin Burt, et al v Merck & Co , Inc., C A No. 3:04-388*                    05-0443

### Southern District of Florida

*Ellen B. Gerber, et al v Merck & Co , Inc , C A No. 0:04-61429*                05-0444
*Josefa Abraham, et al v. Merck & Co , Inc , C A No 1:04-22631*                 05-0445
*Sidney Schneider v Merck & Co , Inc., et al , C A -No 1:04-22632*              05-0446
*Clara Fontanilles v. Merck & Co , Inc , C.A. No. 1:04-22799*                   05-0447
*Stanley Silber, et al v Merck & Co., Inc , C A No 9:04-80983*                  05-0448

### Northern District of Georgia

*Richard Zellmer v Merck & Co , Inc , et al , C.A No 1:03-2530*                 05-0449
*Edna Strickland v Merck & Co , Inc , C.A. No. 1:04-3231*                       05-0450

### Northern District of Illinois

*Linda Grant, et al v Merck & Co , Inc., C A No. 1:04-6407*                     05-0451
*Constance Oswald v Merck & Co., Inc , C.A. No 1:04-6741*                       05-0452
*Anita Ivory v Merck & Co , Inc , C A No. 1:04-7218*                            05-0453

### Southern District of Illinois

*Roberta Walson, etc. v Merck & Co., Inc., C.A. No. 3:04-27*                    05-0454
*John Ellis v. Merck & Co., Inc , et al , C A No 3:04-792*                      05-0455
*Bilbrey v. Merck & Co., Inc , C A. No 3:04-836*                               05-0456

### Southern District of Indiana

*Estate of Lowell D Morrison v Merck & Co , Inc , C A No 1:03-1535*            05-0457
*Kimberly Van Jelgerhuis, et al v Merck & Co , Inc , C A No 1:04-1651*          05-0458

### District of Kansas

*Vicky Hunter v Merck & Co , Inc., C A No 2:04-2518*                           05-0459
*Betty S Smith v. Merck & Co , Inc., C A No 6:04-1355*                         05-0460

- A3 -

MDL-1657 Schedule A (Continued)

SECT. 1 MAG. 3

### Eastern District of Kentucky

| | |
|---|---|
| Daniel K. Williams v Merck & Co., Inc , C.A. No. 2:04-235 | 05-0461 |
| Richard J Getty, et al v Merck & Co., Inc , C.A. No 5:04-452 | 05-0462 |

### Eastern District of Louisiana

Salvadore Christina, Sr v Merck & Co , Inc , C.A. No 2:04-2726
Angelis Alexander v Merck & Co., Inc , C.A No. 2:04-2845
Leonce Davis v. Merck & Co., Inc , C A. No 2:04-2937
Mary V. Gagola v Merck & Co , Inc., C.A No 2:04-3053
Christine L Parr v Merck & Co , Inc , C A No 2:04-3054
Clifton Adam Savage, Sr v. Merck & Co , Inc., C.A No 2:04-3055
Delores Thomas Robertson v Merck & Co , Inc , C.A. No. 2:04-3056
Howard Mark Falick v. Merck & Co., Inc , C A No 2:04-3060
Warren L Gottsegen, M D v Merck & Co , Inc , C.A No. 2:04-3065

### Middle District of Louisiana

| | |
|---|---|
| Michael Wayne Russell v Merck & Co , Inc , C.A. No. 3:04-712 | 05-0463 |
| Linda Kay Hudson v Merck & Co , Inc , C.A No 3:04-776 | 05-0464 |
| Jesse Wilkinson v Merck & Co , Inc , C.A. No. 3:04-800 | 05-0465 |
| Wilson Brown v Merck & Co , Inc., C A No. 3:04-801 | 05-0466 |
| Dorothy Bracken v Merck & Co. Inc., C.A. No 3:04-802 | 05-0467 |
| James Edward Benoit v Merck & Co , Inc., C A No 3:04-803 | 05-0468 |
| Clarence Chiszle v Merck & Co , Inc., C.A. No 3:04-804 | 05-0469 |

### Western District of Louisiana

| | |
|---|---|
| Anthony J. Mallet, et al v Merck & Co , Inc , et al., C A No. 2:02-2304 | 05-0470 |
| Calvin Warren, et al v Merck & Co , Inc., C A No 3:04-2110 | 05-0471 |
| Vicki White v Merck & Co , Inc , C A No. 3:04-2126 | 05-0472 |
| Norma Merrit, et al. v. Merck & Co , Inc , C.A No 5:03-1401 | 05-0473 |
| Herchial Wright, et al v Merck & Co , Inc , C A No 5:04-2268 | 05-0474 |
| Leroy Bates, et al v Merck & Co , Inc , C.A. No 5:04-2269 | 05-0475 |
| Vaughn McKnight v. Merck & Co , Inc , C A No 5:04-2270 | 05-0476 |
| Josephine Harper v Merck & Co., Inc., C.A. No. 5:04-2271 | 05-0477 |
| Lendell Burns, et al v Merck & Co., Inc., C A No 5:04-2272 | 05-0478 |
| Leona Sadler v Merck & Co , Inc , C A. No 5:04-2273 | 05-0479 |
| William Tice, et al v Merck & Co., Inc , C A No 5:04-2274 | 05-0480 |
| Maynard Butler, et al v Merck & Co., Inc., C.A No 5:04-2275 | 05-0481 |
| Marion Evans, et al v. Merck & Co , Inc., C.A. No. 5:04-2276 | 05-0482 |
| Donna Lavergne v Merck & Co . Inc , C.A No 6:04-2174 | 05-0483 |

- A4 -

MDL-1657 Schedule A (Continued)

### District of Maryland

| | |
|---|---|
| *Lindsey Edler, etc. v. Merck & Co , Inc* , C.A. No 1:03-3612 | 05-0484 |
| *Melvin Biles v. Merck & Co , Inc* , C A. No. 1:04-975 | 05-0485 |
| *David Morris, Jr. v Merck & Co , Inc.* , C.A No 8:04-3024 | 05-0486 |
| *Daniel Martin Jeffers, et al. v. Merck & Co , Inc* , C.A No 8:04-3604 | 05-0487 |

### District of Massachusetts

| | |
|---|---|
| *Frank R. Saia v Merck & Co , Inc* , C.A. No. 1:04-12166 | 05-0488 |

### District of Minnesota

| | |
|---|---|
| *Carolyn Y. Glover v. Merck & Co., Inc* , C A No 0:03-5166 | 05-0489 |
| *Lowell Burris, Jr. v Merck & Co , Inc* , C.A. No. 0:04-4375 | 05-0490 |
| *Shirley Homister v Merck & Co , Inc.,* C A. No. 0:04-4754 | 05-0491 |

### Northern District of Mississippi

| | |
|---|---|
| *Frances Shannon, et al. v. Merck & Co., Inc., et al* , C A No. 2:03-105 | 05-0492 |

### Southern District of Mississippi

| | |
|---|---|
| *Leona McFarland et al. v. Merck & Co , Inc., et al* , C A No 2:03-247 | 05-0493 |
| *Bettye J. Magee, et al v Merck & Co , Inc , et al.,* C.A No 2:03-249 | 05-0494 |
| *Jerry Melton v Merck & Co , Inc , et al* , C.A. No 2:04-372 | 05-0495 |
| *Janet Sue Morgan, et al v. Merck & Co., Inc., et al.,* C A No 3:03-435 | 05-0496 |
| *Brenda Price, et al v Merck & Co , Inc , et al* , C A. No 3:04-866 | 05-0497 |

### Eastern District of Missouri

| | |
|---|---|
| *Deyonne E  Whitmore v Merck & Co , Inc* , C A No 4:03-1354 | 05-0498 |
| *Janice Perkins v. Merck & Co;, Inc* , C A. No 4:04-1446 | 05-0499 |
| *Jurhee Bench v  Merck & Co , Inc.,* C.A. No 4:04-1447 | 05-0500 |

### Western District of Missouri

| | |
|---|---|
| *Caroline Nevels v  Merck & Co , Inc , et al.,* C A No 4:04-952 | 05-0501 |
| *Russell Young, etc  v Merck & Co , C.A. No. 6:04-5117 | 05-0502 |

- A5 -

MDL-1657 Schedule A (Continued)                    **SECT. I MAG.3**

### District of New Jersey

| | |
|---|---|
| *Patrick Besaw v Merck & Co , Inc , C.A No 3:04-5178* | 05-0503 |
| *Brenda Aguero, et al v Merck & Co , Inc , C.A No 3:04-5341* | 05-0504 |

### Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al v Merck & Co , Inc , et al., C A No. 1:01-3441* | 05-0505 |
| *William Hanson v Merck & Co , Inc., C A No 1:04-2949* | 05-0506 |
| *Jerome Covington v. Merck & Co , Inc , C.A. No 1:04-4439* | 05-0507 |
| *Alan Mell v Merck & Co. Inc , C A No. 1:04-4606* | 05-0508 |
| *Lorraine Fialo v. Merck & Co., Inc , C.A. No 1:04-4686* | 05-0509 |
| *Lawrence Wright, et al v Merck & Co , Inc , C.A. No 2:04-4485* | 05-0510 |
| *William Fontanetta, et al. v. Merck & Co , Inc , C A. No 2:04-4486* | 05-0511 |

### Southern District of New York

| | |
|---|---|
| *Laney C Davis v Merck & Co , Inc , C A. No. 1:04-8082* | 05-0512 |
| *Elizabeth Aiken v Merck & Co , Inc , C.A. No 1:04-8085* | 05-0513 |
| *Walter McNaughton v Merck & Co Inc , C A. No. 1:04-8297* | 05-0514 |
| *Carmen M Pagan, et al v Merck & Co , Inc , C.A. No. 1:04-8959* | 05-0515 |
| *Teamsters Local 237 Welfare Fund, et al v. Merck & Co , Inc , C A. No 1:04-9248* | 05-0516 |
| *Anna Quick v Merck & Co , Inc , C A. No. 7:04-8169* | 05-0517 |

### Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v Merck & Co , Inc., C.A. No. 1:04-2209* | 05-0518 |
| *Danford K Jones et al v Merck & Co , Inc , C.A No 1:04-2217* | 05-0519 |
| *James E. Meadows, et al v Merck & Co., Inc., C.A. No. 1:04-2229* | 05-0520 |
| *Wanda Moldovan, et al v Merck & Co., Inc., C.A. No. 1:04-2245* | 05-0521 |
| *Janet Dauterman, et al v Merck & Co , Inc , C A No 3:03-7623* | 05-0522 |

### Western District of Oklahoma

| | |
|---|---|
| *Paul E House v. Merck & Co., Inc., C A No 5:04-1235* | 05-0523 |

### Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al v Merck & Co., Inc., C A No 2:04-4713* | 05-0524 |
| *Michelle Donovan v Merck & Co., Inc., C A No 2:04-4882* | 05-0525 |
| *Gwendolyn L Carr v. Merck & Co , Inc , C.A. No 2:04-4900* | 05-0526 |
| *Fred S Engle v Merck & Co., Inc., C.A. No. 2:04-5077* | 05-0527 |
| *Merrick Sirota, et al v Merck & Co., Inc , C.A No 2:04-5130* | 05-0528 |

- A6 -

MDL-1657 Schedule A (Continued)

**SECT. | MAG. 3**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al v Merck & Co , Inc , C.A No 3:04-2263*      05-0529

### District of South Carolina

*Bridget Elaine Michaud, etc v Merck & Co., Inc., C A. No 4:03-3083*      05-0530

### Eastern District of Texas

*Arthur Clifford Hall, et al v Merck & Co , Inc., C.A. No 1:04-684*      05-0531
*Brenda Lewis v Merck & Co., Inc , C A. No 1:04-685*      05-0532
*Billie Painton, et al v Merck & Co , Inc , C.A No 1:04-686*      05-0533
*Lovincy Richard, et al. v. Merck & Co , Inc., et al , C.A. No. 1:04-703*      05-0534
*Bill Jolley, et al. v. Merck & Co , Inc , C A. No 2:04-376*      05-0535
*Marian Williamson, etc v Merck & Co , Inc , C A No 2:04-406*      05-0536
*Deborah Daley, etc v Merck & Co., Inc , et al., C.A No 6:03-509*      05-0537

### Northern District of Texas

*Dellas Staples, et al v Merck & Co , Inc , et al , C A. No 3:03-180*      05-0538
*Michael R Leonard v Merck & Co , Inc , C A. No 3:04-2157*      05-0539
*Jack A Register, et al v Merck & Co , Inc , et al , C.A. No 3:04-2259*      05-0540

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co . Inc , et al , C.A. No. 2:03-362*      05-0541
*Audona Sandoval v. Merck & Co , Inc , C A. No. 2:04-544*      05-0542
*Jeffrey L. Denny, et al v Merck & Co., Inc , et al , C.A No 3:04-526*      05-0543
*Kimberly D. Stubblefield, etc v. Merck & Co. Inc. et al , C A. No. 4:02-3139 .*      05-0544
*John P Eberhardt v Merck & Co , Inc , C.A. No. 4:03-1380*      05-0545
*Myrtle Louise Bell, et al v. Merck & Co., Inc., et al , C A No 4:03-3448*      05-0546
*Thomas Joseph Pikul, etc v Merck & Co , Inc., et al., C A No 4:03-3656*      05-0547
*Opalene Stringer, et al v Merck & Co , Inc., et al , C A No 4:03-3657*      05-0548
*Reginald K Fears v Merck & Co , Inc , C.A. No. 4:04-4187*      05-0549
*Peggy J Balch v Merck & Co , Inc , C.A. No. 4:04-4201*      05-0550
*John R Stout v Merck & Co , Inc , C.A. No 4:04-4205*      05-0551
*Charles C. Gilmore v Merck & Co., Inc., C.A. No 4:04-4206*      05-0552
*Johnny White v Merck & Co , Inc , C A. No 4:04-4207*      05-0553
*Donna Hale v Merck & Co , Inc , C A No 4:04-4208*      05-0554
*Bernadette Young v Merck & Co , Inc , C.A. No 4:04-4209*      05-0555
*William B Gregory, Jr. v Merck & Co., Inc., C.A. No 4:04-4327*      05-0556

- A7 -

MDL-1657 Schedule A (Continued)

DIST. [ILLEGIBLE]

Southern District of Texas (Continued)

| | |
|---|---|
| *Patricia Benavides, etc. v. Merck & Co., Inc., et al*, C A No 5:03-134 | 05-0557 |
| *Patricia Benavides, etc. v Merck & Co., Inc., et al*, C A No 5:04-153 | 05-0558 |
| *Olga Sanchez v Merck & Co., Inc., et al*, C A. No. 7:04-352 | 05-0559 |
| *Maria Emma Hinojosa v Merck & Co., Inc*, C.A. No. 7:04-373 | 05-0560 |

Western District of Texas

| | |
|---|---|
| *Joe Hopson, etc. v Merck & Co., Inc., et al*, C.A. No 1:04-485 | 05-0561 |
| *Larry Lee Bauman, et al. v Merck & Co., Inc*, C A No. 1:04-707 | 05-0562 |
| *Carolyn Reed etc v Minor, et al*, C A No. 1:04-731 | 05-0563 |

District of Utah

| | |
|---|---|
| *Della Jo Salt, et al v Merck & Co., Inc*, C A No 2:01-794 | 05-0564 |

District of Vermont

| | |
|---|---|
| *Sara Cheeseman v Merck & Co Inc*, C A No 1:04-261 | 05-0565 |

Western District of Virginia

| | |
|---|---|
| *Catherine Wheatley, etc v Merck & Co., Inc., et al*, C.A. No. 2:04-20 | 05-0566 |

Judicial Panel on Multidistrict Litigatio   Panel Attorney Service List                                   Page 1

Docket: 1657 - In re Vioxx Products Liability Litigation                          SCHEDULE B
Status:  Transferred on 02/16/2005
Transferee District: LAE    Judge: Fallon, Eldon E                                Printed on 02/16/2005

**ATTORNEY - FIRM**                          **REPRESENTED PARTY(S)**

Allen Jr T Scott                             => Arango M D, Dario*; Dario Arango, M D , P A dba Arango Family & Industrial Clinic*; Dennis Dr
Cruse Scott Henderson & Allen                Michael D *; Suderman. D O  Emery L *
2777 Allen Parkway
7th Floor
Houston TX 77019

Americsourcebergen                           => Amerisource Inc ; Amerisourcebergen#; Bergen Brunswig Drug Co #
1300 Morris Drive
Suite 100
Chesterbrook PA 19087

Arsenault Richard J                          => Lavergne Donna
Neblett Beard & Arsenault
P O Box 1190
Alexandria LA 71309-1190

Aylstock Bryan F                             => Price Bobby; Price Brenda
Aylstock Witkin & Sasser P L C
55 Baybridge Drive
Gulf Breeze FL 32561

Bailey Blake H                               => Bailey Jerlene*; Ford. James*; Harrington John*; Hollandsworth James*; Irvin Barbara*; Jolley
Bailey Law Firm                              Bill*; Morrison. Ethel*; Smith Shirley*; Williams James*; Young David*
112 South Broadway
Tyler TX 75702

Barkley Steven C                             => Hall (Ind /Rep /Est -Margaret Isabel) Arthur Clifford; Hall Eliot: Hall Frank Harold
3560 Delaware
Suite 305
Beaumont TX 77706

Barrett David A                              => Cain Alex*; Moss. Bobbie*; Watkins William*
Boies Schiller & Flexner LLP
570 Lexington Avenue
16th Floor
New York NY 10022

Becnel, Bradley Douglas                      => Savage Sr Clifton Adam
Law Offices Of Daniel E Becnel. Jr
425 W Airline Hwy
Suite B
Laplace LA 70068

Becnel Jr Daniel E                           => Benoit James Edward; Bracken. Dorothy Brown Wilson; Chiszle Clarence: Christina. Sr Salvadore*;
Law Offices of Daniel E Becnel Jr            Davis Leonce; Falick. Howard Mark; Gagola Mary V ; Hudson Linda Kay; Parr Christine L ;
106 West Seventh Street                       Robertson Delores Thomas; Wilkinson. Jesse
P O Drawer H
Reserve LA 70084-2095

Bergen Brunswig.                             => Bergen Brunswig Drug Co dba Amerisourcebergen
P O Box 959
Valley Forge PA 19482

Berger. C William                           => Silber Stanley; Silber. Susan
Furr & Cohen
One Boca Place
2255 Glades Road

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1 657 Contin:*                                                     Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Suite 337W
Boca Raton, FL 33431

Birchfield Jr Andy D
Beasley Allen Crow Methvin Portis & Miles
P O Box 4160
234 Commerce Street
Montgomery AL 36103-4160

=> Abram Antoinette*; Adams (Behalf-Janet) Eddie William*; Brown (Behalf-Stephen Anthony) Tracy*; Chapman, Eunice*; Cook, William*; Early Reginald*; Eckols Lula*; Eckols Tommy Lee*; Flanagan Geneva L *; Gough, Jerry*; Halbert Josephine*; Harmon Roy*; Holmes Gene*; Hopkins (Behalf-Emma Conner) Willie Mae*; Hudson Camillia Faye*; Johnson, Sharon*; Jones Annie*; Jones, Jessie Lee*; King Tonya Lynn*; Logan Joe W *; Magee. Bettye J *; Maynor Linder*; McFarland Leona*; McMillan Louise*; McNeil Bessie*; Morgan Janet Sue*; Morgan Stephanie*; Moulds (Behalf-Alice Lessie Atchley) Rachel*; Norwood Annie*; Oliver (Behalf-Kenneth Ray) Frances Ann*; Otts Linda Sue*; Parsons Mary*; Payton Eddie William*; Pegues Riella*; Powell, Susie M *; Smith, James*; Starling, Lamont*; Sykes, Melissa*; Tucker Barbara*; Warren James Howard*; Wheatley (Adm /Est -Carl) Catherine*; Wheaton Rosie C *; Younge (Ind /Adm /Est -Charles Marvin) Carolyn*; Zellmer, Richard*

Bradford Reshonda L
Singleton Law Firm
4050 Linwood Ave
Shreveport LA 71108

=> Allegretto Fran; Anderson, Comecia; Anderson Frederick; Baylor. Ruthie; Brooks Magaline; Edwards Joe Ree; Garcie Mattie; Hall Calvin; Kersee Mary; Merrit Norma; Netter Carlos; Payne Minnie; Rice Thelma; Upshaw James

Bruno Joseph M
Bruno & Bruno LLP
855 Baronne Street
New Orleans LA 70113

=> Alexander Angelis*

Buchanan Virginia M
Levin Papatonio Thomas Mitchell et al
316 South Baylen Street Suite 600
P O Box 12308 .
Pensacola FL 32501

=> Burt Benjamin R ; Burt Shirley

Cabraser Elizabeth J
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco CA 94111-3339

=> Aguero, Brenda*; Herke Sherrill*

Carboy Andrew J
Sullivan Papain. Block McGrath & Cannavo
120 Broadway
18th Floor
New York NY 10271

=> Fontanetta, Robin; Fontanetta William

Carroll Raymond S
Law Offices Of Weiner,carroll & Strauss
119 Rockland Center
Suite 425
Nanuet NY 10954

=> McNaughton Walter*

Colingo Joseph R
Williams Heidelberg et al
P O Box 1407
711 Delmas Avenue
Pascagoula MS 39568-1407

=> Stewart Dr Reginald

Cory, Ernest
Cory Watson Crowder & DeGaris P C
2131 Magnolia Avenue

=> Fulton (Adm /Est -Rebeka Kayla Schultz) Arthur*; Hensley (Exe /Est -Henry Lee) Carolyn O *

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1 657 Contin*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 200<br>Birmingham AL 35205 | |
| Craig Jr C York<br>Craig Hester Luke & Dodson<br>P O Box 12005<br>Jackson MS 39236-2005 | => Columbia Discount Drugs Inc ; Super D #143 |
| Crum Richard E<br>Cobb Shealy Crum & Derrick, P A<br>P O Box 6346<br>Dothan AL 36302-6346 | => Turner Sr Paul* |
| D Amato, Jr John Michael<br>Russo Scamardella & D Amato P C<br>1010 Forest Avenue<br>Staten Island NY 10310 | => Fialo, Lorriane |
| Deters Eric C<br>Eric C Deters & Associates P S C<br>5247 Madison Pike<br>Independence KY 41051 | => Williams Daniel K * |
| Dixon Ivan<br>8413 Edgewood Drive<br>Rowlett TX 75089 | => Dixon, Ivan |
| Eberhardt John P<br>#1083045<br>1100 FM 655<br>Rosharon TX 77583 | => Eberhardt John P |
| Edelman Daniel A<br>Edelman Combs & Latturner LLC<br>120 South LaSalle Street<br>18th Floor<br>Chicago IL 60603 | => Ivory Anita |
| Edmonson, Richard M<br>Armstrong Allen PLLC<br>4450 Old Canton Road<br>Suite 210<br>Jackson MS 39211 | => Fred s Express |
| Fayard, Jr, Calvin C<br>Fayard & Honeycutt<br>519 Florida Avenue, S W<br>Denham Springs LA 70726 | => Russell Michael Wayne* |
| Fears, Reginald K<br>James H Byrd Unit<br>21 FM 247<br>Huntsville TX 77320 | => Fears Reginald K |
| Federman William B<br>Federman & Sherwood<br>120 North Robinson Avenue<br>Suite 2720<br>Oklahoma City OK 73102 | => House, Paul E *; Leonard Michael R * |

Please refer to the title page for complete report scope and key

*(Panel Attorney Service List for MDL 1657 Contlnt*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fiesta Ronald V<br>Kenneth B Moll & Associates Ltd<br>Three First National Plaza<br>50th Floor<br>Chicago IL 60602 | => Chartrand, Larry*; Grant Linda* |
| Flowers R Allen<br>Flowers Law Firm<br>341 North 25th Avenue<br>Hattiesburg MS 39401 | => Willis M D Todd |
| Foster Shawn G<br>Davis, Bethune & Jones LLC<br>1100 Main Street<br>Suite 2390<br>Kansas City MO 64105 | => Bench Jurhee*; Hunter, Vicky* |
| Fox, Dana Casselli<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas TX 75204 | => Baldoni, Eugene; Blumfield Travis; Brumfield Travis; Lassig Ashley· Lassig Leonard; Lassig Martha;<br>Pearson Carolyn; Pearson Elizabeth; Smith Carolyn; Smith Eric; Staples Billy; Staton<br>(Ind /Per /Rep /Heirs/Est -David Wayne) Rosa Linda; Valdone Chip |
| Freese Richard A<br>Sweet & Freese P L L C<br>P O Box 1178<br>Jackson MS 39215 | => Melton Jerry |
| Gallagher Michael T<br>Gallagher Law Firm P C<br>777 Walker Street<br>Suite 2500<br>Houston TX 77002 | => Balch Peggy J * |
| Gancedo Hector G<br>Gancedo & Nieves<br>144 West Colorado Blvd<br>Pasadena, CA 91105 | => Briggs Janet |
| Garcia Ricardo A<br>820 S Main Street<br>McAllen. TX 78501 | => Sanchez Olga* |
| Gibson Mary<br>P O Box 400<br>St Mary's GA 31558 | => Gibson, Mary |
| Goldser, Ronald S<br>Zimmerman Reed P L L P<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis MN 55402-4123 | => Dauterman Brock; Dauterman Holly; Dauterman Janet; Dauterman Rod· Dauterman, Ryan; Glover<br>Carolyn Y ; Michaud (Ind /Per /Rep on behalf of the Estate of Andre Adrian Michaud Decedent Andre<br>Adrian Michaud) Bridget Elaine; Whitmore, Deyonne E |
| Goldwasser Andrew S<br>Ciano & Goldwasser<br>460 MK Ferguson Plaza<br>1500 West Third Street<br>Suite 460<br>Cleveland OH 44113 | => Knoll Marjory |

*iPanel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Graffeo C Anthony<br>Watson Jimmerson Givhan et al<br>203 Greene Street<br>P O Box 18368<br>Huntsville AL 35804 | => Jones Sharon Scott |
| Griesenbeck, Tim T<br>Plunkett & Gibson<br>Renaissance Plaza, Suite 1100<br>70 N E Loop 410<br>P O Box 795061<br>San Antonio TX 78216 | => Mercy Hospital of Loredo d/b/a Mercy Regional Medical Center |
| Griffith Patricia<br>1045 Evelyn Avenue<br>Clarksdale MS 38614<br>*** Bad Address *** | => Griffith Patricia |
| Guerriero, Jeffrey D<br>Guerriero & Guerriero<br>P O Box 4092<br>Monore LA 71211-4092 | => Warren Calvin; Warren Jessica |
| Harke Lance A<br>Harke & Clasby<br>155 South Miami Avenue<br>Suite 600<br>Miami FL 33130 | => Fontanilles Clara |
| Hebderson Craig D<br>Gary Thomasson Hall & Mark<br>Professional Corp<br>P O Box 2888<br>210 S Carancahua<br>Corpus Christi TX 78403 | => Reed (Ind /widow-Johnney) Carolyn |
| Hockema David Hadden<br>Hockema, Tippit & Escobedo L L P<br>1 Paseo Del Prado<br>Bldg 101<br>P O Box 720540<br>McAllen, TX 78504-0540 | => Hinojosa, Maria Emma* |
| Hodges Robert M<br>Wise, Carter, Child & Caraway<br>P O Box 651<br>Jackson. MS 39205-0651 | => Mississippi Emergency Associates P A |
| Howell III Jesse L<br>Copeland Cook, Taylor & Bush P A<br>200 Concourse, Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | => Bonners Pharmacy* |
| Hughes John F<br>Wilkins Stephens & Tipton<br>P O Box 13429<br>Jackson MS 39236-3429 | => Reid, M D  Richard |

*(Panel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Hutton, Mark B<br>Hutton & Hutton<br>P O Box 638<br>Wichita KS 67201 | ⇒ Smith, Betty S |
| Hylla David A<br>Bilbrey & Hylla<br>8724 Pin Oak Road<br>P O Box 975<br>Edwardsville IL 62025<br>••• Bad Address ••• | ⇒ Bilbrey, Patricia |
| Johnson, Dennis J<br>Johnson & Perkinson<br>1690 Williston Road<br>P.O. Box 2305<br>S Burlington VT 05403 | ⇒ Cheeseman Sara* |
| Johnson Walter T<br>Watkins & Eager<br>P O Box 650<br>Jackson MS 39205-0650 | ⇒ G D Searle & Co ; G D Searle LLC· Monsanto Co ; Pharmacia Corp |
| Johnson III Whitman B<br>Currie Johnson, Griffin Gaines & Myers<br>P O Box 750<br>Jackson MS 39205-0750 | ⇒ Lee M D  Charles D |
| Jones Christy D<br>Butler Snow O Mara Stevens & Cannada<br>P.O. Box 22567<br>Jackson MS 39225-2567 | ⇒ Delta Discount Drugs Inc |
| Josephson Richard L<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Suite 3000<br>Houston TX 77002-9934 | ⇒ R/D Clinical Research Inc · Resnick M D  Harvey |
| Katz, Melissa C<br>Waters & Kraus<br>3219 Mckinney<br>Suite 3000<br>Dallas TX 75204 | ⇒ Bareham, Sandra· Bolen  Larry; Briggs  Robert; Condit Kathy; Holland Michael; Joiner Sherri·<br>Knowles Katrina; Lenormand Pamela; Mitchell. Robert: Taucer Albert· Thompson John; Tucker Jerry |
| Kegerreis Sharon L<br>Hughes Hubbard & Reed LLP<br>201 S  Biscayne Boulevard<br>Suite 2500<br>Miami FL 33131-4332 | ⇒ Publix Super Markets, Inc |
| Kennedy R  Eric<br>Weisman Kennedy & Berris<br>1600 Midland Building<br>101 Prospect Avenue, West<br>Cleveland, OH 44115 | ⇒ Jones Danford K *· Jones Gilda C * |
| Kleinberg Norman C<br>Hughes Hubbard & Reed LLP | ⇒ Merck & Co  Inc * |

*(Panel Attorney Service List for MDL 1 657 Contint.*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

One Battery Park Plaza
New York NY 10004
=> Meadows, James E *; Meadows Jr , James E ; Meadows June; Meadows, Stephen G

Knoll, Marjory
Law Office Of Robert J Dicello
7556 Mentor Avenue
Mentor OH 44060

Kolman Timothy M
Timothy M Kolman And Associates
225 North Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne, PA 19047
=> Donovan Michelle

Lamp, Joel C
Assistant General Counsel
Tort Litigation Division Wal-Mart Stores Inc
702 S W 8th Street
Bentonville, AR 72716-0215
=> Wal-Mart Stores Inc

Land John W
Bryan Nelson Randolph & Weathers
P O Drawer 18109
Hattiesburg MS 39404-8109
=> Mettsave Drugs; Quitman Drug Co

Lanier W Mark
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
=> Brown Bobby*· Brown Linda*; Daley (Ind /Rep /Est -Robert Deleon & Next Friend for Scott A & Shirley Mann) Deborah*; Stubblefield (Ind /Rep /Est -Keith Jerome & Next Friend-Keith Jerome Korietta Lashay Kendall Wayne& Kedrick Roy), Kimberly D *

Leathers Jeffrey D
Greer Pipkin Russell, Dent & Leathers
P O Box 907
Tupelo MS 38802
=> Community Discount Pharmacy*

Leesfield Ira H
Leesfield, Leighton Rubio & Mahfood P A
2350 South Dixie Highway
Miami FL 33133
=> Schneider Sidney

Levin Arnold
Levin, Fishbein Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
=> Besaw Patrick*; Smith Henry*; Smith Mary*

Lewis, Carlene Rhodes
Goforth Lewis, Sanford LLP
1111 Bagby
Suite 2200
Houston TX 77002
=> Ahl June*; Alaniz Flora*; Allen, George*; Alston Jr . John*; Anglin Helen*; Austin Nancy*; Baker, Mary*; Baker Norma*; Baldwin Kenneth*; Banks, Judy*; Barrington Ernest*· Bell, Myrtle Louise*; Benavides (Ind /Rep/Est -Lucia Gutierrez), Patricia*; Berry, Flora*; Bogdany Arthur*; Bridgers, Rebecca*; Bronze Sandra*; Brooks Fredrick*; Brow Mary*; Brown, Esther*; Brown, Wattie*; Buck Patricia*; Buckner Claude*; Bullock, Barbara*; Burk-Cameron Patricia*; Burkett (Legal Heir/Est -Lelan Stringer) Marjorie*; Burrell Willie*; Busby-Allen, Sharla*; Butcher Shirley*; Calder Virginia*; Camacho Maria*; Carney Homer*; Carter Andrea*; Carter Essie*; Carter, Helen Portis*; Castro Hortensia*; Cebrum Alice*; Chambers Christopher*; Chane, Della*; Chatman Charles*· Childress. Cynthia*; Chocolate, Belinda*; Clark Beulah*; Clark Corvena*; Clark Delores*; Clark Mary*; Clayton. Marsha*; Cluff, Anna*; Coleman Lula*; Combs David*; Cooper Roberts*; Coppedge Darryle*; Crick. Kimberly*; Cruz. Esperanza*; Cryer Becky*; Dahl, David*; De La Rosa, Odilla*; Deainza Barbara*; Denny. Jeffrey L *; Denny Molly J *; Diaz Mary*; Duncan Shirley*; Elam Claudia*; England James*; Fischbach Arleigh*; Flaniken Betty*; Forbes James*; Foward Joe*;

*(Panel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| | Futrell, Sharon*; Gajdosik, Margaret*; Garrett, Manieka*; Garza Jorge*; Garza, Linda*; Garza Manuel*; Garza Pauline*; Geryak Janie*; Gilmore, Bobbie*; Glaspie Precious*; Goss Garcia*; Graves, Mark*; Gray, Marvinette*; Griggsby, Tenya*; Guzman Beatriz*; Haddox Gracie*; Hafemann Donald*; Hannah Reba*; Hannah, Sandra*; Hardin Larry*; Harrell Regina*; Harris Richard*; Harris Sandra*; Harris, Vivian*; Haynes Lloyd*; Heirs/Est -Pablo Flores*; Hermis Lawrence*; Hernandez Ana*; Hervey, George*; Hess Kenneth*; Hill Kristy*; Hodges Alvin*; Hogue Thelma*; Holland Wanda*; Hopson (Ind /Rep /Est -Kay Faubion) Joe*; Howard Annice*; Hubbs Judy*; Hutson, Jerry*; Jackson, Ella*; Jackson, Esther*; Jackson, Lendia*; James Tracy*; Jobe, Charles*; Johnson Willie*; Jones Terryl*; Kenne, Gordon*; King Patricia*; Knox Mary*; Kolak Alexander*; Lane Sr Prentice*; Lawson, Elva*; Lee Gary*; Lerma, Clemente*; Leslie Doris*; Leveen Jay*; Lewe Doris Jean*; Lewis Crystal*; Lise, Joyce*; Logsdon Ernest*; Lovvorn, Jesse*; Lucas Stephen*; Mallet Anthony J *; Mallet Priscilla G *; Mankarious Rifaat*; Manning Rosie*; March Alicia*; Martin Georgia*; Martinez Willie*; Mauldin, Mary*; Mayberry Janice*; Mayo Veronica*; McCleveland Kym*; McGathon, Myrtle*; McMillian, Opal*; McNulty Sharon*; Miller Grunetta*; Molina Euardo*; Moore, Sharon*; Moreno Jesus*; Morris Gerald*; Morton David*; Mowery Ricky*; Murphy Mary*; Myer, Margaret Pearson*; Nelson Rubie*; Newell Carol*; Newton, Mary*; Nichols Fredrick*; Oliver Rena*; Owen III David*; Parker Jessie*; Parks, Dorothy*; Parks Margaret*; Patterson, Steven*; Phelan, Claudia*; Phillips, Laura M *; Pikul (Adm /Est -Paul), Thomas Joseph*; Platt Jr Alvin*; Posada, Maria*; Powers Gail*; Pradia, Carolyn*; Punch Vivian*; Pyron, Marshall*; Rady Jean*; Ramirez Josefa*; Ray Sr. Darrell*; Reyna Pete*; Reynolds Lori*; Rhodes Brian*; Rhodes George*; Richter Mary*; Rivera Epifanio*; Roberts Katherine*; Roberts Lorna*; Robertson, Teddy*; Robinson Lonnie*; Robinson Oscar*; Rodriguez, Dorothy*; Rodriguez Jose*; Rodriguez, Vivian*; Rogers Hank*; Ross, Larry*; Ross Olga*; Ross Sonsuray*; Royston Irina*; Russell Shelvy*; Saylor Richard*; Schuhrke Nora*; Seago Buncy*; Shah Ahmed*; Shields Marie*; Simmons Robert*; Simpson Ovie*; Simpson Patricia*; Skipworth Billy*; Small Weavis*; Smith Georgia*; Smith Melody*; Sorge Charles*; Steard Sheilah*; Stech, Richard*; Taylor Jimmy*; Taylor Susan*; Taylor Tammy*; Taylor-Beck, Dimitri*; Teague James*; Thomas Geraldine*; Thomas Jr Clifton*; Thomas Leslie*; Thompson Ray*; Tucholski Ernest*; Wallace Lamar*; Ward George*; Ward Willie*; Wardlow, Willard*; Watson Jummy*; Watson Lonzine*; Wiley Little*; Williams Belinda*; Williams Charlotte*; Williams Josephine*; Williams Theresa*; Wilson John*; Wofford Diane*; Wood, Carol*; Woodall Phyllis*; Worsley, Fred*; Wright Alice*; Yarbrough Brenda*; Yong Cha, Page* |
| Lietz David K<br>Coale Cooley Lietz McInerny & Broadus<br>818 Connecticut Avenue<br>Suite 857<br>Washington DC 20006 | => Gerber Ellen B *; Gerber Melvin* |
| Lockridge, Richard A<br>Lockridge, Grindal & Nauen P L L P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis MN 55401-2179 | => Homister, Shirley |
| Luckett Jr William O<br>Luckett Law Firm<br>P O Drawer 1000<br>Clarksdale MS 38614-1000 | => Kroger Co |
| Malone Patrick A<br>Stein, Mitchell & Mezines<br>1100 Connecticut Avenue, N W<br>Suite 1100<br>Washington DC 20036 | => Jeffers, Barbara Ann: Jeffers Daniel Martin |
| Matthews David P<br>Abraham Watkins Nichols Sorrels Matthews & Friend | => Gilmore Charles C *; Hale Donna*; Stout, John R *; White, Johnny*; Young Bernadette* |

*Note: Please refer to the report title page for complete report scope and key*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 800 Commerce Street<br>Houston TX 77002-1776 | |
| McClain Kenneth B<br>Humphrey Farrington & McClain P C<br>221 West Lexington<br>Suite 400<br>Independence MO 64050 | => Nevels Caroline* |
| McNamara J Leray<br>Copeland Cook Taylor & Bush P A<br>200 Concourse Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | => Ball M D . David*; Barr. M D . William*; Hammock M D , B L ; Hassell John F ; Line, M D . Lance*;<br>Liverman, Steven B *; Newell M D  Bruce*; Peeler, M D , J G *; Smith M D . Randall: Weiss David<br>C *; Windham M D  Thomas* |
| Meaders Kim M<br>Crouch & Ramey<br>1445 Rose Avenue<br>Ste 2300<br>Dallas TX 75202 | => Alford s Pharmacy* |
| Merkel Charles M<br>Merkel & Cocke<br>P O Box 1388<br>Clarksdale MS 38614-1388 | => Shannon Frances |
| Milam S Kirk<br>Hickman Goza & Spragins Plle<br>P O Drawer 668<br>Oxford MS 38655-0668 | => Gunn, M D  Susan*; Gunn Susan*; McIntosh M D  Cooper A * |
| Milavetz Allen Scott<br>Milavetz Gallop & Milavetz<br>6500 France Avenue South<br>Edina MN 55435 | => Burris Jr Lowell |
| Miller, Mason L<br>Getty & Mayo PLLC<br>1900 Lexington Financial Center<br>250 W Main Street<br>Lexington KY 40507 | => Getty Richard J *; Stamper, Della* |
| Minor Daniel<br>1032 Cardinal Dr<br>Waco, TX 76712 | => Minor Daniel |
| Minor, Steven R<br>Elliott Lawson & Minor PC<br>P O Box 8400<br>Bristol VA 24203-8400 | => Amerisource Corp *#; AmerisourceBergen Corp fdba AmeriSource Corp |
| Moirano, Michael H<br>Nisen & Elliott<br>200 West Adams Street<br>Suite 2500<br>Chicago IL 60606 | => Oswald Constance* |
| Mousseau Geoffrey C<br>Mousseau & Associates | => Ashman Charles* |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1421 Valverde Place<br>Suite B<br>Glendale CA 91208 | |
| Mulhern Edwin T<br>Huwel & Mulhern<br>11 New Hyde Park Road<br>Frank Square NY 11010 | ⇒ Mell Alan |
| Murray Stephen B.<br>Murray Law Firm<br>909 Poydras Street<br>Suite 2550<br>New Orleans LA 70112-4000 | ⇒ Gottsegen M D Warren L *; Gregory Jr William B * |
| Nast Dianne M<br>Roda & Nast P C<br>801 Estelle Drive<br>Lancaster PA 17601 | ⇒ Engle (Ind /Adm /Est -Louise) Fred S * |
| Naylor Eugene R<br>Wise, Carter Child & Caraway<br>600 Heritage Bldg<br>401 East Capitol St<br>P O Box 651<br>Jackson MS 39205-0651 | ⇒ Patel M D Pravin |
| O Malley Richard F<br>Sidley Austin Brown & Wood<br>10 South Dearborn Street<br>Suite 48 Southeast<br>Chicago IL 60603 | ⇒ G D Searle & Co *; Pfizer Inc *; Pharmacia Corp * |
| Owen Gregory J<br>Owen Patterson & Owen<br>23822 West Valencia Blvd<br>Suite 201<br>Valencia CA 91355 | ⇒ Baca, Richard David*; Berchtold Don*; Cole Sally*; De Luca Barbara*; Evans Charles*; Giles Stan*; Goodell Margaret Helen*; Gunn Leroy*; Holley (Heir-Audrey L Piscitello) Alison*; Householder Betty*; Jackson Yvonne O *; Piscitello (Heir-Audrey L ) Clement*; Reagan Gorman*; Safford Joyce Crawford*; Salt Della Jo*; Sieper (Heir-Audrey L. Piscitello) Meredith*; Winward Kenneth C *; Wright Ward* |
| Pearson Thomas Jack<br>Pearson & Campbell, P C<br>2394 Calder Avenue<br>Beaumont, TX 77702 | ⇒ Allen, Gloria*; Jones, Rena*; Lewis (Ind /Next Friend-Trienida & Quenida) Brenda*; Lewis (Ind /Next Friend-Trienida & Quenida) Darylene*; Painton, Billie*; Painton Jack*; Richard Calvin *; Richard, Ervin*; Richard, Kernis*; Richard, Larry*; Richard Lon*; Richard, Loviney* |
| Piper Jr Robert E<br>Piper & Associates<br>624 Pierre Avenue<br>P O Box 69<br>Shreveport LA 71103 | ⇒ Bates, Catherine; Bates Leroy: Burns Annie; Burns Lendell; Butler, Mary; Butler Maynard; Evans, Garnett; Evans Marion; Harper Josephine: McKnight Vaughn; Sadler, Leona; Tice Martha; Tice William; Wright, Frances; Wright Herchial |
| Pitre Frank M<br>Cotchett Pitre Simon & McCarthy<br>San Francisco Airport Office Center<br>Suite 200<br>840 Malcolm Road<br>Burlingame CA 94010 | ⇒ Brass Jeffrey; Taylor Patricia A ; Tokes Kathy |
| Pope Geoffrey Edward<br>Doffermyre Shields Canfield Knowles & Devine<br>1355 Peachtree Street N E | ⇒ Strickland, Edna |

*Note: Please refer to the report title page for complete report scope and key*

*(Panel Attorney Service List for MDL 1 657 Contin:*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1600 The Peachtree<br>Atlanta, GA 30309-3269 | |
| Price Henry J<br>Price Potter Jackson. Waicukauski & Mellowitz<br>The Hammond Block Building<br>301 Massachusetts Avenue<br>Indianapolis IN 46204 | => Baum Janice; Briner (Per /Rep /Est -Phyllis). Darai; Henderson. Kevin; Portillo (Ind /Heir-Elvira M<br>Pena) Ruben: Van Jelgerhuis Kimberly |
| Quezglas-Jordan Eric M<br>Quezglas Law Offices<br>P O Box 16606<br>San Juan PR 00908-6606 | => Gonzalez. Hilda Rita; Gonzalez Robert A ; Gonzalez-Arias Rafael* |
| Robb William R<br>Aleshire Robb & Sivils P C<br>901 St Louis Street<br>Suite 1600<br>Springfield MO 65806 | => Young (Ind /Next Friend-Steven/Adm /Est -Lisa). Russell |
| Rowland Robert D<br>2227 South State Route 157<br>Edwardsville IL 62025 | => Ellis John* |
| Ruiz. John H<br>Law Office of John H Ruiz<br>5040 N W 7th Street<br>Suite 920<br>Miami FL 33126 | => Abraham Josefa*· Alcarez Maria P *; Andino Jose* |
| Rynecki Scott<br>Rubenstein & Rynecki<br>16 Court Street<br>Suite 1717<br>Brooklyn NY 11241 | => Aiken (Adm /Est -Mary & Kenneth) Elizabeth; Covington Jerome: Davis. Laney C |
| Saia Stephen V<br>Law Offices of Stephen V Saia<br>70 Old Cart Path Lane<br>Pembroke, MA 02359 | => Saia. Frank R * |
| Schwebel Paul R M<br>5657 Rundle Court<br>Indianapolis IN 46220 | => Morrison (By his Per /Representative Patricia L ) Lowell D |
| Scott Stuart E<br>Spangenberg Shibley & Liber LLP<br>2400 National City Center<br>1900 East 9th Street<br>Cleveland OH 44114 | => Moldovan Gregory*; Moldovan Wanda* |
| Seeger Christopher A<br>Seeger Weiss LLP<br>One William Street<br>10th Floor<br>New York NY 10004-2502 | => Brown Clairse; Hanson. William*; Pagan Carmen M ; Walson (Ind /Adm /Est -Willie Jr ) Roberta* |
| Simon. Jeffrey B<br>Waters & Kraus<br>3219 McKinney Avenue | => Bias Byron; Varnado Carolyn |

Note: Please refer to the report title page for complete report scope and key

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 3000<br>Dallas TX 75204 | |
| Smith David Neil<br>Nix Patterson & Roach LLP<br>205 Linda Drive<br>Dangerfield TX 75638 | => Williamson (Ind /Next friend-Courtly & Herman) Marian |
| Smith Deanna Dean<br>Ebanks Smith & Carlson LLP<br>1401 McKinney<br>Suite 2500<br>Houston TX 77010-4034 | => Truitt M D Norman |
| Snapka Kathryn A<br>Snapka Turman & Waterhouse LLP<br>606 N Carancahua Suite 1511<br>P O Drawer 23017<br>Corpus Christi TX 78403 | => Benavides (Ind /Per /Est -Juan) Patricia*; Sandoval Audona |
| Specter Shanin<br>Kline & Specter<br>1525 Locust Street<br>19th Street<br>Philadelphia PA 19102 | => Sirota Merrick*; Sirota Michele* |
| Stacy Robert F<br>Daniel Coker Horton & Bell<br>P O Box 1084<br>Jackson MS 39215-1084 | => Don s Pharmacy· Woods Drug Store |
| Steward John S<br>Meyerkord and Steward<br>2525 South Brentwood Boulevard<br>Suite 102<br>St Louis MO 63144 | => Perkins Janice |
| Sullivan Robert G<br>Sullivan Papain Block McGrath & Cannavo<br>120 Broadway<br>18th Floor<br>New York NY 10271 | => Wright Dawn; Wright Lawrence |
| Thomas Casandra F<br>514-C Woodrow Wilson Avenue<br>Jackson MS 39213 | => Thomas Cassandra Faye |
| Tisi Christopher V<br>Ashcraft & Gerel<br>2000 L Street NW<br>Suite 400<br>Washington DC 20036 | => Biles Melvin*; Edler (Ind /Per /Rep /Est -William Dale & behalf-wrongful death beneficiaries-William<br>Dale Gail Lynne & Shawn C ) Lindsey*; Morris Jr . David* |
| Wade Jr Lawrence D<br>Campbell DeLong Hagwood & Wade<br>P O Box 1856<br>Greenville MS 38702-1856 | => Petilos M D Salvador; Waller M D Richard E |
| Walker Chris J<br>Markow Walker P A | => Stone M D Deck; Weiner Roger |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

P O Box 13669
Jackson MS 39236-3669

Walker Thomas E => Harlan Gary; Wall, Robert
Johnston Barton Proctor & Powell
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham AL 35203

Watson, Leila H. => Wilson Danny M
Cory Watson Crowder & DeGaris P C
2131 Magnolia Avenue
P O Box 55927
Birmingham AL 35255-5972

Weaver Jennifer Fadal => Weaver Jennifer Fadal
1305 Fossel Ridge Trial
Waco TX 76712

Weiner, Richard J => Quick, Anna
Law Offices Of Richard J Weiner, P C
119 Rockland Center
Suite 425
Nanuet NY 10954

Weisbrod, Leslie => Register Anne; Register Jack A
Morgan & Weisbrod
11551 Forest Central Drive
Suite 300
Dallas TX 75243

Welch III Jewell E => White Vicki
Cunard Reis Law Firm
9214 Interline Avenue
Baton Rouge, LA 70809

Weston John K => Carr, Gwendolyn L *
Sacks Weston Smolinksy Alberi & Luber
510 Walnut Street
Suite 400
Philadelphia PA 19106

Wright James L => Bauman (Ind /Rep /Est -Elsie Geneva) Larry Lee; Bauman, III (Ind /Rep /Est -Elsie Geneva) Ernest
Mithoff & Jacks    Charles; Clay (Ind /Rep /Est -Elsie Geneva Bauman), Leslie Lynn Bauman; Mincher
1 Congress Plaza    (Ind /Rep /Est -Elsie Geneva Bauman). Kelly, Moses (Ind /Rep /Est -Elsie Geneva) Mary Carla; Tolbertt
111 Congress Avenue    (Ind /Rep /Est -Elsie Geneva Bauman)  Lisa Bauman
Suite 1010
Austin TX 78701-0001

Zonas, James John => Dunleavey (By & Through/Per /Rep /Est -Edward) Frances
James J Zonas Attorney at Law
700-2nd Avenue North
Suite 102
Naples FL 34102

Nadeem Haider
606 N. Jefferson St.
Louisville, MS 39339

Barbara J. Hart
Goodkind,Labaton,Rudoff & Sucharow
100 Park Ave., 12th Floor
New York, NY 10017-5563

Steven L. Russell
Beirne,Maynard & Parsons
1700 Pacific Ave, Ste 4400
Dallas,TX 75201

# EXHIBIT B

1

1          UNITED STATES DISTRICT COURT
2           EASTERN DISTRICT OF LOUISIANA
              NEW ORLEANS, LOUISIANA
3

4

5

IN RE:  VIOXX PRODUCTS          *    Docket MDL 1657-L
6     LIABILITY LITIGATION       *
                                  *    June 23, 2005
7                                 *
                                  *    9:30 a.m.
8     * * * * * * * * * * * * * * *

9

10

                STATUS CONFERENCE BEFORE THE
11               HONORABLE ELDON E. FALLON
               UNITED STATES DISTRICT JUDGE
12

13   APPEARANCES:

14

For the Plaintiffs:          Seeger Weiss
15                            BY:  CHRISTOPHER A. SEEGER, ESQ.
                             One William Street
16                            New York, New York 10004

17

For the Defendants:          Stone Pigman Walther Wittmann
18                            BY:   PHILLIP A. WITTMANN, ESQ.
                             546 Carondelet Street
19                            New Orleans, Louisiana 70130

20

Official Court Reporter:     Toni Doyle Tusa, CCR
21                            500 Poydras Street, Room B-406
                             New Orleans, Louisiana 70130
22                            (504) 589-7778

23

24

Proceedings recorded by mechanical stenography, transcript
25   produced by computer.

2

<div align="center">

PROCEEDINGS

(June 23, 2005)

</div>

1
2
3        THE DEPUTY CLERK:  Everyone rise.
4        THE COURT:  Be seated, please.  Good morning, Ladies
5   and Gentlemen.  Call the case, please.
6        THE DEPUTY CLERK:  MDL 1657, In Re: Vioxx.
7        THE COURT:  Counsel, make your appearances for the
8   record.
9        MR. SEEGER:  Good morning, Your Honor.  Chris Seeger
10  for the plaintiffs.  I'm going to be playing Russ Herman today.
11       MR. WITTMANN:  Phil Wittmann, Your Honor, liaison
12  counsel for the defendants.
13       THE COURT:  I understand we have some counsel on the
14  phone.  Who is that?
15       MS. SOTOODEH:  Pamela Sotoodeh in Chicago.
16       MS. KOPELMAN:  Richard Kopelman of Decatur, Georgia.
17       THE COURT:  Good morning.  This is our monthly status
18  conference.  I have received from the liaison counsel the
19  proposed agenda.  We will take the items in order.  The first
20  is LexisNexis File & Serve.  Let me have a report on that.
21       MR. SEEGER:  Judge, we continue to have problems with
22  LexisNexis.  We are having problems getting documents posted
23  and served.  On the other end, they're having problems
24  identifying firms that are already previously registered.  We
25  have got some calls set up with them to try to work through

1    with this issue in that fashion.  We have a confidentiality

2    agreement which will allow the defendants comfort to produce

3    certain information without fear that their future economic

4    security is in jeopardy.  The remand issues.

5            MR. SEEGER:  Judge, that's in the report.  You are

6    going to be dealing with remand motions as a group by

7    procedures that you will be setting up.

8            THE COURT:  Right.  This is always an issue which the

9    MDL Court has to look at.  The question is posed.  There are

10   various issues of remand in various cases throughout the

11   country.  Again, a significant advantage of the MDL concept is

12   some consistency.  The Rule of Law is really based on

13   consistency.  If different decisions are made by numerous

14   judges, then you have no consistency and no predictability and

15   no one knows exactly what to do or how to do it.  It's easier

16   if one court decides some of these matters than if 50 or 100

17   courts decide the matter.

18            I'm conscious of dealing with the remand as

19   quickly as possible, but I do want to get them all together,

20   look at them, see if I can group them in some way, and then

21   direct my attention on each particular group and deal with that

22   issue in a consistent and fair fashion for that group.  I will

23   be dealing with them as quickly as I can, but also with an idea

24   of having more consistency.  I'll be speaking about this

25   perhaps later on because I do have some concepts and ideas

# EXHIBIT C

Westlaw.

Slip Copy                                                                    Page 1
Slip Copy, 2005 WL 2234071 (W.D.Tenn.)
**(Cite as: 2005 WL 2234071 (W.D.Tenn.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee, Eastern Division.
James H. WILBANKS and wife, Elva Jean
Wilbanks, Plaintiffs,
v.
MERCK & CO., INC., et al., Defendants.
**No. 05-1241-T/AN.**

Sept. 13, 2005.
Steven G. Ohrvall, T. Robert Hill, Hill Boren,
Jackson, TN, for Plaintiffs.

Charles C. Harrell, Lisa M. Martin, Butler Snow
O'Mara Stevens & Canada, PLLC, Memphis, TN, for
Defendants.

ORDER GRANTING MOTION TO STAY

TODD, J.

*1 Plaintiffs James H. Wilbanks and Elva Jean
Wilbanks filed this action in the Circuit Court of
Madison County, Tennessee, on July 25, 2005,
against Merck and Company, Inc., maker of the
prescription drug known as Vioxx. Plaintiffs also
named as defendants certain local Merck sales
representatives and pharmacists. Merck removed the
action to this Court on August 26, 2005, on the basis
of diversity of citizenship, contending that the non-
diverse defendants were fraudulently joined in an
attempt to defeat diversity jurisdiction.

Also on August 26, 2005, Merck filed a motion to
stay all further proceedings pending a decision by the
Judicial Panel on Multidistrict Litigation ("MDL
Panel") on whether this case should be transferred to
the United States District Court for the Eastern
District of Louisiana as a "tag-along" action in MDL
Proceeding No. 1657, In re Vioxx Product Liability
Litigation. Plaintiffs filed a motion to remand the
action to state court on September 12, 2005.

The MDL Panel issued the first Transfer Order
establishing MDL-1657 on February 16, 2005. In that
order, the Panel stated:

The pendency of a motion to remand to state court
is not a sufficient basis to avoid inclusion in
Section 1407 proceedings. We note that motions to
remand in two actions, one action each in the
District of Kansas and the Eastern District of
Missouri, as well as in any other MDL-1657
actions can be presented to and decided by the
transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d
Cir.1990); In re Prudential Insurance Company of
America Sales Practices Litigation, 170 F.Supp.2d
1346, 1347-48 (J.P.M.L.2001).
Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

The pendency of transfer to the MDL proceeding
does not limit the authority of this Court to rule on
the plaintiffs' motion to remand. See JPML R. 1.5.
The decision whether to grant a stay is within the
inherent power of the Court and is discretionary. See
Landis v. North Am. Co., 299 U.S. 248, 254-55, 57
S.Ct. 163, 81 L.Ed. 153 (1936). Although some
courts have opted to rule on pending motions to
remand prior to the MDL Panel's decision on transfer,
see, e.g., Kantner v. Merck & Co., Inc., No.
1:04CV2044-JDT-TAB, 2005 WL 277688 (S.D.Ind.
Jan.26, 2005), there are many more that have chosen
to grant a stay, even if a motion to remand has been
filed. E.g., Anderson v. Merck & Co., Inc., No. 4:05-
cv-89 (E.D.Mo. Mar. 16, 2005); McCrerey v. Merck
& Co., Inc., No. 04-cv-2576 (S.D.Cal. Mar. 2, 2005);
Dixon v. Merck & Co., Inc., No. 05- 0121 (S.D.Tex.
Feb. 23, 2005).

A number of Vioxx cases from this district have
already been transferred to MDL-1657, and there are
hundreds, possibly thousands, of others that have
been transferred or are awaiting transfer in other
districts. In many of those cases, the joinder of non-
diverse defendants is contested and motions to
remand have been or will be filed. Thus, the
jurisdictional issues raised in this case are similar to
those raised in other cases that have been or will be
transferred to the MDL proceeding.

*2 The Court finds that having the jurisdictional
issues decided in one proceeding will promote
judicial economy and conserve judicial resources. In
addition, the Court finds that any prejudice to the
plaintiffs resulting from a stay would be minimal.
However, in the absence of a stay, the risk to Merck
of duplicative motions and discovery is significant.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 2234071 (W.D.Tenn.)
**(Cite as: 2005 WL 2234071 (W.D.Tenn.))**

 For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED. The motion to remand is deferred to the transferee court.

 IT IS SO ORDERED.

 Slip Copy, 2005 WL 2234071 (W.D.Tenn.)

   **Motions, Pleadings and Filings (Back to top)**

•        1:05CV01241           (Docket) (Aug. 26, 2005)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARLINE ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:05-CV-89 (CEJ) |
| | ) | |
| MERCK & CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 4, 2005, the Judicial Panel on Multidistrict Litigation entered a conditional transfer order, transferring this action to the Eastern District of Louisiana for pretrial proceedings pursuant to 28 U.S.C. § 1407. _In re VIOXX Products Liability Litigation_, Docket No. 1657 (Conditional Transfer Order March 4, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Merck & Co., Inc. to stay all proceedings pending transfer to the Eastern District of Louisiana [#9] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for extension of time to file responses to dismissal motions pending ruling on plaintiffs' motion to remand [#54] is **denied**. Plaintiffs shall file responses to the dismissal motions of defendant Walgreens Co. within twenty (20) days of the date of this order.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2005.

# EXHIBIT E

FILED

05 MAR -3 PM 2: 44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: M. Maunee DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RITA MCCREREY, | ) | Civil No. 04-2576 WQH (WMc) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| MERCK & COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion to Remand and Defendant's Motion to Stay. The Court takes these matters under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). After considering the arguments raised by the parties in their briefing, the Court now issues the following rulings.

## BACKGROUND

Plaintiff brings this class action law suit against Merck and Company. Merck and Company manufactured and distributed the pain prescription drug VIOXX from 1999 until September 30, 2004. On September 30, 2004, Merck and Company voluntarily withdrew VIOXX from the market after studies showed "increased relative risks for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX

17    1

1   compared to those taking placebo." D's Opposition to Motion to Remand at 2.

2         Shortly after VIOXX was taken off the market, a myriad of cases were filed throughout

3   the nation.   On November 29, 2004, Plaintiff filed a case in the Superior Court of the State of

4   California for the County of San Diego.  Shortly thereafter, Defendants removed the action to

5   Federal Court.  Plaintiffs then filed a Motion to Remand based on Defendant's failure to

6   establish the amount in controversy requirements.  Defendant opposes.  Concurrently,

7   Defendant filed a Motion to Stay the case pending transfer decision by the Judicial Panel on

8   Multi-District Litigation.   Plaintiff did not file a Response to the Motion to Stay, but did

9   advance arguments against staying the case in its Motion to Remand and Reply in support of its

10   Motion to Remand.

11                   **STANDARDS OF REVIEW**

12   **I. Motion to Remand**

13         The burden of establishing federal jurisdiction on removal falls on the party seeking

14   removal. *See Brady v. General Dynamics Corp.*, 915 F.Supp. 1103, 1105 (S.D. Cal. 1996)

15   (Brewster, J.) (citing *Redwood Theatres v. Festival Enters.*, 908 F.2d 477, 479 (9th Cir. 1990)).

16   Courts strictly construe the removal statute, 28 U.S.C. § 1441(a), against removal.  *Id.*  If the

17   court determines that the removal was improper, 28 U.S.C. § 1447(c) requires remand.  *Id.*

18   Under the well-pleaded complaint rule, a federal question exists only if the basis for federal

19   jurisdiction appears on the face of the complaint.  *Id.* at 1106.  The court will respect a plaintiff's

20   artfully pleaded state law complaint for jurisdictional purposes even if the complaint raises a

21   federal defense, and removal under such circumstances would be improper.  *Id.*

22   **II. Motion to Stay**

23         "The power to stay proceedings is incidental to the power inherent in every court to

24   control the disposition of the cases on its docket with economy of time and effort for itself, for

25   counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254

26   (1936).  The use of this power requires exercise of sound discretion.  *Id.*

27         Additionally, it is necessary to weigh competing interests of those that will be affected by

28   the stay. *Id.* at 254- 255. *See CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) ("Where it

1  is proposed that a pending proceeding be stayed, the competing interests which will be affected

2  by the granting or refusal to grant a stay must be weighed."); *see also Filtrol Corp. v. Kelleher,*

3  467 F.2d 242, 244 (9th Cir. 1972) (quoting *CMAX*). These competing interests include: possible

4  damage which may result from the granting of a stay, the hardship or inequity which a party may

5  suffer in being required to go forward, and the orderly course of justice measured in terms of the

6  simplifying or complicating of issues, proof, and questions of law which could be expected to

7  result from a stay. *CMAX,* 300 F.2d at 268. The moving party "must make out a clear case of

8  hardship or inequity in being required to go forward, if there is even a fair possibility that the

9  stay for which he prays will work damage to someone else." *Landis,* 299 U.S. at 255.

10                                   **DISCUSSION**

11         There are currently hundreds of VIOXX related cases pending against Defendant

12  nationwide. At least eight of them are pending in California. At least nineteen cases have

13  pending motions to remand. Stays have been entered in over one hundred seventy cases to date.

14         Plaintiff did not file a formal opposition to Defendant's Motion to stay. Instead, Plaintiff

15  argues against entry of a stay and for remand to the state court in its Motion to Remand. Plaintiff

16  argues that Defendant has failed to establish that the amount in controversy requirements have

17  been met. Defendant argues that the amount in controversy requirements are easily met based on

18  Plaintiff's Complaint and prayer for "restitution and/or disgorgement of all 'revenues it has

19  derived in California,' injunctive and equitable relief, attorneys' fees and costs, and further relief

20  as the Court may deem proper."

21         Plaintiff cites to *Conroy v. Fresh Del Monte Produce Inc.,* in support of its argument that

22  this Court *must* consider the motion to remand before entering a stay. *325 F. Supp. 2d 1049 (D.*

23  *Cal., 2004).* The *Conroy* Court finds the approach involving initial resolution of a simple

24  Motion to Remand before consideration of a motion to stay. However, *Conroy* explicitly states

25  that the Ninth Circuit has not adopted the approach Plaintiff claims to be binding. *See Conroy v.*

26  *Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, at 1053 (D. Cal., 2004).* Moreover, the

27  *Conroy* Court held that "[t]he decision to grant or deny a temporary stay of proceedings pending

28  a ruling on the transfer of the matter to the MDL court *lies within this Court's discretion. Conroy*

3

1    *v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (D. Cal., 2004) (emphasis added)

2    *citing Landis v. North American Co.,* 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936);

3    *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (N.D.Cal. 1998).

4        Furthermore, in its Order transferring one hundred forty eight VIOXX related cases to the

5    Eastern District of Louisiana, the Judicial Panel on Multi-District Ligation wrote:

6            The pendency of a motion to remand to state court is not a sufficient basis
     to avoid inclusion in Section 1407 proceedings. We note that motions to

7    remand...can be presented to and decided by the transferee judge. *See, e.g., In re
     Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America*

8    *Sales Practices Litigation,* 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

9        Defendant argues that judicial economy and the need for consistent judicial rulings

10   mandates a stay in this action. Defendant argues that the many cases pending against VIOXX

11   include similar questions of fact and law, and Defendant would be prejudiced by a refusal to stay

12   the case. In support of its argument, Defendant filed copies of complaints filed in similar

13   VIOXX actions asking for similar relief.  Defendant also argues that discovery will likely be

14   very similar in many of the cases, and that without coordination, potential witnesses could

15   conceivably be called in jurisdictions nationwide. While none of the complaints are identical,

16   each is based on Defendant's role in the production and manufacture of VIOXX.

17       Additionally, Defendant argues that other District Courts in this Circuit have granted

18   motions to stay even despite a pending motion to remand based on amount in controversy

19   requirements. For example, in *Wright v. Merck & Co Inc,* CV 04-3037-PHX-SRB the Court

20   stated:

21           Whether this case satisfies the amount in controversy requirement for
     jurisdictional purposes and whether class member claims can be aggregated are

22   issues common to many of the cases which will be considered for consolidation by
     the Judicial Panel on Multi-District Litigation.  While this Court is not required to

23   stay consideration of the Motion to Remand, it concludes that it would be in the
     best interests of judicial economy and consistency to stay this case until the

24   determination of its transfer by the Judicial Panel on Multi-District Litigation.
     *Wright v. Merck & Co Inc,* CV 04-3037-PHX-SRB

25

26       This Court also finds that judicial economy and consistency will be best served by a stay

27   in this case, pending transfer decision by the Judicial Panel on Multi-District Litigation. The case

28   involves similar issues of fact and law as those being transferred to the MDL.  The Court finds

1  that neither party will be prejudiced by granting the Motion to Stay.  The Court acknowledges

2  the arguments against stay advanced by Plaintiff in its Motion to Remand and Reply in support

3  of Motion to Remand.  However, the Court also notes the lack of a formal Response being filed

4  in opposition to the Motion to Stay specifically addressing each of the issues raised in the

5  Motion to Stay.  Furthermore, upon a review of the pleadings, the Court finds that the

6  jurisdictional issues raised in the Motion to Remand can be decided either by the MDL, or post

7  transfer decision by the MDL.

8       "The power to stay proceedings is incidental to the power inherent in every court to

9  control the disposition of the cases on its docket with economy of time and effort for itself, for

10  counsel, and for litigants."  *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254

11  (1936).  The use of this power requires exercise of sound discretion.  *Id.*  Accordingly, the Court

12  will use its discretion and enter a stay in this action.

13                              **CONCLUSION AND ORDER**

14       The Court finds that for judicial economy and consistency purposes, this matter shall be

15  stayed pending a transfer decision by the Judicial Panel on Multi-District Litigation.  Plaintiff's

16  Motion to Remand will be denied, with leave to renew if transfer is denied.  If transfer is denied,

17  Plaintiffs shall notify the Court and file a Notice of Renewal within 10 Court days.

18  Accordingly,

19       **IT IS ORDERED** this matter is hereby **STAYED** pending transfer decision by the

20  Judicial Panel on Multi-District Litigation.

21       **IT IS FURTHER ORDERED** Plaintiff's Motion to Remand is **DENIED** with leave to

22  renew if transfer is denied.

23       **IT IS FURTHER ORDERED** if transfer is denied, Plaintiffs shall notify the Court and

24  file a Notice of Renewal within 10 Court days.

25  **IT IS SO ORDERED.**

26

27  Dated:  _3/2/01_

WILLIAM Q. HAYES
United States District Judge

28  cc:  Magistrate Judge McCurine
     All Counsel of Record

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 2 3 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARGRETT L. DIXON AND | § | |
| JAMES DIXON, Individually, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. H-05-CV-0121 |
| MERCK & CO., INC., | § | |
| LUIS G. SCHAEFFER, M.D. and | § | |
| DR. LUIS G. SCHAEFFER & | § | |
| ASSOCIATES, P.A., | | |
| Defendants. | § | |

## ORDER

Came on for consideration Defendant Merck & Co., Inc.'s Motion to Stay All

Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation in this

case.

After due consideration, IT IS ORDERED that Defendant Merck & Co. Inc.'s

motion is GRANTED. All pretrial proceedings are hereby STAYED pending a transfer decision

by the Judicial Panel on Multidistrict Litigation.

_____
UNITED STATES DISTRICT JUDGE

SO ORDERED at Houston, Texas, on
this 23rd day of FEBRUARY 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 5 2004

Michael N. Milby, Clerk of Court

THE HEIRS OF THE ESTATE OF           §
PABLO FLORES, INDIVIDUALLY AND §
ON BEHALF OF THE ESTATE              §
                                     §
v.                                   §     CIVIL ACTION NO. C-03-362
                                     §
MERCK & CO., INC. AND RANDY          §
FUENTES, M.D.                        §

23

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DISMISSING CLAIMS AGAINST DEFENDANT FUENTES

After careful consideration, the Court DENIES plaintiffs' Motion to Remand (D.E.

9) and DISMISSES all claims against defendant Fuentes.

*Fraudulent Joinder:*

Defendant Merck removed this action alleging fraudulent joinder of defendant

Fuentes. Fraudulent joinder is established by showing (1) actual fraud in pleading

jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the

non-diverse plaintiff. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). The Court must

determine whether there is arguably a reasonable basis for predicting that state law might

impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d

305, 312 (5th Cir. 2002). There must be a reasonable possibility of recovery, not merely a

theoretical one. *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003). "Although

the Fifth Circuit has not drawn a bright-line distinction between a reasonable possibility and

1

a theoretical one, it has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F.Supp.2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains Trust Co.*, 313 F.3d at 329).

Plaintiffs' petition alleges negligence, strict liability, fraud, misrepresentation, breach of warranty, and derivative wrongful death and survival claims. The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for any of these claims. *Great Plains Trust Co.*, 313 F.3d at 312.

Plaintiffs make conclusory, general allegations of negligence against Fuentes which they fail to support with specific, underlying facts. In plaintiffs' petition, the only allegation that directly refers to Fuentes is that "Plaintiff Decedent was prescribed Vioxx® by defendant Dr. Fuentes. Decedent presented in part with a serious history of cardiac disease, hypertension and/or other risk factors contrary to the ingestion of Vioxx®." Yet, the plaintiffs later claim that Merck "failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx® ingestion." The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for negligence when the plaintiffs' own petition states that Fuentes, as a member of the health care industry, was not made aware of the risks of the ingestion of the drug.

2

Also, the strict liability claim does not form an arguably reasonable basis for the imposition of state law liability.[1] Plaintiffs further fail to provide any factual support for their fraud or misrepresentation claims as they apply to Fuentes; they rely on speculative and conclusory allegations, which are insufficient to support these claims. *See, e.g., Staples*, 270 F.Supp.2d at 844. Also, the breach of warranty claim is asserted solely against Merck and not against Fuentes. Finally, it follows that the derivative claims fail to form a basis for the imposition of state law liability upon Fuentes as well. *See Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th Cir. 1994) (Wrongful death and survival claims "are derivative actions and condition the plaintiff's ability to recover upon the decedent's theoretical ability to have brought an action had the decedent lived.").

As such, the Court concludes that Fuentes was fraudulently joined. Therefore, the Court DENIES plaintiffs' motion to remand and DISMISSES all claims against defendant Fuentes.

ORDERED this _12_ day of _March_, 2004.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] On the facts, it is extremely unlikely a Texas court would find Fuentes strictly liable for the prescription. *See, e.g., Cobb v. Dallas Forth Worth Medical Center–Grand Prairie*, 48 S.W.3d 820, 826 (Tex. App. 2001). Also, a strict liability claim would be time-barred under the two-year statute of limitations of Tex. Civ. Prac. & Rem. Code 16.003(b) (Vernon 2003) because decedent died on September 9, 2000 and plaintiffs did not file their action until March 6, 2003. *See also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999) ("The statute of limitations is only . . . two years on a strict liability claim.") The agreed tolling stipulations do not affect this time bar

# EXHIBIT G

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

Page 1

▷

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
In re: DIET DRUGS (Phentermine, Fenfluramine,
Dexfenfluramine) Products
Liability Litigation
Maggie M. CHANEY, et. al.
v.
GATE PHARMACEUTICALS, et. al.
**No. Civ.A. 98-20478, 1203.**

July 16, 1999.
F. Hilton-Green Tomlinson, Pritchard Mccall &
Jones, Birmingham, AL, Arnold Levin, Levin,
Fishbein, Sedran & Berman, Philadelphia, PA,
George M. Fleming, Houston, TX, James L. Doyle,
II, Rand P. Nolen, Fleming, Hovenkamp and
Grayson, P.C., Houston, TX, for Maggie M. Chaney,
Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Betty J. Williams, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Leroy T. Trotter, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for John E. Reed, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for James F. Barthel, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Virginia Ann Hopps, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Virginia Hassell, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See

above), for Evelyn Turner, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Deborah Saunders, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Catherine Herman, Plaintiff.

F. Hilton-Green Tomlinson, Arnold Levin, George
M. Fleming, James L. Doyle, II, Rand P. Nolen, (See
above), for Mary C. Smith, Plaintiff.

James C. Barton, Jr., Johnston, Barton, Proctor,
Swedlaw and Naff, Birmingham, AL, for Gate
Pharmaceuticals, a division of Teva Pharmaceuticals,
USA., Inc., Defendant.

Lawrence B. Clark, Lange, Simpson, Robinson &
Somerville, Birmingham, AL, for Smithkline
Beecham Corporation, Defendant.

E. Ann MC Mahan, Spain and Gillon, Birmingham,
AL, for Jones Medical Industries, Inc., f/k/a Abana
Pharmaceuticals, Inc., Defendant.

J. Allen Sydnor, Jr., Birmingham, AL, for Richwood
Pharmaceuticals Company, Inc., Defendant.

Katharine A. Weber, Maynard, Cooper and Gale,
Birmingham, AL, Ellen Steury, Arnold & Porter,
Washington, DC, Steven H. Bergman, Arnold and
Porter, Los Angeles, CA, Tony G. Miller, Maynard,
Cooper and Gale, Birmingham, AL, Maibeth J.
Porter, Maynard, Cooper & Gale, P. C., Birmingham,
AL, Steven P. Lockman, Arnold & Porter,
Washington, DC, for A.H. Robins Company,
Incorporated, Defendant.

Katharine A. Weber, Ellen Steury, Steven H.
Bergman, Tony G. Miller, Maibeth J. Porter, Steven
P. Lockman, for Wyeth-Ayerst Laboratories,
Division of American Home Products Corporation,
Defendant.

Labella S. Alvis, Sharon D. Stuart, Rives and
Peterson, Birmingham, AL, Thomas W. Christian,
Rives and Peterson, Birmingham, AL, for
Interneuron Pharmaceuticals, Inc., Defendant.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

Larry W. Harper, Karen Walker Casey, Porterfield Harper & Mills PA, Birmingham, AL, for Ion Laboratories, Inc., Defendant.

Samuel H. Franklin, Lightfoot, Franklin, White and Lucas, Birmingham, AL, Harlan I. Prater, IV, Robin H. Graves, Lee M. Hollis, Lightfoot, Franklin & White, Birmingham, AL, for Medeva Pharmaceuticals, Inc., Defendant.

Steven A. Stadtmauer, Lester, Schwab, Katz, & Dwyer, New York, NY, for Goldline Laboratories, Inc., Defendant.

Emily Sides Bonds, Helen C. Foster, Walston, Wells, Anderson & Bains, Birmingham, AL, for Qualitest Pharmaceuticals Inc., Defendant.

Steven A. Stadtmauer, (See above), for Zenith Goldline Pharmaceuticals, Inc., Defendant.

Emily Sides Bonds, Helen C. Foster, (See above), for United Research Laboratories Inc., Defendant.

Denise M. Smith, Benesch, Friedlander, Coplan, and Aronoff, Cincinnati, OH, for Shire Richwood Inc., Defendant.

Frank Chester Woodside, Cincinnati, OH, James W. Gewin, Bradley, Arant, Rose and White, Birmingham, AL, for Modern Wholesale Drug Co. Inc., f/k/a Rugby Laboratories Inc., Defendant.

Michael K. Choy, John W. Scott, Haskell, Slaughter, Young, Johnston and Gallion, Birmingham, AL, for Geneva Pharmaceuticals, Inc., Defendant.

Gary B. Cutler, Independence Square West, Phila, PA, Nessa B. Math, Margolis, Edelstein and Scherlis, Phila, PA, William C. Wood, Norman, Fitzpatrick, Wood, Parker and Kendrick, Birmingham, AL, for Carnall Company, Defendant.

Lawrence B. Clark, (See above), for King Pharmaceuticals, Inc., Defendant.

*MEMORANDUM AND PRETRIAL ORDER NO. 769*

BECHTLE, J.

*1 Presently before the court are plaintiffs Maggie M. Chaney's, Betty J. Williams', Leroy T. Trotter's, John E. Reed's, James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders', Catherine Herman's and Mary C. Smith's ("Plaintiffs") motion to remand the above civil action to state court and defendants A.H. Robins Company, Inc. ("Robins") and Wyeth-Ayerst Laboratories Division of American Home Products Corporation ("Wyeth") responses thereto. [FN1] For the following reasons, the court will deny Plaintiffs' motion to remand and will drop certain Plaintiffs from this civil action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

> FN1. Plaintiffs have also filed several unopposed motions relating to this civil action that do not require discussion in the court's Memorandum. The court will identify and rule on those motions in the accompanying Order.

I. *BACKGROUND*

On January 15, 1998, Plaintiffs filed this civil action in the Circuit Court of Montgomery County, Alabama. [FN2] On February 17, 1998, Robins and Wyeth filed a notice of removal to the United States District Court for the Middle District of Alabama, Northern Division. The removal was based upon complete diversity of citizenship under 28 U.S.C. § 1332. [FN3] While this civil action was pending before the Middle District of Alabama, Plaintiffs filed an Amended Complaint. Additionally, Plaintiffs filed a motion to remand the action back to state court. Subsequently, the Judicial Panel on Multidistrict Litigation transferred this civil action to this transferee district court for inclusion in MDL No. 1203.

> FN2. The Complaint asserts only state common law claims and no federal claims are presented.

> FN3. That statute provides:
> The district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in Section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
(Cite as: 1999 WL 554584 (E.D.Pa.))

28 U.S.C. § 1332(a).

## II. *DISCUSSION*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court for the district and division embracing the place where such action and is pending." 28 U.S.C. § 1441(a). An action based upon diversity shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought ." 28 U.S.C. § 1441(b). Thus, only if an action could have originally been brought in federal court may it be removed from state court to federal court. The removing party bears the burden of establishing federal jurisdiction. *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990). The removal statute is "strictly construed against removal" and all doubts are resolved in favor of remand. *Id.* The existence of diversity jurisdiction is generally determined by analyzing the plaintiff's complaint. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985).

### A. *Defendants' Compliance with 28 U.S.C. § 1446*

Plaintiffs assert that Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446, which requires all joined defendants to join in the notice of removal within thirty days of service of the initial pleading. [FN4] 28 U.S.C. § 1446(b). Defendant Abana Pharmaceuticals, Inc. ("Abana") was served with Plaintiffs' initial pleading on January 22, 1998. Plaintiffs assert that Abana did not consent to or join in the notice of removal within thirty days of that date. Abana filed its notice of joinder in the removal on February 23, 1998. Plaintiffs are correct that February 23, 1998, on its face, falls outside of the prescribed thirty day time period. February 23, 1998 was exactly thirty-two days measured from January 22, 1998. However, the thirtieth day measured from January 22, 1998 was Saturday, February 21, 1998. Federal Rule of Civil Procedure 6(a) governs the computation of the time period set forth in 28 U.S.C. § 1446(b). *Medina v. Wal-Mart Stores, Inc.,* 945 F.Supp. 519, 521 (W.D.N.Y.1996); *Barton v. Lloyds of London,* 883 F.Supp. 641, 642 n. 3 (M.D.Ala.1995); *Aguado v. Milwaukee Elec. Tool Corp.,* C.A. 90-0159, 1990 WL 18817, at *2 (E.D.Pa. Feb. 26, 1990). Rule 6(a) provides that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, ... in which

event the period runs until the end of the next day which is not one of the aforementioned days a Saturday, a Sunday, or a legal holiday." Fed.R.Civ.P. 6(a). Because Abana's time period for filing their joinder in the notice of removal ended on a Saturday, filing the notice on Monday, February 22, 1998, was permissible. The court finds that Defendants complied with the procedural requirements of 28 U.S.C. § 1446.

> FN4. Plaintiffs do not challenge any other aspect of any Defendants' compliance with 28 U.S.C. § 1446.

### B. *Diversity of Citizenship and Fraudulent Joinder*

**\*2** Plaintiffs ask the court to remand this action to state court because at least one of the Plaintiffs is a citizen of the same state as one of the Defendants. [FN5] Diversity jurisdiction only exists when all plaintiffs are citizens of different states than that of all defendants named in the action. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806). On the face of the Complaint, complete diversity does not exist. However, Robins and Wyeth assert that certain Plaintiffs were fraudulently misjoined in this action to defeat diversity jurisdiction. They request that the court sever the claims of the non-diverse Plaintiffs and retain jurisdiction over the remaining Plaintiffs' claims.

> FN5. Plaintiffs' Evelyn Turner and Mary C. Smith and defendants Medeva Pharmaceuticals, Inc. and Ion Laboratories, Inc. are citizens of Texas. (Compl. ¶¶ 12, 15, 23 and 24.) Additionally, plaintiff Catherine Herman and defendants Gate Pharmaceuticals and Smithkline Beecham Corporation are citizens of Pennsylvania. (Compl. ¶¶ 14, 16 and 17.) Finally, plaintiff Virginia Hassell and defendant Wyeth are citizens of New Jersey. (Comp. ¶ 11, Def.'s Notice of Removal ¶ 13.)

#### 1. Fraudulent Joinder

The doctrine of fraudulent joinder allows the court to disregard parties that are fraudulently joined in a civil action when determining whether complete diversity of citizenship exists. The doctrine recognizes that although plaintiffs are normally free to choose their own forum, a party may not be joined "solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999); *Pampillonia v. RJR Nabisco,*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 4
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

*Inc.,* 138 F.3d 459, 460-61 (2d Cir.1998); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996).* Parties must have some connection to the controversy if their joinder will defeat diversity jurisdiction. *See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)* (holding that "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). In the diversity context, a district court examining fraudulent joinder is not required to find fraud in the common law sense of that term. *Katz v. Costa Armatori, S.p.A.,* 718 F.Supp. 1508, 1513 (S.D.Fla.1989); *see also Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979) (explaining that fraudulent joinder "does not reflect on the integrity of plaintiff or counsel ... but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists"). Accordingly, the court is not required to delve into the subjective intent behind the preparation or structure of the plaintiff's pleadings. When conducting a fraudulent joinder analysis, the court looks to the plaintiff's complaint at the time the petition for removal was filed and assumes all factual allegations contained in the complaint to be true. *Batoff,* 977 F.2d at 851-52. Additionally, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity jurisdiction has a "heavy burden of persuasion." *Boyer,* 913 F.2d at 111.

Fraudulent joinder may be established where a defendant shows "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." *Boyer,* 913 F.2d at 111. Fraudulent joinder may also be established if "there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir.1998). In *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996), the Eleventh Circuit recognized a third circumstance in which fraudulent joinder can be found. In *Tapscott,* the court stated that "misjoinder can be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott,* 77 F.3d at 1360. Defendants do not argue that outright fraud is present in Plaintiffs' pleading of jurisdictional facts or that Plaintiffs cannot prove a claim against a nondiverse defendant. Instead, Defendants ask the court to apply *Tapscott's* egregious joinder analysis to this case.

*3 In *Tapscott,* the court, relying on *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921), held that plaintiffs' attempt to join certain defendants in the same civil action was so egregious as to constitute fraudulent joinder because the transactions between certain plaintiffs and defendants had "no real connection" to the transactions involving the other parties. *Tapscott,* 77 F.3d at 1360. In so holding, the court did not find that any misjoinder could be labeled fraudulent. *Id.* In order to be considered fraudulent under *Tapscott* there must be an "egregious misjoinder." [FN6] *Id.* As the court will discuss below, the plaintiffs in this civil action are clearly misjoined under Federal Rule of Civil Procedure 20(a). However, before reaching that issue the court must find that the joinder is so egregious that it constitutes fraudulent joinder because it wrongfully deprives Defendants the right of removal. *See Alabama Southern Railway Co. v. H.C. Thompson,* 200 U.S. 206, 218 (1906) (stating that "[f]ederal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the [f]ederal courts of the protection of their rights in those tribunals").

> FN6. The court notes that although the facts of *Tapscott* concerned the misjoinder of certain defendants, the reasoning of that case has been applied to find that the egregious misjoinder of plaintiffs may also constitute fraudulent joinder. *See Lyons v. American Tobacco Co.,* No. 96-0881, 1997 WL 809677, at *4 (S.D.Ala. Sept. 30, 1997) (finding plaintiffs fraudulently misjoined); *Koch v. PLM Int'l, Inc.,* No. 97- 0177, 1997 WL 907917, at *4 (S.D.Ala. Sept. 24, 1997) (same).

Initially, the court agrees with *Tapscott* in that a finding of mere misjoinder does not itself warrant a finding of fraudulent misjoinder. [FN7] *Tapscott,* 77 F.3d at 1360. However, the pleading presently before the court goes well beyond mere misjoinder. In the instant pleading, Plaintiffs attempt to join persons from seven different states into one civil action who have absolutely no connection to each other except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs. Plaintiffs do not allege that they took the same drug or combination of drugs. Further, Plaintiffs do not allege that they received the drugs from the same source or any other similar connection. The Complaint was originally filed in Montgomery County, Alabama. Only two of the nine remaining Plaintiffs reside in Alabama. [FN8] Two Plaintiffs

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

are listed as residents of Texas. The remaining Plaintiffs are listed as citizens of California, Florida, New Jersey, North Carolina and Pennsylvania. The nonresident Plaintiffs do not allege any contact with Alabama. Additionally, Plaintiffs do not allege that they received or purchased diet drugs in Alabama or from a source located in Alabama. Defendants correctly argue that Plaintiffs fail to point to any logical basis for the proposed joinder of the nonresident Plaintiffs . [FN9] That argument is particularly compelling when most of the nonresident Plaintiffs reside in a jurisdiction in which at least one Defendant is a citizen. Indeed, the court finds that the structure of this pleading is devoid of any redeeming feature as respects the underlying purposes of the joinder rules. The joinder rules are designed "to promote trial convenience and expedite the final determination of disputes." _Saval v. BL Ltd.,_ 710 F.2d 1027, 1031 (4th Cir.1983) (citing _Mosley v. General Motors Corp.,_ 497 F.2d 1330 (8th Cir.1974)). The joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process. Given Plaintiffs' vast geographic diversity and lack of reasonable connection to each other, the court finds that the attempted joinder of the nonresident Plaintiffs wrongfully deprives Defendants of their right of removal.

> FN7. That view is consistent with the notion that the Federal Rules of Civil Procedure shall not be construed to extend the jurisdiction of federal district courts. Fed.R.Civ.P. 82.

> FN8. Eleven Plaintiffs were listed on the Complaint. On February 22, 1999, the court entered Pretrial Order No. 479, dismissing plaintiffs John Reed and Leroy Trotter from the action.

> FN9. The court also finds that joinder of these plaintiffs would be improper under the Alabama Rules of Civil Procedure. The Alabama Rules of Civil Procedure regarding joinder of parties are virtually identical to the Federal Rules of Civil Procedure that govern joinder of parties in federal court. Ala. R. Civ. P. 20. Additionally, like its Federal counterpart, the Alabama joinder

rule is intended to promote trial convenience and limit prejudice to the parties involved. _Turpin Vise Ins. Agency. Inc. v. Foremost Ins. Co.,_ 705 So.2d 368, 370-71 (Ala.1997). Accordingly, the court's reasoning discussed below supports a finding that joinder of these plaintiffs in a single civil action would be improper under the Alabama Rules. _See also City of Birmingham v. City of Fairfield,_ 396 So.2d 692, 696 (Ala.1981) (stating that because Alabama procedural rules are modeled after federal procedural rules, Alabama courts look to federal court decisions for guidance when construing Alabama Rules).

**\*4** Because the court finds that the Plaintiffs that destroy diversity jurisdiction are fraudulently joined it may ignore the citizenship of the those parties and exercise jurisdiction over this civil action. Once the court properly exercises jurisdiction, the Federal Rules of Civil Procedure may be applied to shape this civil action to one that comports with those Rules. Accordingly, the court will exercise its discretion under Federal Rule of Civil Procedure 21 and dismiss the non-diverse Plaintiffs' claims without prejudice. Additionally, the court will examine the propriety of joining the remaining two Plaintiffs in a single civil action. [FN10]

> FN10. The remaining two Plaintiffs, Chaney and Williams, are Alabama citizens. According to the certified copy of the docket for this civil action forwarded to this court by the United States District Court for the Middle District of Alabama, Plaintiffs filed an Amended Complaint on April 16, 1998, after several defendants filed answers, naming Qualitest Pharmaceuticals, Incorporated ("Qualitest") as a defendant. Qualitest is also an Alabama citizen which would destroy diversity jurisdiction. However, on March 22, 1999, both Chaney and Williams filed motions to dismiss Qualitest and certain other defendants from this civil action. The court will grant those motions removing the diversity destroying defendant from this civil action.

2. Permissive Joinder of Remaining Plaintiffs

Plaintiffs assert that they are properly joined in this action under Federal Rule of Civil Procedure 20(a). [FN11] Joinder of plaintiffs under Rule 20(a) is proper if the right asserted arises "out of the same

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

transaction, occurrence, or series of transactions or occurrences" and if there is a "question of law or fact common to all these persons" arising in the action. Fed.R.Civ.P. 20(a). Plaintiffs argue that Rule 20(a) is satisfied because all plaintiffs were "harmed by diet drugs manufactured, marketed, and sold by the defendants." (Pls.' Mem. Supp. Mot. to Remand at 7.) They further assert that "the facts pertaining to the Defendants' conduct are common to all of the Plaintiffs" and "the legal issues of duty, breach of duty, proximate cause and resulting harm are common to all of the Plaintiffs." *Id.* Plaintiffs also argue that their respective purchases of phentermine, dexfenfluramine and fenfluramine are a series of transactions that satisfy the transaction or occurrence requirement of Rule 20(a). The court recognizes that there may be questions of law and fact that are common to these Plaintiffs regarding their respective claims against Defendants. However, the court disagrees with Plaintiffs' assertions that their respective purchases and ingestion of diet drugs, as presently alleged, are a series of transactions or occurrences which satisfy Rule 20(a).

> FN11. Rule 20(a) states in relevant part:
> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.
> Fed.R.Civ.P. 20(a).

To satisfy Rule 20(a)'s transaction or occurrence requirement, "the central facts of each plaintiff's claim [must] arise on a somewhat individualized basis out of the same set of circumstances." *In re Orthopedic Bone Screw Prod. Liab. Litig.,* MDL No. 1014, 1995 WL 428683, at *2 (E.D.Pa. July 17, 1995). The claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the transaction or occurrence requirement. *See Simmons v. Wyeth Lab., Inc.,* No. 96-6631, 1996 WL 617492, at *4 (E.D.Pa. Oct. 24, 1996) (severing misjoined plaintiffs under similar circumstances). The remaining Plaintiffs, who are both Alabama residents, do not allege that they purchased or received diet drugs from an identical source. However, because these remaining Plaintiffs are Alabama citizens it is possible they purchased or received diet drugs from the same source. The court will not sever these plaintiffs at this time. Rather, for

the reasons explained below the court will defer that decision to the appropriate transferor court upon remand by the Judicial Panel on Multidistrict Litigation ("JPML").

**\*5** The court notes that several other Complaints transferred to this court for inclusion in MDL No. 1203 list multiple plaintiffs in a single civil action. In order to efficiently direct the court's resources to the pretrial coordination efforts that it was designated to perform, the court is not inclined at this stage of the litigation to address the propriety of joinder, except in the most egregious cases. This case, with eleven Plaintiffs selected from seven different states where, coincidentally, a number of Defendants also have citizenship seems to have been an innovative, but unwise, pleading strategy that interferes with the court's ability to administer this case for pretrial purposes. Cases that do not present similarly objectionable elements will not likely be candidates for misjoinder consideration in this transferee court. Rather, such objections should be raised in the transferor districts upon remand by the JPML.

### III. *CONCLUSION*

For the foregoing reasons, the court will deny Plaintiffs' motion to remand the civil action back to state court and drop certain Plaintiffs from this civil action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

An appropriate Order follows.

### *PRETRIAL ORDER NO. 769*

AND NOW, TO WIT, this 16th day of July, 1999, upon consideration of plaintiff Maggie M. Chaney's, Betty J. Williams', Leroy T. Trotter's, John E. Reed's, James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders', Catherine Herman's and Mary C. Smith's motion to remand, IT IS ORDERED that said motion is DENIED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 21, Plaintiffs James F. Barthel, Virginia Ann Hopps, Virginia Hassell, Evelyn Turner, Deborah Saunders and Catherine Herman are DROPPED from this civil action as follows:

(1) dropped plaintiffs have thirty (30) days from the date of this Order to file a new complaint, in a proper venue, containing the claims that they pled in their original complaints;
(2) dropped plaintiffs shall not name new or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 7
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
(Cite as: 1999 WL 554584 (E.D.Pa.))

additional defendants in any complaints filed pursuant to this Order, but a plaintiff may name fewer defendants;

(3) when a new complaint is filed, if filed in federal court, plaintiff's counsel shall notify the Judicial Panel on Multidistrict Litigation ("JPML") that the new civil action is a potential tag-along action and has been filed. Plaintiff's counsel shall also forward to the JPML a copy of both the newly filed complaint and the docket sheet for each action;

(4) defendants shall not file any notices of opposition with the Clerk of the JPML with regard to the JPML's entry of a conditional transfer order to this district for inclusion in MDL No. 1203 for any of the potential tag-along actions filed pursuant to this Order;

(5) dropped plaintiffs are deemed to have ongoing MDL No. 1203 actions currently before this court for all purposes during the time period between the date of this Order and any filing under this Order of a new complaint and while their actions are in the process of being transferred as tag-along actions to this court. Dropped plaintiffs continue to be under the obligation to furnish required case-specific discovery on a timely basis;

*6 (6) dropped plaintiffs who choose not to file new civil actions in federal court within the thirty (30) day period will have their actions dismissed with prejudice by the court unless such plaintiff notifies this court, in writing, within the same thirty (30) day period that a new civil action has been filed in a state court;

(7) after the expiration of the thirty (30) day time period for filing of new complaints for dropped plaintiffs, upon being advised in writing as to which of the dropped plaintiffs have filed new complaints the court will enter an order dismissing those plaintiffs from this civil action without prejudice; and

(8) for the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order shall be deemed to relate back to the date that any dropped plaintiff originally filed his or her complaint in so far as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants.

IT IS FURTHER ORDERED that:

(1) plaintiff Maggie M. Chaney's motion to dismiss (document # 200748) defendants Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA, Inc., Jones Medical Industries, Inc. f/k/a/ Abana Pharmaceuticals, Inc., Richwood Pharmaceutical Company, Inc. a/k/a/ Shire Richwood, Inc., Ion Laboratories, Inc., Medeva Pharmaceuticals, Inc., Goldline Laboratories, Inc., Qualitest Pharmaceuticals, Inc., Zenith Goldline Pharmaceuticals, Inc., United Research Laboratories, Inc., Modern Wholesale Drug Co. Inc. f/k/a Rugby Laboratories, Inc., Geneva Pharmaceuticals, Inc., Camall Company and King Pharmaceuticals without prejudice is GRANTED.

(2) plaintiff Betty Williams' motion to dismiss (document # 200748) defendants Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA, Inc., Smithkline Beecham Corporation, Jones Medical Industries, Inc. f/k/a/ Abana Pharmaceuticals, Inc., Richwood Pharmaceutical Company, Inc. a/k/a/ Shire Richwood, Inc., Ion Laboratories, Inc., Medeva Pharmaceuticals, Inc., Qualitest Pharmaceuticals, Inc., United Research Laboratories, Inc., Modern Wholesale Drug Co. Inc. f/k/a Rugby Laboratories, Inc., Geneva Pharmaceuticals, Inc., Camall Company and King Pharmaceuticals without prejudice is GRANTED.

(3) plaintiffs James F. Barthel's, Virginia Ann Hopps', Virginia Hassell's, Evelyn Turner's, Deborah Saunders's and Catherine Herman's motions to dismiss certain Phentermine Defendants (document # 200748) are DENIED AS MOOT.

(4) plaintiff Mary Smith's motion for voluntary dismissal without prejudice (document # 200749) is GRANTED.

(5) Qualitest Pharmaceuticals Inc.'s motion to dismiss and motion to file a reply (document # 200258) are DENIED AS MOOT.

(6) Plaintiffs' motion to dismiss defendant Upjohn Company (document # 200750) is GRANTED.

(7) Plaintiffs' motion to dismiss defendant Geneva Pharmaceuticals, Incorporated (document # 200874) is GRANTED.

### Motions, Pleadings and Filings <u>(Back to top)</u>

• 2001 WL 34133956 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation%7Ds Response to Elliot Palay%7Ds Motion to Exercise Initial OPT-OUT and to Rescind His Accelerated Implementation OPT-OUT contract (Jun. 14, 2001)

• 2001 WL 34133957 (Trial Motion, Memorandum and Affidavit) Class Counsel%7Ds Response to Claimants%7D Motion to Exercise an Initial OPT-

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
(Cite as: 1999 WL 554584 (E.D.Pa.))

OUT Right; Motion to Rescind the Contract (Failure to Comply With an Essential Condition of the Contract, Breach of a Material Contrctual Term, Failure of Consideration, Bre ach of Duty of Good Faith and Fair Dealing) Allowing Claimant to Pursue compensatory as Well as Punitive Damage Claims Against Defendant AHP With No Statute of Limitations BAR (May. 18, 2001)

• 2001 WL 34133965 (Trial Motion, Memorandum and Affidavit) (Mar. 05, 2001)

• 2001 WL 34129540 (Trial Motion, Memorandum and Affidavit) Motion to Request a Hearing (Mar. 01, 2001)

• 2001 WL 34129541 (Trial Motion, Memorandum and Affidavit) Hmo Louisiana, Comed Medical Expense Fund and Central States Health and Welfare Benefit Fund's Objections to and Motion to Vacate Court Approved Procedure No.1 (Mar. 01, 2001)

• 2001 WL 34129542 (Trial Motion, Memorandum and Affidavit) Hmo Louisiana, Comed Medical Expense Fund, and Central States Health & Welfare Benefits Fund's Motion to Enjoin the Ahp Settlement Trust from Disbursing any Funds to Individual Claimants and to Stay all Proceedings Regarding the Allocation of Damages Awards from Either Fund a or Fund B (Mar. 01, 2001)

• 2001 WL 34133953 (Trial Motion, Memorandum and Affidavit) Plaintiffs%7D Memorandum of Law in Support of the Joint Motion to Require the Ahp Settlement Trust to Commence Distribution of the Proceeds of Settlement Notwithstanding the %7F%7FPosition%7D%7D Asserted by the United States (Feb. 26, 2001)

• 2001 WL 34129543 (Trial Motion, Memorandum and Affidavit) Motion and Memorandum for Intervention (Feb. 08, 2001)

• 2001 WL 34131304 (Trial Motion, Memorandum and Affidavit) HMO Louisiana's Motion to Stay Local Rule 23.1 Class Certification Briefing (Jan. 11, 2001)

• 2000 WL 34016472 (Trial Motion, Memorandum and Affidavit) Dunn Objectors%7D Memorandum in Further Support of Motion to Require Disclosure with Respect to Post-Approval Settlements by Class Counsel (Dec. 01, 2000)

• 2000 WL 34016445 (Trial Filing) Pretrial Order

No. 1516 (Nov. 22, 2000)

• 2000 WL 34016444 (Trial Filing) Pretrial Order No. 1488 (Nov. 06, 2000)

• 2000 WL 34016474 (Trial Motion, Memorandum and Affidavit) Response of Dunn Objectors to Class Counsels%7D Motion to Impose a Supersedeas Bond Requirement for the Filing of an Appeal (Nov. 06, 2000)

• 2000 WL 34016469 (Trial Motion, Memorandum and Affidavit) Hmo Louisiana%7Ds Motion to Stay Local Rule 23.1 Class Certification Briefing (Oct. 27, 2000)

• 2000 WL 34016475 (Trial Motion, Memorandum and Affidavit) Memorandum of Jane Scuteri, et al., in Opposition to Class Counsels%7D Motion to Impose a Bond Requirement on Objectors for the Filing of an Appeal (Oct. 24, 2000)

• 2000 WL 34016443 (Trial Filing) Pretrial Order No. 1433 (Sep. 15, 2000)

• 2000 WL 34016467 (Trial Motion, Memorandum and Affidavit) Motion to Intervene and for Rehearing on Pretrial Order No. 1415 (Sep. 09, 2000)

• 2000 WL 34015561 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation Defendants' Motion to Strike Class Action Allegations from Complaint (Sep. 07, 2000)

• 2000 WL 34015562 (Trial Motion, Memorandum and Affidavit) American Home Products Corporation's M otion f or P rotective O rder ( Sep. 0 7, 2000)

• 2000 WL 34016466 (Trial Motion, Memorandum and Affidavit) Movant%7Ds Memorandum in Support of Motion to Intervene and for Rehearing (Sep. 06, 2000)

• 2000 WL 34016464 (Trial Motion, Memorandum and Affidavit) The Flaintiffs%7D Management Committee%7Ds Response and Concurrence in Interneuron Pharmaceuticals, Inc.%7Ds Amended Motion for Return of Funds (Aug. 29, 2000)

• 2000 WL 34016463 (Trial Motion, Memorandum and Affidavit) Interneuron Pharmaceuticals, Inc.%7Ds Amended Motion for Return of Funds (Aug. 24, 2000)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 9
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**

• 2000 WL 34016458 (Trial Motion, Memorandum and Affidavit) Class Counsels%7D Memorandum in Support of Final Settlement Approval (Apr. 21, 2000)

• 2000 WL 34019582 (Trial Motion, Memorandum and Affidavit) Fleming Objectors' Bench Brief to the Court for the Fairness Hearing (Apr. 14, 2000)

• 2000 WL 34016456 (Trial Motion, Memorandum and Affidavit) Fleming Objectors%7D memorandum in Support of Objections and Motion to Disapprove the Settlement Agreement (Mar. 30, 2000)

• 2000 WL 34016482 (Trial Pleading) Objection of Vicki Dunn, et al., to Proposed Class Action Settlement (Mar. 30, 2000)

• 2000 WL 34016476 (Trial Motion, Memorandum and Affidavit) (Mar. 29, 2000)

• 2000 WL 34016449 (Trial Motion, Memorandum and Affidavit) Defendant American Home Products Corporation%7Ds Memorandum in Opposition to HMO Louisiana%7Ds Motion to Intervene for the Purpose of Objecting to the Proposed Settlement and Conditional Class Certification (Feb. 14, 2000)

• 2000 WL 34016450 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs Response to the Motion of Paul J. Napoli, Marc Jay Bern, and Napoli, Kaiser & Bern for an Order Striking Plaintiffs%7D Motion for an Order to Show Cause, Etc. (Feb. 01, 2000)

• 1999 WL 33644421 () (Dec. 22, 1999)

• 1999 WL 33740591 (Trial Motion, Memorandum and Affidavit) Motion to Intervene by Certain Health Benefit Providers for Purposes of Requesting Clarification of, and Objecting to, the Proposed Interneuron Agreement of Compromise and Settlement (Feb. 28, 1999)

• 1999 WL 33740476 (Trial Motion, Memorandum and Affidavit) Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(b)(1)(B) (Feb. 23, 1999)

• 1999 WL 33740493 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(b)(1)(B) (Feb. 23, 1999)

• 1999 WL 33740479 (Trial Motion, Memorandum

and Affidavit) Plaintiff's Response to State Court Intervenor's Motion for Summary Judgment Denying Class Certification Under Rule 23(a)(4) (Feb. 22, 1999)

• 1999 WL 33740474 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Management Committee's Motion to Strike Objections of Margaret L. Watson to the Proposed Interneuron Limited Fund Class Settlement or in the Alternative to Compel the Deposition of Margaret L. Watson in Philadelphia Prior to February 19, 1999 or Suffer the Sanction of the Objections Being Deemed Stricken (Feb. 16, 1999)

• 1999 WL 33740469 (Trial Motion, Memorandum and Affidavit) State Court Intervenors' Motion for Summary Judgment Denying Class Certification Under Rule 23(a)(4) (Feb. 09, 1999)

• 1999 WL 33740477 (Trial Motion, Memorandum and Affidavit) Objections of Smithkline Beecham Corporation to Proposed Settlement and Request for Time to Speak at Hearing (Feb. 08, 1999)

• 1999 WL 33740478 (Trial Motion, Memorandum and Affidavit) Comments, Objections, Suggestions and Request to Speak of the Blue Cross/ Blue Shield Plans as to the Proposed Interneuron Mandatory Limited Fund Class Action Settlement (Feb. 04, 1999)

• 1998 WL 34190437 (Trial Motion, Memorandum and Affidavit) Defendant Les Laboratoires Servier's Motion to Dismiss for Lack of Personal Jurisdiction and for Forum Non Conveniens (Dec. 21, 1998)

• 1998 WL 34190439 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Patti Jo Hellmig's Motion to Intervene (Dec. 04, 1998)

• 1998 WL 34190456 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Patti Jo Hellmig's Motion to Intervene (Dec. 04, 1998)

• 1998 WL 34190427 (Appellate Petition, Motion and Filing) Plaintiffs Carol and Armond Aserinsky's Response to PMC's Petition to Set Aside Money for Counsel Fees and Costs in MDL 1203 and to Remand This Case for Trial (Nov. 12, 1998)

• 1998 WL 34190450 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs Carol and Armond Aserinsky's Response to PMC's Petition to Set Aside Money for Counsel Fees

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 10
Not Reported in F.Supp.2d, 1999 WL 554584 (E.D.Pa.)
**(Cite as: 1999 WL 554584 (E.D.Pa.))**


and Costs in MDL 1203 and to Remand this Case for
Trial (Nov. 12, 1998)


•            2:98cv20478_____(Docket)
(Jun. 12, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 21276425 (S.D.N.Y.)
**(Cite as: 2003 WL 21276425 (S.D.N.Y.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
In re: REZULIN PRODUCTS LIABILITY
LITIGATION (MDL No. 1348)
**No. MDL 1348, 00 Civ. 2843(LAK).**

June 2, 2003.

PRETRIAL ORDER NO. 150

KAPLAN, J.

*1 This Document Relates to: 02 Civ. 6812(LAK)

(Motions to Remand--*Lusteck* )
This action was brought in a Mississippi state court,
removed to federal court on the basis of diversity
notwithstanding the presence of a non-diverse
physician defendant, and transferred to this Court.
Plaintiff moves to remand on the ground that the
physician defendant deprives the Court of complete
diversity.

The complaint against the physician is for medical
malpractice (count II) and breach of express and
implied warranty that Rezulin was safe and effective
(counts V and VI). Counts V and VI are asserted also
against the drug's manufacturer. The alleged
malpractice was the physician's alleged negligent
failures to (1) conduct liver and cardiac monitoring
even after physicians were warned of the risk of liver
and cardiac damage, (2) warn plaintiff of the risks
associated with Rezulin and (3) diagnose plaintiff's
liver dysfunction in time to prevent irreparable
injury. (Cpt ¶¶ 26-28)

Magistrate Judge Katz, in a report and
recommendation dated April 28, 2003, concluded
that plaintiff had no meaningful possibility of success
against the doctor on counts V, VI, and the failure to
warn and monitor claims in count II, but thought the
failure to diagnose malpractice claim sufficient, albeit
misjoined with the claims against the manufacturers
and other defendants in this case. He therefore

recommended severance and remand of the
malpractice claim to the state court, that the doctor be
dropped as a defendant here, and that the motion to
remand otherwise be denied. Plaintiff objects,
arguing that the physician was joined properly, that
the sufficiency of the malpractice claim against him
destroys diversity, that the physician in any case did
not join in the removal as required, and that the entire
action therefore should be remanded.

Everything turns on the propriety of the joinder of
the physician. The malpractice claim here is based in
substance on the physician's failure to diagnose
plaintiff's alleged liver dysfunction. The breach of
warranty and other claims go principally to the safety
and efficacy of the drug and have little if anything to
do with the malpractice claim. For the reasons set
forth by the Magistrate Judge, the joinder of the
malpractice claim with the others was inappropriate
because the claims do not both involve common
questions of law or fact and assert "joint, several, or
alternative liability ... arising from the same
transaction, occurrence, or series of transactions or
occurrences." Fed.R.Civ.P. 20. *Accord, e.g., Lee v.
Mann,* 2000 WL 724046, at *2 (Va.Cir.Ct. Apr. 5,
2000) (claims against drug manufacturer and
malpractice claim against prescribing physician did
"not arise out of the 'same transaction or occurrence'
"). Plaintiff has no meaningful prospect of success on
the other claims against the physician.

Accordingly, the Court adopts the report and
recommendation of the Magistrate Judge. The motion
to remand is granted to the extent, and only to the
extent, that Count II of the complaint is severed and
remanded to the Court from which it was removed.
Dr. Evans is dropped as a defendant on the balance of
the complaint. The motion to remand is denied in all
other respects.

*2 SO ORDERED.

Not Reported in F.Supp.2d, 2003 WL 21276425
(S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2973888 (Trial Motion, Memorandum
and Affidavit) Defendants' Memorandum of Law in
Support of Their Motion for Summary Judgment as

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21276425 (S.D.N.Y.)
**(Cite as: 2003 WL 21276425 (S.D.N.Y.))**

Page 2

to Claims for Certain Side-Effects Warned About in the Adverse Reactions Table of the Rezulin Labeling (Jan. 06, 2004)

• 2003 WL 23951442 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims Asserted by Plaintiff Orlean Maxwell (Nov. 07, 2003)

• 2003 WL 23951439 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims (Aug. 07, 2003)

• 2001 WL 34133941 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Pec's Petition for an Order Securing an Equitable allocation of Counsel Fees and Costs for Common Benefit Work (May. 14, 2001)

• 2001 WL 34133949 (Trial Filing) Pretrial Order No. 19 (May. 14, 2001)

• 2001 WL 34133975 (Appellate Petition, Motion and Filing) Pec%7Ds Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for Common Benefit Work (May. 14, 2001)

•                1:00cv02843              (Docket) (Apr. 13, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT I

Westlaw.

Not Reported in S.E.2d                                                                 Page 1
Not Reported in S.E.2d, 51 Va. Cir. 465, 2000 WL 724046 (Va. Cir. Ct.)
**(Cite as: 2000 WL 724046 (Va. Cir. Ct.))**

C

Circuit Court of Virginia.
Kathy LEE (Formerly known as Kathy Lee Douglas)
v.
H. Thompson MANN, M.D., et al.
**No. LE-424-1.**

April 5, 2000.

Dear Counsel:

HUGHES, J.

*1 As you know the plaintiff has asked the court to reconsider the ruling made in October finding misjoinder of the defendants.

Briefly, plaintiff has brought claims against the defendants, a doctor and pharmaceutical manufacturer, for injuries received from the use of a diet drug. The doctor defendant prescribed the drug. The manufacturer produced the drug for sale in the marketplace.

Plaintiff asserts, *inter alia,* that the defendants are joint tortfeasors whose actions brought about a single indivisible injury. Defendants assert that they are misjoined because any liability that may be found against either would not be a basis for liability as to the other. Essentially, the claim against the doctor is for medical malpractice in prescribing the drug. The claim against the manufacturer is for products liability where the claims are founded upon negligence failure to warn breach of express and implied warranty etc.

Both sides rely on *Fox v. Deese,* 234 Va. 412 (1987). There, the court dealt with questions of misjoinder of the parties defendant and causes of actions. The court said:

> In *Norfolk Bus Term.,* we stated that 'under our system of pleading, unless the acts of independent tort-feasors concur in producing a single indivisible injury or damage, they may not be sued jointly in a single action.'
> *Norfolk Bus Term.,* however, was decided before the 1954 enactment of Code § 8.01-272 and before the 1974 enactment of Code § 8.01-281. Code § 8.01-272 provides in pertinent part:
> In any civil action, a party may plead as many matters, whether of law or fact, as he shall think

necessary. A party may join a claim in tort with one i n c ontract p rovided t hat a ll c laims s o j oined arise out of the same transaction or occurrence. The court, in its discretion, may order a separate trial for any claim.

Code § 8.01-281 provides in pertinent part:

> A. A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... so joined arise out of the same transaction or occurrence....
> B. The court may, upon motion of any party, order a separate trial of any claim ... and of any separate issue or of any number of such claims....

In addition, Rule 1:4(k) provides in pertinent part:

> A party asserting ... a claim ... may plead alternative facts and theories of recovery against alternative parties, provided that such claims ... arise out of the same transaction or occurrence. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims ... as he has regardless of consistency and whether based on legal or equitable grounds.
> The foregoing statutes and rule represent a radical departure from the common-law pleading rule stated in *Norfolk Bus Term.*

*2 *Id.* at 422-423. *(alterations in original) (quoting Norfolk Bus Term. v. Sheldon,* 188 Va. 288, 296 (1948) ( *internal citation omitted) and citing Tanner v. Culpeper C. Co.,* 117 Va. 154 (1915); *McMullin v. Church,* 82 Va. 501 (1886).

Here, the facts alleged causing injury do not arise out of the "same transaction or occurrence." The court will adhere to the prior ruling.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.